# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PPS DATA, LLC,<br><br>                          Plaintiff,<br><br>vs.<br><br>JACK HENRY & ASSOCIATES, INC.,<br><br>                          Defendant. | Civil Action No.: 2:18-cv-00007-JRG<br><br>**JURY TRIAL DEMANDED** |

## JACK HENRY & ASSOCIATES, INC.'S ANSWER TO PPS DATA, LLC'S COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM

Defendant Jack Henry & Associates, Inc. (JHA) files its Answer to Plaintiff PPS Data, LLC's (PPS Data) Complaint for Patent Infringement, denies all allegations not specifically admitted herein, and further answers as follows:

## I.   THE PARTIES

1. JHA is without sufficient information to admit or deny the allegations in Paragraph 1, and therefore denies all allegations therein.

2. Admitted.

## II.   JURISDICTION AND VENUE

3. JHA admits the Complaint states an action for patent infringement under the patent laws of the United States. JHA admits this Court has subject matter jurisdiction over such claims. JHA denies any remaining allegations of Paragraph 3.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is deemed required, JHA states that it does not contest this Court exercising personal jurisdiction over it for the purposes of this action only. JHA denies that it has committed any acts of patent infringement, either directly or indirectly (contributorily or by

inducement), in this District or elsewhere.  JHA denies that it is making, using, selling, offering to sell and/or importing infringing systems, products and/or services, in this District or elsewhere, and denies that it has made, used, sold, offered for sale and/or imported infringing systems, products and/or services, in this District or elsewhere.  JHA denies any remaining allegations of Paragraph 4.

5. Paragraph 5 states legal conclusions to which no response is required.  To the extent a response is deemed required, JHA states that it is not contesting venue in this District for the purposes of this action only.  JHA admits that it has an office at 1021 South Central Expressway, Allen, Texas 75013, but makes no admissions that venue is appropriate in this District.  JHA denies that this District is the most convenient venue for litigation of PPS Data's claims, and reserves the right to assert that a change of venue under 28 U.S.C. § 1404 is appropriate.  JHA denies that it has committed any acts of patent infringement, either directly or indirectly (contributorily or by inducement), in this District or elsewhere.  JHA denies that it has engaged in activities that would give rise to claims for patent infringement, in this District or elsewhere.  JHA denies that it is making, using, selling, offering to sell and/or importing infringing systems, products and/or services, in this District or elsewhere, and denies that it has made, used, sold, offered for sale and/or imported infringing systems, products and/or services, in this District or elsewhere.  JHA denies that any systems, products and/or services that it provides to any customer, in this District or elsewhere, constitute acts of patent infringement or activities that give rise to claims for patent infringement.  JHA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to American State Bank, and therefore denies them.  JHA denies any remaining allegations of Paragraph 5.

**III. BACKGROUND**

6. JHA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies them.

7. JHA states that the '430 patent speaks for itself, and denies the allegations of Paragraph 7 to the extent that they deviate from or otherwise do not accurately reflect or describe the '430 patent. JHA admits that the '430 patent is entitled "Method and System for Processing Financial Instrument Deposits Physically Remote From a Financial Institution." JHA admits that a copy of what purports to be the '430 patent is attached to the Complaint as Exhibit A. JHA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7, and therefore denies them.

8. JHA states that the '106 patent speaks for itself, and denies the allegations of Paragraph 8 to the extent that they deviate from or otherwise do not accurately reflect or describe the '106 patent. JHA admits that the '106 patent is entitled "Method and System for Processing Financial Instrument Deposits Physically Remote From a Financial Institution." JHA admits that a copy of what purports to be the '106 patent is attached to the Complaint as Exhibit B. JHA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8, and therefore denies them.

9. JHA states that the '924 patent speaks for itself, and denies the allegations of Paragraph 9 to the extent that they deviate from or otherwise do not accurately reflect or describe the '924 patent. JHA admits that the '924 patent is entitled "Method and System for Processing Financial Instrument Deposits Physically Remote From a Financial Institution." JHA admits that a copy of what purports to be the '924 patent is attached to the Complaint as Exhibit C. JHA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9, and therefore denies them.

10. JHA states that the '071 patent speaks for itself, and denies the allegations of Paragraph 10 to the extent that they deviate from or otherwise do not accurately reflect or describe the '071 patent. JHA admits that the '071 patent is entitled "Method and System for Processing Financial Instrument Deposits Physically Remote From a Financial Institution." JHA admits that a copy of what purports to be the '071 patent is attached to the Complaint as Exhibit D. JHA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10, and therefore denies them.

11. JHA states that the '956 patent speaks for itself, and denies the allegations of Paragraph 11 to the extent that they deviate from or otherwise do not accurately reflect or describe the '956 patent. JHA admits that the '956 patent is entitled "Method and System for Processing Financial Instrument Deposits Physically Remote From a Financial Institution." JHA admits that a copy of what purports to be the '956 patent is attached to the Complaint as Exhibit E. JHA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11, and therefore denies them.

12. JHA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies them.

13. JHA admits that it provides products and services that enable its customers to process financial transaction and automate their businesses. JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now, and Remote Deposit Scan. JHA otherwise denies the allegations of Paragraph 13 to the extent they misstate or mischaracterize JHA's business, products, and/or services.

14. JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now, and Remote Deposit Scan. JHA otherwise denies the allegations of Paragraph 14 to the extent they misstate or mischaracterize JHA's business, products, and/or services.

**IV.   FIRST CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 7,181,430**

15. JHA repeats and incorporates by reference its responses to the foregoing Paragraphs as if fully stated herein.

16. JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now, and Remote Deposit Scan. JHA otherwise denies the allegations of Paragraph 16 to the extent they misstate or mischaracterize JHA's business, products, and/or services. JHA denies the remaining allegations of Paragraph 16.

17. JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now, and Remote Deposit Scan. JHA otherwise denies the allegations of Paragraph 17 to the extent they misstate or mischaracterize JHA's business, products, and/or services. JHA denies the remaining allegations of Paragraph 17.

18. JHA admits that it had knowledge of the existence of the '430 patent as of the filing of the Complaint, but otherwise denies any notice allegations inconsistent with this admission. JHA denies the remaining allegations of Paragraph 18.

19. JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now and Remote Deposit Scan, and that these solutions are included on JHA's website as available payment solutions. JHA otherwise denies the allegations of Paragraph 19 to the

extent they misstate or mischaracterize JHA's business, products, and/or services. JHA admits that it had knowledge of the existence of the '430 patent as of the filing of the Complaint, but otherwise denies any notice allegations inconsistent with this admission. JHA denies the remaining allegations of Paragraph 19.

20. Denied.

21. Denied.

22. JHA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies them.

23. Denied.

24. Denied.

25. Denied.

## V. SECOND CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 7,440,924

26. JHA repeats and incorporates by reference its responses to the foregoing Paragraphs as if fully stated herein.

27. JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now, and Remote Deposit Scan. JHA otherwise denies the allegations of Paragraph 27 to the extent they misstate or mischaracterize JHA's business, products, and/or services. JHA denies the remaining allegations of Paragraph 27.

28. JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now, and Remote Deposit Scan. JHA otherwise denies the allegations of Paragraph 28

to the extent they misstate or mischaracterize JHA's business, products, and/or services. JHA denies the remaining allegations of Paragraph 28.

29. JHA admits that it had knowledge of the existence of the '924 patent as of the filing of the Complaint, but otherwise denies any notice allegations inconsistent with this admission. JHA denies the remaining allegations of Paragraph 29.

30. JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now and Remote Deposit Scan, and that these solutions are included on JHA's website as available payment solutions. JHA otherwise denies the allegations of Paragraph 30 to the extent they misstate or mischaracterize JHA's business, products, and/or services. JHA admits that it had knowledge of the existence of the '924 patent as of the filing of the Complaint, but otherwise denies any notice allegations inconsistent with this admission. JHA denies the remaining allegations of Paragraph 30.

31. Denied.

32. Denied.

33. JHA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and therefore denies them.

34. Denied.

35. Denied.

36. Denied.

**VI.    THIRD CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 7,624,071**

37. JHA repeats and incorporates by reference its responses to the foregoing Paragraphs as if fully stated herein.

38.     JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now, and Remote Deposit Scan.  JHA otherwise denies the allegations of Paragraph 38 to the extent they misstate or mischaracterize JHA's business, products, and/or services.  JHA denies the remaining allegations of Paragraph 38.

39.     JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now, and Remote Deposit Scan.  JHA otherwise denies the allegations of Paragraph 39 to the extent they misstate or mischaracterize JHA's business, products, and/or services.  JHA denies the remaining allegations of Paragraph 39.

40.     JHA admits that it had knowledge of the existence of the '071 patent as of the filing of the Complaint, but otherwise denies any notice allegations inconsistent with this admission.  JHA denies the remaining allegations of Paragraph 40.

41.     JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now and Remote Deposit Scan, and that these solutions are included on JHA's website as available payment solutions.  JHA otherwise denies the allegations of Paragraph 41 to the extent they misstate or mischaracterize JHA's business, products, and/or services.  JHA admits that it had knowledge of the existence of the '071 patent as of the filing of the Complaint, but otherwise denies any notice allegations inconsistent with this admission.  JHA denies the remaining allegations of Paragraph 41.

42.     Denied.

43.     Denied.

44. JHA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and therefore denies them.

45. Denied.

46. Denied.

47. Denied.

## VII. FOURTH CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 7,216,106

48. JHA repeats and incorporates by reference its responses to the foregoing Paragraphs as if fully stated herein.

49. JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now, and Remote Deposit Scan. JHA otherwise denies the allegations of Paragraph 49 to the extent they misstate or mischaracterize JHA's business, products, and/or services. JHA denies the remaining allegations of Paragraph 49.

50. JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now, and Remote Deposit Scan. JHA otherwise denies the allegations of Paragraph 50 to the extent they misstate or mischaracterize JHA's business, products, and/or services. JHA denies the remaining allegations of Paragraph 50.

51. JHA admits that it had knowledge of the existence of the '106 patent as of the filing of the Complaint, but otherwise denies any notice allegations inconsistent with this admission. JHA denies the remaining allegations of Paragraph 51.

52. JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote

Deposit Now and Remote Deposit Scan, and that these solutions are included on JHA's website as available payment solutions. JHA otherwise denies the allegations of Paragraph 52 to the extent they misstate or mischaracterize JHA's business, products, and/or services. JHA admits that it had knowledge of the existence of the '106 patent as of the filing of the Complaint, but otherwise denies any notice allegations inconsistent with this admission. JHA denies the remaining allegations of Paragraph 52.

53. Denied.

54. Denied.

55. JHA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and therefore denies them.

56. Denied.

57. Denied.

58. Denied.

**VIII. FIFTH CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 8,660,956**

59. JHA repeats and incorporates by reference its responses to the foregoing Paragraphs as if fully stated herein.

60. JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now, and Remote Deposit Scan. JHA otherwise denies the allegations of Paragraph 49 to the extent they misstate or mischaracterize JHA's business, products, and/or services. JHA denies the remaining allegations of Paragraph 60.

61. JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now, and Remote Deposit Scan. JHA otherwise denies the allegations of Paragraph 61

to the extent they misstate or mischaracterize JHA's business, products, and/or services. JHA denies the remaining allegations of Paragraph 61.

62. JHA admits that it had knowledge of the existence of the '956 patent as of the filing of the Complaint, but otherwise denies any notice allegations inconsistent with this admission. JHA denies the remaining allegations of Paragraph 62.

63. JHA admits that its enterprise payment solutions include JHA mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Complete Express, Remote Deposit Now and Remote Deposit Scan, and that these solutions are included on JHA's website as available payment solutions. JHA otherwise denies the allegations of Paragraph 63 to the extent they misstate or mischaracterize JHA's business, products, and/or services. JHA admits that it had knowledge of the existence of the '956 patent as of the filing of the Complaint, but otherwise denies any notice allegations inconsistent with this admission. JHA denies the remaining allegations of Paragraph 63.

64. Denied.

65. Denied.

66. JHA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66, and therefore denies them.

67. Denied.

68. Denied.

69. Denied.

## IX. PRAYER FOR RELIEF

JHA denies that PPS Data is entitled to any of its requested relief, denies any allegations contained in PPS Data's Prayer for Relief, and asks the Court to deny any and all relief requested by PPS Data.

**AFFIRMATIVE DEFENSES**

JHA denies all allegations not expressly admitted herein. Without prejudice to the responses and denials set forth in JHA's Answer to Plaintiff PPS Data, LLC's Complaint for Patent Infringement not otherwise admitted, JHA asserts the following affirmative defenses:

**Invalidity/Unenforceability**

One or more of the claims of the '430, '924, '071, '106, and '956 patents are invalid, void or unenforceable for failure to comply with and/or satisfy one or more of the conditions and requirements of the Patent Laws of the United States, including but not limited to 35 U.S.C. §§101, 102, 103, 112, 116, 120, or 132.

**Prosecution History Estoppel**

On information and belief, by virtue of prosecution proceedings before the U.S. Patent and Trademark Office of the patent applications leading to the '430, '924, '071, '106 and '956 patents, PPS Data is estopped, by admissions, amendments, arguments, representations or misrepresentations made to the U.S. Patent and Trademark Office, from maintaining that any valid claim of the '430, '924, '071, '106, and '956 patents is infringed by JHA.

JHA reserves the right to raise additional affirmative defenses as discovered through the course of litigation, including, but not limited to:

   i.   the '430, '924, '071, '106 and '956 patents are unenforceable as having been obtained by fraud, should facts developed in discovery demonstrate that the applicant(s) failed to call to the attention of the Examiner prior art or public knowledge and issues of which knowledge was possessed and over which the alleged invention was not patentable;

   ii.  PPS Data lacks standing to assert some or all of the claims set forth in the Complaint as it lacks sufficient ownership interest in the '430, '924, '071, '106 and '956 patents to bring an action for infringement; and

   iii. PPS Data has misused the '430, '924, '071, '106 and/or '956 patents as to render them unenforceable.

### JURY DEMAND

JHA requests a jury trial for all issues so triable.

### COUNTERCLAIM

Jack Henry & Associates, Inc. (JHA) asserts the following Counterclaim against PPS Data, LLC (PPS Data) as follows:

### I.  NATURE OF THE ACTION

1. This is a counterclaim action for declaratory judgment of noninfringement and/or invalidity of one or more claims of U.S. Patent No. 7,181,430 (the '430 patent); U.S. Patent No. 7,440,924 (the '924 patent); U.S. Patent No. 7,624,071 (the '071 patent); U.S. patent No. 7,216,106 (the '106 patent); and U.S. Patent No. 8,660,956 (the '956 patent) (collectively, the Asserted Patents).

2. On January 10, 2018, PPS Data commenced a civil action against JHA, alleging that JHA has infringed and is infringing one or more claims of the Asserted Patents. By such action, PPS Data has created an actual and justiciable case and controversy between itself and JHA as to whether or not each of the Asserted Patents is infringed by JHA and/or whether each of the Asserted Patents is valid.

### II.  THE PARTIES

3. JHA is a Delaware corporation having a principal place of business at 663 West Highway 60, Monett, Missouri, 65708.

4. According to its Complaint, PPS Data is a Nevada limited liability company having a principal place of business at 5241 South State Street, Murray, Utah 84107.

### III.  JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over these counterclaims for declaratory judgment pursuant to 35 U.S.C. § 271 and 28 U.S.C. §§ 1331, 1338, 2201 and 2202, based on an

actual and justiciable controversy between PPS Data and JHA arising under the patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*.

6. An actual justiciable controversy exists with respect to the alleged infringement and validity of the Asserted Patents.

7. This Court has personal jurisdiction over PPS Data by virtue of its filing of this action.

8. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and because PPS Data has consented to venue by filing its Complaint in this Court.

### IV. FIRST COUNTERCLAIM—DECLARATION OF NONINFRINGEMENT

9. JHA realleges and incorporates by reference its previous allegations as if fully set forth herein.

10. PPS Data has accused JHA of infringing claims of the Asserted Patents.

11. JHA denies infringement of any valid, properly construed claim of the Asserted Patents, and states that the manufacture, use, sale, offer for sale or importation of accused products and systems has not infringed, does not infringe, and will not, if manufactured, used, sold, offered for sale or imported, infringe any valid, properly construed claim of the Asserted Patents.

12. There is an actual, substantial and continuing justiciable controversy between PPS Data and JHA regarding JHA's alleged infringement of the Asserted Patents. Absent a declaration of noninfringement, PPS Data will continue to wrongfully assert the Asserted Patents against JHA, and thereby cause JHA irreparable injury and damages.

13. JHA does not infringe any valid claim of the Asserted Patents, either literally or under the doctrine of equivalents, and JHA has not induced or contributed to the infringement of the Asserted Patents. JHA is entitled to and seeks a declaration to that effect. JHA is further

entitled to and seeks a judicial declaration that the manufacture, use, sale, offer for sale and/or importation of accused products and systems have not infringed, does not infringe and will not, if manufactured, used, sold, offered for sale or imported, infringe any valid, properly construed claim of the Asserted Patents, either directly or indirectly.

## V.    SECOND COUNTERCLAIM—DECLARATION OF INVALIDITY/UNENFORCEABILITY

14.    JHA realleges and incorporates by reference its previous allegations as if fully set forth herein.

15.    The claims of the Asserted Patents are invalid because they fail to satisfy the requirements of patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 120, and/or based on other judicially-created bases for invalidation or unenforceability.

16.    The claims of the Asserted Patents are invalid as anticipated by the prior art because, at least, one or more elements of the claimed inventions of the Asserted Patents was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant, or patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application.

17.    The claims of the Asserted Patents are invalid as obvious in view of the prior art because, at least, any differences between the subject matter claimed in the Asserted Patents and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the relevant art.  A person having ordinary skill in the relevant art would have had reason to combine the teachings of the prior art

to achieve the claimed inventions and would have had a reasonable expectation of success in doing so.

18. The Asserted Patents do not contain a written description of the claimed inventions, and of the manner and process of making and using them, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same.

19. The Asserted Patents do not contain a written description of the claimed inventions, and of the manner and process of making and using them, in such full, clear, concise and exact terms as to demonstrate to a person of skill in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

20. One or more of the claims of the Asserted Patents do not particularly point out and distinctly claim the subject matter which the inventor regards as the invention.

21. The claims of the Asserted Patents are drawn to patent ineligible subject matter.

22. As a result, and in view of PPS Data's allegations that JHA infringes the Asserted Patents, an actual and justiciable controversy exists between PPS Data and Mirror JHA regarding the validity and enforceability of the Asserted Patents. Absent a declaration of invalidity and/or unenforceability, PPS Data will continue to wrongfully assert the Asserted Patents against JHA, and thereby cause JHA irreparable injury and damages.

23. The Asserted Patents are invalid or unenforceable for the reasons set forth above, including but not limited to under the provisions of 35 U.S.C. §§ 101, 102, 103, or 112. JHA is entitled to and seeks a declaration to that effect.

## VI.   PRAYER

JHA prays that the Court enter judgment:

(1)   dismissing the Complaint with prejudice;

(2) declaring that JHA does not infringe any valid claim of the Asserted Patents;

(3) declaring that the asserted claims of the Asserted Patents are invalid;

(4) declaring that the manufacture, use, sale, offer for sale and/or importation of accused products and systems has not infringed, does not infringe and will not, if manufactured, used, sold, offered for sale or imported, infringe any valid, properly construed claim of the Asserted Patents;

(5) awarding costs (including expert and electronic discovery fees), disbursement, and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. §285; and

(6) granting such other and further relief as JHA may be entitled to.

## VII. JURY DEMAND

JHA requests a jury trial for all issues so triable.

Dated: April 13, 2018.                                   Respectfully submitted,

                                                         By: s/Jason A. Wietjes
                                                             Jason A. Wietjes
                                                             Texas Bar No. 24042154
                                                             jwietjes@polsinelli.com

                                                             POLSINELLI PC
                                                             2950 N. Harwood St., Ste. 2100
                                                             Dallas, TX 75201
                                                             Telephone: (214) 661-5519
                                                             Facsimile: (214) 594-5540

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Federal Rule Civil. Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by e-mail on April 13, 2018.

                                                By:  s/Jason A. Wietjes
                                                       Jason A. Wietjes