**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PPS DATA, LLC**<br><br>vs.<br><br>**JACK HENRY & ASSOCIATES, INC.** | **CIVIL ACTION No. 2:18-cv-0007-JRG** |

**PLAINTIFF PPS DATA, LLC'S ANSWER TO DEFENDANT JACK HENRY & ASSOCIATES, INC.'S COUNTERCLAIMS**

Plaintiff PPS Data, LLC ("PPS Data") submits this answer to Defendant Jack Henry & Associates, Inc.'s ("JHA") Counterclaims.

**I.  NATURE OF THE ACTION**

1.  The allegations contained in Paragraph 1 of the Counterclaims do not contain allegations of fact requiring an answer from PPS Data.  To the extent that an answer is deemed required, PPS Data admits that JHA's Counterclaims purport to be an action for declaratory judgment of noninfringement and/or invalidity.  Except as expressly admitted, PPS Data denies each and every allegation of this paragraph of the Counterclaim to the extent an answer is required.

2.  PPS Data admits that on January 10, 2018 it commenced a civil action against JHA alleging that JHA has infringed and is infringing one or more claims of the patents-in-suit. Whether PPS Data's action has created an actual and justiciable case and controversy is a legal conclusion that does not require an answer from PPS Data; however to the extent that an answer

to this allegation is required, PPS Data admits that an actual and justiciable case and controversy exist between JHA and PPS Data as to whether or not each of the asserted claims of the patents-in-suit are infringed by JHA and/or whether each of the asserted claims of the patents-in-suit are valid.  Except as expressly admitted, PPS Data denies each and every allegation of this paragraph of the Counterclaim to the extent an answer is required.

**II.    THE PARTIES**

3.    PPS Data admits that JHA is a Delaware corporation and maintains a place of business at 663 West Highway 60, Monett, Missouri 65708.  Except as expressly admitted, PPS Data denies each and every allegation of this paragraph of the Counterclaims.

4.    Admitted.

**III.    JURISDICTION AND VENUE**

5.    The allegations contained in Paragraph 5 of the Counterclaims do not contain allegations of fact requiring an answer from PPS Data. To the extent an answer is deemed required, PPS Data admits that JHA's counterclaim is a counterclaim for declaratory judgment and purports to arise under various sections of Title 28 and Title 35 of the U.S. Code, and that this Court would have jurisdiction for proper claims of the kind alleged.  Except as expressly admitted, PPS Data denies each and every allegation of this paragraph of the Counterclaims.

6.    The allegations contained in Paragraph 6 of the Counterclaims do not contain allegations of fact requiring an answer from PPS Data. To the extent an answer is deemed required, PPS Data admits that an actual and justiciable case and controversy exist between JHA and PPS Data with respect to the infringement and validity of the patents-in-suit.  Except as expressly admitted, PPS Data denies each and every allegation of this paragraph of the Counterclaims.

7. The allegations contained in Paragraph 7 of the Counterclaims do not contain allegations of fact requiring an answer from PPS Data. To the extent an answer is deemed required, PPS Data admits that this Court has personal jurisdiction over PPS Data for the purposes of JHA's Counterclaims.  Except as expressly admitted, PPS Data denies each and every allegation of this paragraph of the Counterclaims.

8. The allegations contained in Paragraph 8 of the Counterclaims do not contain allegations of fact requiring an answer from PPS Data. To the extent an answer is deemed required, PPS Data admits that it filed a Complaint against JHA for patent infringing, alleging that venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b), and that the Eastern District of Texas is a proper venue for the purposes of this action.  Except as expressly admitted, PPS Data denies each and every allegation of this paragraph of the Counterclaims.

### IV.   FIRST COUNTERCLAM – DECLARATION OF NONINFRINGEMENT

9. PPS Data restates and realleges the allegations of its Complaint and each of the foregoing paragraphs of its answer to JHA's Counterclaims as if fully set forth herein.

10. Admitted.

11. The allegations contained in Paragraph 11 of the Counterclaims do not contain allegations of fact requiring an answer from PPS Data. To the extent an answer is deemed required, PPS Data restates and realleges the allegations of its Complaint establishing JHA's infringement of the patents-in-suit.  Except as expressly admitted, PPS Data denies each and every allegation of this paragraph of the Counterclaims.

12. The allegations contained in Paragraph 12 of the Counterclaims do not contain allegations of fact requiring an answer from PPS Data. To the extent an answer is deemed required, PPS Data admits that an actual and justiciable case and controversy exist between JHA

and PPS Data with respect to the infringement and validity of the patents-in-suit. Except as expressly admitted, PPS Data denies each and every allegation of this paragraph of the Counterclaims.

    13.    Denied.

### V. SECOND COUNTERCLAIM – DECLARATION OF INVALIDITY/UNENFORCEABLILITY

    14.    PPS Data restates and realleges the allegations of its Complaint and each of the foregoing paragraphs of its answer to JHA's Counterclaims as if fully set forth herein.

    15.    Denied.

    16.    Denied.

    17.    Denied.

    18.    Denied.

    19.    Denied.

    20.    Denied.

    21.    Denied.

    22.    The allegations contained in Paragraph 22 of the Counterclaims do not contain allegations of fact requiring an answer from PPS Data. To the extent an answer is deemed required, PPS Data admits that an actual and justiciable case and controversy exist between JHA and PPS Data with respect to the infringement and validity of the patents-in-suit. Except as expressly admitted, PPS Data denies each and every allegation of this paragraph of the Counterclaims.

    23.    Denied.

## VI. PRAYER

Responding to JHA's Prayer, PPS Data denies that JHA is entitled to any relief whatsoever, whether as requested or otherwise.

WHEREFORE, PPS Data respectfully realleges the request in its Prayer for Relief in its Complaint, and requests judgment in its favor and against JHA on its First and Second Counts of JHA's Counterclaims, including costs, fees and whatever other relief the Court deems appropriate.

Dated: May 4, 2018						Respectfully submitted,


							By: */s/Anthony H. Son*
								Anthony H. Son
								BARNES & THORNBURG LLP
								225 South Sixth Street, Suite 2800
								Minneapolis, MN 55402
								Telephone:  (612) 367-8724
								ason@btlaw.com

								Jon B. Hyland
								BARNES & THORNBURG LLP
								1717 McKinney Avenue, Suite 700
								Dallas, Texas 75202-1241
								Telephone: (214) 957-7728
								jon.hyland@btlaw.com

								**Attorneys for Plaintiff PPS Data, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this Answer to JHA's Counterclaims was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 4th day of May, 2018.

*/s/ Anthony H. Son*
Anthony H. Son