| | |
|---|---|
| **PPS DATA, LLC**<br><br><br>**vs.**<br><br><br>**JACK HENRY & ASSOCIATES, INC.** | **CIVIL ACTION No. 2:18-cv-0007-JRG** |

## AGREED PROTECTIVE ORDER

WHEREAS, Plaintiff PPS Data, LLC and Defendant Jack Henry & Associates, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information of the Parties or of third parties in the above-captioned case ("this Action");

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a third party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document,

information or material as follows: "CONFIDENTIAL", "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."[1]  The designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as designated.

2.    Any document or information produced under the Local Patent Rules or Discovery Order before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.    With  respect to Protected Material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE", subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial

---

[1] Substantially similar designations may also be used; for example, "Attorneys' Eyes Only" or "Confidential – Attorneys' Eyes Only" may be used for material that is "RESTRICTED – ATTORNEYS' EYES ONLY." The term Protected Material is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Protected Materials shall also be considered Protected Material and treated as such under this Order.

4.    A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as Protected Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces confidential information without designating it as Protected Material may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Material and any documents, information or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)    outside counsel of record in this Action for the Parties;

(b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(d)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert (which will include all of such person's past and present employment and consulting relationships) and an identification of all testimony provided by declaration, deposition, or at trial/hearing/other proceeding at least ten (10) business days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) business days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(e)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel or Parties and reasonably necessary to assist counsel with the litigation of this Action and, before access is given, has completed the Undertaking attached as Exhibit A hereto; and

(f)     the Court and its personnel and any mediator assigned to hear this matter and his or her staff.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a third party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action that is designated as Protected Material, shall be used by the receiving Parties only in the litigation of this Action and shall not be used for any other purpose, including but not limited to any other litigation or proceeding, including prosecution or proceedings before the United States Patent and Trademark Office.  Any person or entity who obtains access to Protected Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Protected Material or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified Protected Material and subject to all of the terms and conditions of this Order.

8.   To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes "Source Code Material" (as defined below), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

(a)   By way of non-limiting example, Protected Material in one or more of the following categories may qualify for the "RESTRICTED - ATTORNEYS' EYES ONLY" designation: non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference manuals, and other non-public technical descriptions and/or depictions of the relevant technology; (ii) non-public damage-related information (*e.g.*, the number of products sold, total dollar value of products sold, profit margins, etc.); (iii) non-public financial information; (iv) customer-related information; (v) business and/or marketing plans; (vi) price lists and/or pricing information; (vii) licenses and licensing-related information; and (viii) information obtained from a non-party pursuant to a Non-Disclosure Agreement ("NDA") that is still in effect.

(b)   By way of non-limiting example, "Source Code Material" shall include database data and human-readable programming language text that defines or constitutes software, firmware, or electronic hardware descriptions.  Text files containing source code shall also be considered as Source Code Material and shall include but shall not be limited to files such as those created in "C," "C++," assembler,

VHDL, Verilog, and digital signal processor ("DSP") programming languages, as well as those used for the programming of computer websites, computer programs and the technology supporting them. For the avoidance of doubt, Source Code Material further includes ".include" files, "make' files, link files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP.

9. For Protected Material designated RESTRICTED - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (d-f) and counsel of record.

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a) Access to a Party's Source Code Material shall be provided only on a password-protected, "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). It is solely the Producing Party's option whether to produce code on a single stand-alone computer or on multiple stand-alone computers (either are referred to herein as "Source Code Computer"), as technically necessary. Additionally, except as provided below, the Source Code Computer may only be located at the offices of the producing Party's or the producing Party's outside counsel (the "Source Code Room"). The Source Code Computer may be connected to a printer only by the producing Party, solely for the limited purposes permitted pursuant to the paragraphs below. Neither the receiving Party's outside counsel nor its outside consultants or experts may connect any devices to the Source Code

Computer, nor may they copy, extract, or otherwise take any information from the Source Code Computer in electronic form. In addition, neither the receiving Party's outside counsel nor its outside consultants or experts may modify the files on the Source Code Computer, nor may they load anything onto the Source Code Computer;

(b) The producing Party shall also be entitled to visually monitor the receiving Party's activities in the Source Code Room from outside such room, through a glass wall or window, so long as the producing Party cannot see the display of the Source Code Computer. The producing Party may not, however, physically enter the Source Code Room when the receiving Party is present, without the receiving Party's consent.

(c) During its review, the receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code Material onto any recordable media or recordable device.

(d) The receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. To the extent that the receiving party requests after-hours access to the Source Code Computer, the parties shall attempt to work together to make reasonable accommodations that neither unreasonably hinders the either Party's ability to conduct the prosecution or defense of this Action nor unreasonably burdens the producing Party;

(e) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code Material on the stand-alone computer(s);

(f) The producing Party will produce Source Code Material in computer searchable format on the Source Code Computer as described above;

(g) Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to up to three (3) outside counsel and up to three (3) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained by the receiving Party for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(d) above. To the extent that a receiving Party includes excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, it must ensure that such document (a "Source Code Document") is appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(h) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(i) No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically. The receiving Party shall not be permitted to make printouts of Source Code Material without the agreement of the producing party or further order of the Court. The receiving Party shall be permitted to request up to a total of one hundred fifty (150) pages of printouts of Source Code Material, with no more than forty (40) pages of continuous lines of Source Code. In the event that Plaintiff in good faith determines it needs to print more pages and/or more continuous pages of Source Code Material for the efficient litigation of the case, the parties will meet and confer within three (3) business days of such a request by Plaintiff and attempt in good faith to resolve any issues regarding page limits. If the meet and confer process is unsuccessful, then Plaintiff may request additional pages from the Court where it will be acknowledged that Plaintiff was not advised of the total volume of source code prior to entry of this Order. To the extent that Plaintiff requests approved printouts, the producing Party will, in response, print out the requested pages and provide three (3) Bates numbered copies thereof to the receiving Party within two (2) business days, wherein the producing Party may provide such Bates numbered copies on watermarked or copied-preventative paper, which shall not be copied by the receiving Party. If, at any time, the receiving Party believes that it requires more than a total of one hundred fifty (150) pages of printed source code or additional copies, then the receiving Party may a request for additional pages or copies, and the producing

Party and the receiving Party will meet and confer in good faith to resolve the issue, and, if not resolved, then bring the issue to the Court for resolution;

(j) If the receiving Party's outside counsel or consultants receive printed Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts do not make copies of the printouts and that they keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party also temporarily may keep the printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k) A producing Party's Source Code Material may be transported only by the receiving Party at the direction of a person authorized under paragraph 10(g) above to another person authorized under paragraph 10(g) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. To the extent that a Party desires to use Source Code Material in a deposition or Court proceeding, the Parties shall cooperate in the provision of the Source Code Material for such deposition or Court proceeding.

12.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall promptly gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13.     There shall be no disclosure of any Protected Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use any  Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to a person(s) who is: (i) eligible to have access to the

Protected Material by virtue of his or her employment with the designating party, (ii) identified in the Protected Material as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such Protected Material, has, in the ordinary course of business, seen such Protected Material, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation (subject to paragraphs 5 and 9 of this Order); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access Protected Material. Protected Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED - ATTORNEYS' EYES ONLY."

16. Any Protected Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for

informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. This Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any Protected Material into evidence at the trial of this Action, or from using any information contained in Protected Material at the trial of this Action, subject to any pretrial order issued by this Court. Parties shall meet and confer to discuss procedures for maintaining the confidentiality of Protected Material used during the course of any pre-trial hearing or trial.

18. A Party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. A Party may request in writing to the other Party that the designation given to any Protected Material be modified or withdrawn. If the Designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the Requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local

Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the Designating Party shall be maintained.

19. Each outside consultant or expert to whom Protected Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order, although this Order does not foreclose a Third Party's right to raise an objection to production of information whether pursuant to this Order or otherwise.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of any documents, information or other material and/or receipt of a deposition or hearing transcript to designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall

be limited in accordance with the terms of this Order. Until expiration of the 10-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED - ATTORNEY' EYES ONLY" in accordance with this Order.

22. Within thirty (30) days of final termination of this Action, including any appeals, all Protected Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. Notwithstanding the obligations herein, outside counsel of record are not required to delete copies of Protected Material that may reside on their firm's e-mail archive or electronic back-up systems, although outside counsel of record shall not access such archives or backups. Notwithstanding the foregoing, outside counsel of record may retain one copy of pleadings and written discovery responses in this Action regardless of whether or not such contain the "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" material of anyone other than the Party that counsel represents (no limitation on maintaining copies of Protected Material of the Party that counsel represents or otherwise by permission). Such retained materials shall be maintained and used solely in accordance with this Order and for no other purpose without permission. Under no circumstances is outside counsel of record, or any individual who signs on to this Protective Order, permitted to retain any RESTRICTED CONFIDENTIAL SOURCE CODE of a producing party more than thirty (30) days after the earlier of the entry of a final non-appealable judgment or order with respect to such party or the complete settlement of all claims asserted against all parties in this action.

The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23.  The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. Inadvertent production of confidential information material without proper designation shall not be deemed a waiver of confidentiality with regard to similar information, nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed. A Producing Party who discovers such inadvertent production shall promptly inform all receiving Parties in writing. Receiving Parties shall thereafter treat the information in accordance with the proper level of designation. A receiving Party shall not be in breach of this Order for any use of such confidential material before the receiving Party receives notice of the inadvertent failure to designate. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.  Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.     Production of Protected Material by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.     In the event of a disclosure of any Protected Material to any person not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the producing Party whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized disclosure of Protected Material does not change the protected status of such Protected Material or waive the right to maintain the disclosed document or information as Protected Material.

27.     If any Party is served with any subpoena or other request for the production of Protected Material produced by another Party in connection with any proceeding before any court or other judicial, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall promptly give written notice thereof to each producing Party who has produced such Protected Material (directly or through the producing Party's outside counsel), and shall provide each producing Party with an opportunity to move for a protective order regarding the request for the production of

Protected Materials. If a producing Party does not take steps to prevent disclosure of such documents within fourteen (14) days of the date written notice is given, the Party to whom the subpoena or other request is directed may produce such documents in response thereto. The Party to whom the subpoena or other request is directed also may produce such documents as required to comply with any legal duty or obligation imposed by the court or other judicial, arbitral, administrative, or legislative body.

28.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

29.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Protected Material to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Protected Material.

30.     A party may not remove, send, transport or transmit any other Party's Protected Material, in either physical or electronic form (including copies), outside of the territorial boundaries of the United States of America, except as otherwise agreed by the producing Party and receiving Party. The viewing of Protected Material through electronic means outside the territorial boundaries of the United States of America is similarly prohibited except as otherwise agreed by the producing Party and receiving Party. Protected Material, exclusive of material designated "RESTRICTED CONFIDENTIAL SOURCE CODE," may be taken outside of the territorial boundaries of the United States of America only if it is reasonably necessary for a deposition taken in a foreign country, and only to the extent otherwise permitted by law. The restrictions contained within this

paragraph may be amended through the written consent of the producing Party to the extent that such agreed upon procedures conform with applicable export control laws and regulations.

31. Any individual attorney representing Plaintiff and any other person associated with Plaintiff and permitted to receive Protected Material that is designated RESTRICTED - ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, accesses, or otherwise learns, in whole or in part, the HIGHLY SENSITIVE MATERIAL of another party shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the technological areas of processing financial instrument deposits of the Parties or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. Notwithstanding the foregoing, this provision (i) shall not apply to persons who only receive and review or are provided with RESTRICTED - ATTORNEYS' EYES ONLY material relating to non-technical subject matter and who have not received and reviewed or been provided with technical RESTRICTED - ATTORNEYS' EYES ONLY material; and (ii) shall not restrict counsel who properly receive HIGHLY SENSITIVE MATERIAL from participating in *Inter Partes* Reviews, Post-Grant Reviews and Transitional Program for Covered Business Method Reviews, where the Petitioner is challenging the validity of the patent with respect to issued patents.

So **ORDERED and SIGNED** this 18th day of May, 2018.

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

**APPENDIX A**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **PPS DATA, LLC**<br><br><br>**vs.**<br><br>**JACK HENRY & ASSOCIATES, INC.** | **CIVIL ACTION No. 2:18-cv-0007-JRG** |

**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1 My address is _____. My current employer is _____. My current occupation is _____.

2 I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3 I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4   Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5   I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


**Signature**        _____

**Printed Name**     _____

**Date**             _____