UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PPS DATA, LLC**<br><br>vs.<br><br>**JACK HENRY & ASSOCIATES, INC.** | **CIVIL ACTION No. 2:18-cv-0007-JRG** |

**PLAINTIFF PPS DATA, LLC'S REPLY BRIEF ON CLAIM CONSTRUCTION**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................... 1

II. PROPOSED CLAIM CONSTRUCTION ........................................................... 1

    A.    "remote site" ................................................................................................ 1

    B.    "bank(s) of first deposit"/ "different bank(s) of first deposit" ................ 2

    C.    "central system" ......................................................................................... 3

    D.    "transmission having a transmission path that bypasses the MICR capture, deposit accounting, cash management, and float processing systems of the bank of first deposit for that deposit transaction" ...................................................... 6

    E.    "but not through the MICR capture, deposit accounting, cash management, float processing systems of the bank of first deposit" ........................................... 7

    F.    "deposit account designation [[in]/[to] a bank of first deposit], electronic check data and [original] check image data" ........................................................... 7

    G.    "electronic deposit data" ............................................................................ 8

    H.    "image information data" .......................................................................... 9

    I.    "separate from" .......................................................................................... 9

    J.    "bank endorsement"/"endorsement information" ................................ 10

    K.    "endorsing and/or voiding the one or more checks" ............................ 10

III. CONCLUSION ................................................................................................... 10

CERTIFICATE OF SERVICE ..................................................................................... 12

Plaintiff PPS Data LLC ("PPS Data") respectfully submits its reply brief on claim construction in support of its proposed constructions for the disputed terms of United States Patent Nos. identified in the parties Rule 4-3 Joint Claim Construction and Prehearing Statement.

## I. INTRODUCTION

Defendant Jack Henry & Associates, Inc.'s ("Defendant's") proposed constructions and indefinite arguments should be rejected. The dispute revolves around Defendant's attempt to assert indefiniteness for the majority of the terms contrary to the specification and the prosecution histories in an attempt to invalidate the patents while construing other terms narrowly to avoid infringement. First, Defendant fails to establish its burden to prove indefiniteness by clear and convincing evidence. Second, Defendant does not provide any evidence or expert declaration explaining that a person of ordinary skill in the art (POSITA) would not readily understand with reasonable certainty the scope of the invention. Third, Defendant cites to intrinsic evidence that allegedly supports its constructions; however, upon inspection, the intrinsic evidence cited by Defendant's actually supports Plaintiff's proposed constructions.

## II. PROPOSED CLAIM CONSTRUCTION

Defendant's claim construction response brief did not address the disputed terms and phrases in the same order as Plaintiff's Opening Brief. In this reply, Plaintiff retains its original order, with cross-reference to Defendant's order of presentation.

### A. "remote site"

Both parties agree that the Court should not find the term "remote site" indefinite. (Def. Response Br. at 19). The parties also agree that "remote site" performs functions on a physical check. (*Id.* at 23). However, Defendant proposed that "remote site" must be "remote from a central system." (*Id.* at 20-21). This limitation has no support in the claims, specification, or the

file history. "Remote," as used in the Patents does not imply any geographical distance or presence or lack of relationship between banks or entities. Ex. 12, Shamos Decl. ¶ 82.

Second, Defendant proposes to expand the construction that the site is sponsored by, or affiliated or associated with, a bank of first deposit. This is incorrect. The '430 specification makes clear that the "remote site" is not necessarily affiliated or associated with the "bank of first deposit." The '430 specification discloses that the "remote site" may be sponsored by the "bank of first deposit," but that is different than being "affiliated or associated with the "bank of first deposit." '430 Patent, 5:60-63; *see* Ex. 12, Shamos Decl. ¶ 84. Further, there is no requirement that the remote site "performs at least the functions of scanning, reading, and printing on a physical check to create electronic check data comprised of image data and informational data," as Defendant improperly attempts to read from the specification into the claim. *See Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 904 (Fed. Cir. 2004). While the remote site may do those things, there is no basis for requiring it to do so, or it is necessary to defining a "remote site." *See* Shamos Decl. ¶¶ 85-87. The remote site is the place where the physical check is processed. *Id.* at ¶86. All of the functions that Defendant attempts to read into the claim term as a limitation are already properly captured in PPS Data's proposed construction.

    B.    **"bank(s) of first deposit"/ "different bank(s) of first deposit"**

Contrary to Defendant's assertion, this term "bank of first deposit" is a term of art in the banking industry that is well-known and understood by one of ordinary skill in the art. *See* Shamos Decl. ¶ 48. Defendant believes that "bank of first deposit" should be construed based on the exact quote from the specification and inappropriately attempts to limit the claim term "different bank of first deposit" to mean "unrelated to the bank of first deposit." There is no disclosure or even a hint in the '430 specification regarding relatedness. Moreover, "bank of first deposit" is a synonym for "depositary bank," which is defined in Treasury Regulation CC as

2

"the first bank to which a check is transferred even though it is also the paying bank or the payee." 12 C.F.R. §229.2. *See* Ex. 12, Shamos Decl. ¶ 48. Defendant does not provide any evidence or support from an expert or anyone with knowledge of a POSITA's understanding disputing that "bank of first deposit" is a term of art or implies a different meaning. Further, the addition in the specification implies that, in addition to the customary meaning of "bank of first deposit" as a term of art (i.e. the first bank to which a check is transferred), the term has an additional meaning as used in the Patents. Defendant's proposed construction is too narrow, indefinite, and inconsistent with the customary meaning in the art. Defendant's position is also unsupported by both the intrinsic and extrinsic evidence, and should be rejected.

### C. "central system"

In an attempt to prove indefiniteness, Defendant's propose a dispute on whether "central system" is interchangeable with "central site." In the absence of an expert declaration, Defendant suggests that if "central system" is the same as "central site," then the specification directly contradicts the later prosecution history, which leads the term "central system" to be indefinite. (Def. Response Br. at 11). Defendant also assert that if the "central system" is different from the "central site," then there is no support in the specification to describe "central system." (*Id.* at 11-12). But a claim limitation does not need to appear in the specification in *haec verba* to be definite. *Dow Chem. Co. v. Nova Chems. Corp.*, 809 F.3d 1223, 1224 (Fed. Cir. 2015) (a skilled person's knowledge of the scope of the disputed claim with reasonable certainty is sufficient to defeat a claim of indefiniteness, "even if that method is not set forth in *haec verba* in the patent itself.").[1]

---

[1] Defendant's erroneously rely upon cases regarding obviousness and written description to support its indefiniteness arguments. For example, Defendants block quote *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997), but that quote is about written

3

First, the "central system" is not the "central site," although it may be located at a "central site." Ex. 12, Shamos Decl., ¶ 63. Second, Defendant is incorrect that the specification is silent as to the description and function of the "central system." The intrinsic evidence clearly defines the term "central system" to a person of ordinary skill in the art. For example, the '430 specification states:

> FIG. 2 depicts a high-level processing diagram of the various entities involved in the overall financial processing of the present invention, in accordance with the preferred embodiment. The present invention comprises three primary processing entities: (i) remote site 197, (ii) *a central site 198*, and (iii) a maker bank site 199.

'430 Patent, 6:40-45.

The relationship between these processing entities is depicted below:



FIG. 2

'430 patent, Figure 2

The specification then proceeds to describe in further details each of the three primary processing entities. With respect to the "central site," the '430 Patent further discloses:

---

description, not indefiniteness and *Lockwood* does not even discuss indefiniteness at all. Similarly, Defendants rely on *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1310 (Fed. Cir. 2008) and *TurboCare Div. of Demag Delaval Turbomachinery Corp. v. Gen. Elec. Co.*, 264 F.3d 1111, 1119 (Fed. Cir. 2001), both dealing with written description, not indefiniteness or even claim construction. This is significant because Defendant fails to apply the correct legal standard, unlike Plaintiff.

> In essence, the remote site provides a processing front-end that electronically interacts via interface 202 with central site 198 through the transfer of electronic check data for review and processing by electronic means at a central site.

'430 Patent, 6:55-58.

> Central site 198 of FIG. 2 interacts via interfaces 207, 208 with maker bank site 199 for completing the clearing process relating to the check or related instrument.

*Id.* at 6:64-66.

Third, there is likewise no dispute that, under controlling precedent, extrinsic evidence may play a significant role in the indefiniteness analysis. Indeed, definiteness (1) is evaluated from the person of skill, (2) requires a determination of whether such a skilled person would understand the scope of the claim when it is read in light of the specification, and (3) is evaluated in light of knowledge extant in the art at the time the patent application is filed. *Dow Chem. Co.*, 809 F.3d at 1225 (citations omitted). "It has long been the case that the patent need not disclose what a skilled artisan would already know." *Id.* "*Nautilus* did not change any of those principles; it changed only the governing formulation of the substantive standard for indefiniteness, which, in many though not all cases, requires factual inquiries into skilled artisans' understanding." *Id.*

Here, Defendant alleges that the term "central system" is invalid as indefinite, but provides no evidence concerning the skilled artisans' understanding for this Court to determine whether a POSITA would understand the scope of the claim when it is read in light of the specification. Defendant does not, and cannot, contest Dr. Shamos's testimony. Defendant bears the burden of proving indefiniteness by clear and convincing evidence, including coming forth with evidence concerning whether the POSITA would understand the scope of the claim with reasonable certainty. Certainly a party cannot meet its burden when it fails to present any factual

evidence, let alone a clear and convincing burden. *See BASF Corp. v. Johnson Matthey, Inc.*, 875 F.3d 1360, 1366 (Fed. Cir. 2017) (reversing judgment of invalidity on indefiniteness because "[t]he district court's analysis . . . lacks such support for its conclusion about what a relevant skilled artisan could determine without more information than the patent here provides.").

Accordingly, the undisputed evidence establishes that it is readily apparent and understood to one of ordinary skill in the art that the "central system" is a "processing system at a central site electronically interacting with the remote site for reviewing and processing electronic check data, and electronically interacting with a maker bank site for completing the clearing process relating to the check." *See* Ex. 12, Shamos Decl., ¶¶ 59-61.

As a result, Defendant's indefiniteness argument should be rejected because it is inconsistent with the intrinsic evidence and Defendant did not provide an expert declaration explaining with clear and convincing evidence that a POSITA would not know the meaning of "central system" with reasonable certainty within the scope of the invention.

### D. "transmission having a transmission path that bypasses the MICR capture, deposit accounting, cash management, and float processing systems of the bank of first deposit for that deposit transaction"[2]

In an unsuccessful effort to prove indefiniteness, Defendant withdraws its proposed construction for three similar claim phrases, which revolves around the term "bypasses/bypassing." First, Defendant asserts that the bypassing limitation does not appear in the disclosure of the assert patents. (Def. Response Br. at 15). In particular, Defendant argues that "the specification does not disclose how the central system performs the various checking processing functions and then transmits the data in such a 'bypassing' manner." (*Id.* at 16).

---

[2] The dispute centers on the "bypass" limitation and for sake of brevity, the other two similar "bypass" limitations were not repeated in this reply brief.

However, this bypass limitation was explained in the '430 prosecution history to overcome prior art as "the concept of bypassing the bank of first deposit MICR capture, deposit accounting, cash management, and float processing systems in a transmitting step that transmits both the electronic check and the check image data to the maker bank [that was] not done in the banking industry and [was] counter-intuitive because the bank of first deposit MICR capture and/or accounting programs (as is done on Geer) control most aspects of the check clearing process." Ex. 6, '430 file history, Amendment of May 2, 2005 Decl. of Buchanan at 7, PPS-JHA001954.

Second, Defendant's withdrawal of its proposed construction to purportedly bolster its indefiniteness argument does not change how a POSITA would not know the meaning of this "bypass limitation" with reasonable certainty concerning the scope of the invention. *See* Ex. 12, Shamos Decl., ¶¶ 91, 96-100. In fact, Defendant not only fails to show clear and convincing evidence to prove otherwise, but has withdrawn its alternative construction that was at odds with the prosecution history in the '430 Patent. *See* Ex. 6, PPS-JHA002016. Thus, the Court should reject Defendant's indefiniteness argument and adopt Plaintiff's proposed construction.

E. **"but not through the MICR capture, deposit accounting, cash management, float processing systems of the bank of first deposit"**

Defendant asserts a similar indefiniteness argument as this claim term "but not through" is similar to the "bypass" limitation discussed above. The same arguments as discussed above with respect to the "bypass" limitation applies here and it is clear to one of ordinary skill in the art what is meant by the claim term "but not through." *See* Ex. 12, Shamos Decl., ¶¶ 102-103. Accordingly, Defendant's indefiniteness argument should be rejected.

F. **"deposit account designation [[in]/[to] a bank of first deposit], electronic check data and [original] check image data"**

Contrary to Defendant's assertion, no construction is necessary for this term because its meaning is plain and ordinary. Further, the Court should not consider Defendant's indefinite

7

arguments because Defendant did not disclose its theory that this term is indefinite in its invalidity contentions. *See DDR Holdings, LLC v. Hotels.com, L.P.*, 954 F.Supp.2d 509, 531-32 (E.D. Tex. 2013), aff'd in part, rev'd in part, and remanded, on other grounds, 773 F.3d 1245 (Fed. Cir. 2014). Moreover, Defendant's proposed construction of "electronic check data" and "check image data" is an attempt to import improper limitations, which is not supported by the intrinsic evidence. For instance, Defendant asserts that "electronic check data" includes "image data," which purportedly means "non-image data representing information on a paper check." (Def. Response Br. at 29). However, the Court should reject Defendant's implied constructions because check images are not limited to paper checks. *See* Ex. 12, Shamos Decl. ¶¶ 67-68.

### G. "electronic deposit data"

The phrase in dispute is "the central system transmitting the 'electronic deposit data' and optionally the check image data for each different deposit transaction . . . to a respective different one of the banks of first deposit." Defendant proposes that "electronic deposit data" is indefinite as it cannot be determined whether it refers to "deposit information," "a deposit account designation," "electronic check data," and/or "check image data." (Def. Response Br. at 18). However, "electronic deposit data" is simply the information used to process the deposit. Ex. 12, Shamos Decl., ¶ 73. Further, Defendant provides no evidence concerning the skilled artisans' understanding for this Court to determine whether a POSITA would understand the scope of the claim when it is read in light of the specification. Defendant does not, and cannot, contest Dr. Shamos's testimony. Defendant has the burden to prove indefiniteness by clear and convincing evidence, including coming forth with evidence concerning whether the POSITA would understand the scope of the claim with reasonable certainty. *See BASF Corp.*, 875 F.3d at 1366.

Moreover, although the term does not have an explicit antecedent basis, the term is not indefinite based on the scope of the claim that is reasonably ascertainable by those skilled in the art and when read in light of the specification and other claims. Ex. 12, Shamos Decl., ¶¶ 73-74.

H.     "image information data"

The phrase in dispute is "reading said check image data to create 'image information data;' and comparing the 'image information data' to the electronic check data."  Defendant proposes that "image information data" is indefinite as it (1) is created from and different from "check image data" and (2) does not refer to "deposit information," "a deposit account designation," "electronic check data," and/or "check image data."  (Def. Response Br. at 19).  However, "image information data" is "data obtained from check image data" that simply represents an image in digital pixel form, from which useful information has yet to be extracted. Ex. 12, Shamos Decl. ¶¶ 79-80.  Image information must be obtained from the check image data to facilitate subsequent processing.  *Id.* at ¶79.

Further, Defendant provides no evidence concerning the skilled artisans' understanding for this Court to determine whether a POSITA would understand the scope of the claim when it is read in light of the specification.  Defendant does not, and cannot, contest the testimony of Dr. Shamos.  Defendant bears the burden of proving indefiniteness by clear and convincing evidence, including coming forth with evidence concerning whether the POSITA would understand the scope of the claim with reasonable certainty.  *See BASF Corp.*, 875 F.3d at 1366.

Contrary to Defendant's assertion of indefiniteness, one of ordinary skill in the art would readily understand this claim term with reasonable certainty.   Accordingly, "image information data" would be well known and understood by a POSITA to mean "data obtained from check image data." Ex. 12, Shamos Decl. ¶¶ 79-80.

I.     "separate from"

The phrase in dispute is "wherein the central system is 'separate from' MICR capture, deposit accounting, cash management, and float processing systems for a bank of first deposit." Defendant's indefiniteness assertion runs afoul with the plain and ordinary meaning of the claim

term "separate from" as it simply means that the central system does not include any of the following systems for a bank of first deposit: MICR capture, deposit accounting, cash management, float processing. Thus no construction is necessary. Ex. 12, Shamos Decl. ¶ 89.

### J. "bank endorsement"/"endorsement information"

Defendant's proposed construction should be rejected because it seeks to import improper limitations. The claim terms "bank endorsement" and "endorsement information" should be accorded their plain and ordinary meaning and not read in limitations that require printing on a physical check.

Indeed, the claim term "bank endorsement" simply means an endorsement by a bank. Ex. 12, Shamos Decl. ¶ 38. Similarly, "endorsement information" is simply data derived from an endorsement. The deposit processing disclosed in the '430 patent requires that the endorsement information be present in electronic form and not on a physical check. Ex 12, Shamos Decl. ¶ 45. Thus, Defendant's proposed construction should be rejected.

### K. "endorsing and/or voiding the one or more checks"

As discussed above, and incorporated herein, there is no requirement in the plain language of the claims nor any disclosure in the specification that requires printing on a physical check. Instead, the specification makes clear that endorsing or voiding may be accomplished electronically without printing on a physical check. '430 Patent, 2:24-29.

### III. CONCLUSION

For the foregoing reasons, PPS Data respectfully asks this Court to adopt its claim construction.

Respectfully submitted,

Dated: February 4, 2019  By: */s/Jon B. Hyland*
Victor Vital
Jon B. Hyland
BARNES & THORNBURG LLP
1717 McKinney Avenue, Suite 700
Dallas, Texas 75202-1241
Telephone: (214) 957-7728
victor.vital@btlaw.com
jon.hyland@btlaw.com

Anthony H. Son
BARNES & THORNBURG LLP
225 South Sixth Street, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 333-2111
ason@btlaw.com

*Attorneys for Plaintiff*
*PPS Data, LLC*

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 4th day of February, 2019.

>   /s/
>   Jon B. Hyland