# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| PPS DATA, LLC,<br><br>                        Plaintiff,<br><br>      vs.<br><br>JACK HENRY & ASSOCIATES, INC.,<br><br>                     Defendant. | Civil Action No. 2:18-cv-00007-JRG |

## DEFENDANT JACK HENRY & ASSOCIATES, INC.'S MOTION
## FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

# TABLE OF CONTENTS

I.    STATEMENT OF the ISSUES TO BE DECIDED BY THE COURT ............................ 1

II.   STATEMENT OF UNDISPUTED MATERIAL FACTS ................................. 2

    A.    The Asserted Patents .............................................................. 2

    B.    Claim Construction ................................................................ 3

    C.    PPS Data's Allegations, Admissions, and Acknowledgements ........................ 4

    D.    The Alleged Infringing Instrumentalities ............................................ 7

III.  Legal PRINCIPLES ......................................................................... 9

    A.    Summary Judgment ................................................................ 9

    B.    Infringement ...................................................................... 10

IV.   ARGUMENT ............................................................................... 10

    A.    Each asserted claim requires a "central system" that is "separate from the MICR capture, deposit accounting, cash management, and float processing systems for a bank of first deposit."  Under PPS Data's theory of infringement, JHA is a "bank of first deposit," with a "central system," which includes "MICR capture, deposit accounting, cash management, and float processing systems."  Accordingly, JHA cannot infringe because the "central system" is not "separate from the MICR capture, deposit accounting, cash management, and float processing systems for a bank of first deposit." ............................................................................. 10

    1.    *JHA is a "bank of first deposit."* ................................................... 11

    2.    *JHA's EPS system performs MICR capture, deposit accounting, cash management, and float processing.* ........................................................ 12

    3.    *JHA owns its "EPS" system, i.e. the "central system."* ................................ 12

    4.    *JHA cannot infringe the asserted claims because it is a "bank of first deposit" and also owns the "central system," which has MICR capture, deposit accounting, cash management, and float processing systems.* ........................................ 13

    B.    *Alternatively*, even if JHA is not a "bank of first deposit," JHA cannot infringe the asserted claims as a matter of law, because the accused "central system"—JHA's "EPS" system—is the MICR capture, deposit accounting, cash management, and float processing system *for* a bank of first deposit, and thus does not satisfy the common claim limitation "wherein the central

i

system is separate from MICR capture, deposit accounting, cash management, and float processing systems *for* a bank of first deposit." ....... 13

C.   There is no genuine issue of material fact as to JHA's noninfringement of the '956 patent. ................................................................................................. 15

V.   CONCLUSION ........................................................................................................ 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adickes v. S.H. Kress & Co.*,
  398 U.S. 144 (1970) ............................................................................................9

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................................9

*Becton Dickinson & Co. v. C.R. Bard, Inc.*,
  922 F.2d 792 (Fed. Cir. 1990) ...................................................................10, 17

*Bluebonnet Hotel Ventures, LLC v. Wells Fargo Bank, N.A.*,
  754 F.3d 272 (5th Cir. 2014) ........................................................................9, 17

*Celotex v. Catrett*,
  477 U.S. 317 (1986) ..............................................................................9, 10, 17

*Cross Med. Products., Inc. v. Medtronic Sofamor Danek, Inc.*,
  424 F.3d 1293 (Fed. Cir. 2005) .........................................................................10

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*,
  210 F.3d 1099 (9th Cir. 2000) .............................................................................9

**Statutes**

35 U.S.C. § 271(a) ..................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 56(a) ................................................................................................9

Pursuant to Federal Rule of Civil Procedure 56, Defendant Jack Henry & Associates, Inc. (JHA) moves for summary judgment of noninfringement of all asserted claims of United States Patent Nos. 7,181,430 (the '430 patent); 7,216,106 (the '106 patent); 7,440,924 (the '924 patent); 7,624,071 (the '071 patent); and 8,660,956 (the '956 patent) (collectively, the asserted patents).[1] Because there is no genuine issue of material fact as to JHA's alleged infringement of any asserted claim, this motion should be granted.

## I.      STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

 JHA is asking the court to determine its noninfringement of the asserted claims as a matter of law.  More specifically, the Court is being asked to conclude that JHA does not infringe for three reasons, for which there are no genuine issue issues of material fact:

1)    With respect to all asserted claims, PPS Data contends that JHA is a "financial institution."  Under PPS Data's infringement theory, JHA is therefore both a "bank of first deposit" and the owner of the accused "central system."  JHA's accused "central system" performs MICR capture, deposit accounting, cash management, or float processing.  Thus, JHA's "central system" does not satisfy the common claim limitation "wherein the central system is separate from MICR capture, deposit accounting, cash management, and float processing systems for a bank of first deposit."

2)    Even if JHA is not a "bank of first deposit," JHA still cannot infringe the asserted claims because JHA's accused "central system" is the MICR capture, deposit accounting, cash management, and float processing system *for* a bank of first deposit.  Thus, JHA's "central system" does not satisfy the common claim limitation "wherein the central system is separate from MICR capture, deposit accounting, cash management, and float processing systems for a bank of first deposit."

3)    Specifically as to the '956 patent, there is no genuine issue of material fact as to JHA's non-satisfaction of the claim element "wherein the central system is configured to transmit . . . to the bank of first deposit, in a transmission path that bypasses the MICR capture system of the bank of first deposit."  Thus, JHA cannot infringe.

---

[1] JHA is seeking summary judgment of noninfringement of all asserted claims.

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

 The following facts are undisputed by the parties:

### A.    The Asserted Patents

1.      Plaintiff PPS Data, LLC (PPS Data) alleges that JHA infringes the asserted patents.  (*See generally* Compl. for Patent Infringement (Compl.) (Dkt. #1); *see* Ex. A to Compl. ('430 patent) (Dkt. #1-2); Ex. B to Compl. ('106 patent) (Dkt. #1-3); Ex. C to Compl. ('924 patent) (Dkt. #1-4); Ex. D. to Compl. ('071 patent) (Dkt. #1-5); Ex. E to Compl. ('956 patent) (Dkt. #1-6).)

2.      PPS Data asserts claims 1, 4, 5, 7, 19, 22, 23, and 25 of the '430 patent; claims 1-6 and 9-11 of the '106 patent; claims 1, 5, 6, 12, 14, 16, and 17 of the '924 patent; claims 1, 5, 6, and 12 of the '071 patent; and claims 1, 5, and 6 of the '956 patent (collectively, the asserted claims).  (Pl.'s P.R. 3-1 Disclosures at 2, Ex. A hereto); emails from A. Son, counsel for Pl., to J. Heidrick, et al., counsel for Def. (Apr. 25, 2019, 10:41 AM) & (Apr. 10, 2019, 2:26 PM), Ex. B hereto (communicating PPS Data's limitation of asserted claims).

3.      Of the 31 asserted claims, eight are independent claims, identified as follows: claims 1 and 19 of the '430 patent; claim 1 of the '106 patent; claims 1 and 12 of the '924 patent; claims 1 and 12 of the '071 patent; and claim 1 of the '956 patent.  (Ex. A to Compl. ('430 patent) (Dkt. #1-2) at col. 18-col. 26; Ex. B to Compl. ('106 patent) (Dkt. #1-3) at col. 24-col. 32; Ex. C to Compl. ('924 patent) (Dkt. #1-4) at col. 17-col. 22; Ex. D. to Compl. ('071 patent) (Dkt. #1-5) at col. 18-col. 22; Ex. E to Compl. ('956 patent) (Dkt. #1-6) at col. 18-col. 19.).)

4.      Of the 31 asserted claims, 23 are dependent claims, identified as follows:  claims 4, 5, 7, 22, 23, and 25 of the '430 patent; claims 2-6 and 9-11 of the '106 patent; claims 5, 6, 14, 16, and 17 of the '924 patent; claims 5 and 6 of the '071 patent; and claims 5 and 6 of the '956 patent.  (*Id.*)

2

5.      All of the asserted independent claims of the '430 (claims 1 and 19), '106 (claim 1), '924 (claims 1 and 12) and '071 (claims 1 and 12) patents require that a "central system" be "separate from MICR capture, deposit accounting, cash management, and float processing systems for a bank of first deposit."  (Ex. A to Compl. ('430 patent) (Dkt. #1-2) at col. 18-col. 26, Ex. B to Compl. ('106 patent) (Dkt. #1-3) at col. 24-col. 32, Ex. C to Compl. ('924 patent) (Dkt. #1-4) at col. 17-col. 22, Ex. D. to Compl. ('071 patent) (Dkt. #1-5) at col. 18-col. 22.)

6.      The single asserted independent claim of the '956 patent (claim 1) requires that a "central system" be "separate from the MICR capture, deposit accounting and float processing systems for the bank of first deposit."  (Ex. E to Compl. ('956 patent) (Dkt. #1-6) at col. 18-19.)

7.      The single asserted independent claim of the '956 patent (claim 1) requires that "the central system is configured to transmit . . . to the bank of first deposit, in a transmission path that bypasses the MICR capture system of the bank of first deposit."  (*Id.*)

**B.      Claim Construction**

8.      PPS Data proposed a construction for claim term "bank(s) of first deposit" to mean "[t]he first bank to which a check is transferred; as used in the Patents, this is also the financial institution sponsoring the remote site and which owns or employs a central system for processing financial transactions."  (Claim Construction Mem. & Order (Dkt. #55) at 12.)

9.      The Court construed claim term "bank(s) of first deposit" as "financial institution(s) sponsoring the remote site and which owns or employs a central site for processing financial transactions."  (*Id*. at 17.)

10.      The Court construed claim term "remote site" as "a site that is associated with a financial institution and that is at a location physically separate from a central system."  (*Id*. at 12.)

11.     The Court construed claim term "central system" as "processing system located at a central site." (*Id*. at 22.)

12.     The Court construed claim term "separate from" to have its "plain meaning." (*Id*. at 40.)

13.     The Court construed claim term "transmission path that bypasses the MICR capture system of the bank of first deposit" to mean "a transmission that is not received by the magnetic ink character recognition capture system of the bank of first deposit." (*Id*. at 27.)

### C.     PPS Data's Allegations, Admissions, and Acknowledgements

14.     PPS Data alleges that JHA is a "financial institution." (Shamos Dep. 37:4-5, May 21, 2019, Ex. C hereto.)

15.     PPS Data alleges that the place where JHA's customers scan their checks, i.e. the customers' places of business, are "remote site(s)" in the context of the asserted claims. (*Id*. at 57:23-58:25.)

16.     PPS Data alleges that JHA's site in Lenexa, Kansas is a "central site" in the context of the asserted claims. (*See*, *e.g.*, Shamos Infringement Report at 13 fn.3, Ex. D hereto ("I note that JHA operates EPS through servers currently located at a central site in Lenexa, Kansas."); *see also id*. at Ex. C p. 2.)

17.     PPS Data alleges that JHA's Enterprise Payment Solutions, or "EPS" system, is the "central system" in the context of the asserted clams. (*See*, *e.g.*, Shamos Infringement Report at Ex. C p. 2, Exhibit D hereto ("EPS is JHA's central system for all of its RDC solutions."); Shamos Dep. 93:21-24 & 185:8-14, Ex. C hereto.)

18.     PPS Data alleges that "[i]n order to become a user of any of the Accused Instrumentalities, a user must be sponsored by a financial institution, and thus is 'associated with' a financial institution." (Shamos Infringement Report at 8, Ex. D hereto.)

4

19.     PPS Data alleges that JHA is a financial institution sponsoring the "remote site." (Shamos Dep. 58:11-25, Ex. C hereto.)

20.     PPS Data alleges that the terms "'for' a bank of first deposit" and "'of' a bank of first deposit" have the same meaning.  (Shamos Invalidity Rebuttal Report at ¶ 531, Ex. E hereto; *see* Shamos Dep. 80:6-12, Ex. C hereto.)

21.     PPS Data alleges that a system "of the bank of first deposit" is "simply a system used by the bank of first deposit, whether or not the bank of first deposit 'owns' the system." (Shamos Invalidity Rebuttal Report at ¶ 534, Ex. E hereto.)

22.     PPS Data acknowledges that a MICR capture system used by a "bank of first deposit" is a MICR capture system of the "bank of first deposit."  (Shamos Dep. 168:5-13, Ex. C hereto.)

23.     PPS Data alleges that JHA's customers, which include banks, use the "EPS" system.  (*Id*. at 96:2-4, 90:9-11 ("EPS is sending outputs to banks.  So yeah, banks are using EPS as – using Jack Henry as a feeder into their systems."); *see id*. at 97:15-20.)

24.     PPS Data alleges that JHA's customers, which include banks, employ the "EPS" system.  (*Id*. at 94:8-20.)

25.     Despite alleging that JHA is a financial institution, PPS Data alleges that JHA's bank customers are "banks of first deposit."  (Shamos Infringement Report at Ex. C p. 23, Ex. D hereto; Shamos Dep. 33:2-6, Ex. C hereto.)

26.     PPS Data acknowledges that JHA contracts directly with its banking customers for the services that JHA provides to them.  (Shamos Dep. 32:22-33:1, Ex. C hereto.)

27.     PPS Data acknowledges that if a contract requires JHA to perform certain services for a customer, then it is performing those services for the customer.  (*Id*. at 106:24-107:20.)

28.     PPS Data alleges that in the context of the asserted claims, the MICR line must be recognized.  (*Id*. at 141:6-21.)

29.     PPS Data's expert testified that:

  i.     He does not know what systems a bank of first deposit may or not actually have in place.  (*Id*. at 171:3-15.)

  ii.    He has no direct or personal knowledge of what, if any, MICR capture system any given bank of first deposit may or may not utilize.  (*Id*. at 171:16-172:10.)

  iii.   For a transaction sent by JHA's "EPS" system to a bank of first deposit, the transmission could be received by a MICR capture system of the bank of first deposit. (*Id*. at 172:19-173:14.)

  iv.    When JHA's "EPS" system sends a transmission to a bank of first deposit, he does not know whether or not a MICR capture system of the bank of first deposit receives the transmission.  (*Id*. at 175:12-19.)

  v.     Without knowing whether a MICR capture system of a bank of first deposit may or may not even be present, let alone utilized, he cannot say one way or another whether or not the MICR capture system is bypassed when a transmission is received from JHA's "EPS" system.  (*Id*. at 175:20-176:6.)

  vi.    When a bank of first deposit receives a transmission from JHA's "EPS" system, he cannot say one way or another, what, if any system of the bank of first deposit is bypassed.  (*Id*. at 177:16-24.)

  vii.   He does not know where within any system of a bank of first deposit a transmission is received from JHA's "EPS" system, or what system the transmission goes to.  (*Id*. at 177:25-178:14.)

viii.     He does not know what specific systems at a given bank of first deposit receive a transmission from JHA's "EPS" system, and that it would be different for different banks.  (*Id*. at 178:15-20.)

30.     PPS Data's expert admitted that:

i.     He presented no citations or record evidence in his report that shows what systems the banks of first deposit that JHA's "EPS" system transmits to have in place. (*Id*. at 201:15-20.)

ii.     He presented no citations or record evidence in his report that shows where within the banks of first deposit that receive transmissions from JHA's "EPS" system the transmissions are received.  (*Id*. at 201:21-202:1.)

iii.     He presented no citations or record evidence in his report that shows whether or not a given bank of first deposit that receives a transmission from JHA's "EPS" system has a MICR capture system.  (*Id*. at 202:2-7.)

**D.     The Alleged Infringing Instrumentalities**

31.     JHA owns or employs its site located in Lenexa, Kansas, and owns or employs the "EPS" system.  (*See*, *e.g.*, Shamos Infringement Report at p. 13 fn.3, Ex. D hereto ("I note that JHA operates EPS through servers currently located at a central site in Lenexa, Kansas"); *see also id*. at Ex. C p. 2; Shamos Dep. 32:7-9, Ex. C hereto.)

32.     JHA processes financial transactions at its Lenexa, Kansas cite.  (*See*, *e.g.*, Shamos Infringement Report at Ex. C p. 2, Exhibit D hereto ("EPS is JHA's central system for all of its RDC solutions that conducts deposit processing of a plurality of checks deposited at a remote site with accompanying deposit information. . . . "EPS is operated by JHA through servers located at a central site currently located in Lenexa, Kansas.").)

33.     PPS Data alleges that in order to process a transaction, the "EPS" system has "to acquire the information from the MICR line."  (Shamos Dep. 101:14-25, Ex. C hereto; *see id*. at 143:17-20 ("I think we all agree that at some point the MICR line needs to be recognized.  The characters in it have to be read.  Otherwise it's impossible to process the item."); 139:23-140:1 (for the transactions processed by the EPS system, MICR capture must be performed by some system).)

34.     PPS Data alleges that JHA's "EPS" system acquires MICR data from a MICR line.  (*Id*. at 98:16-19.)

35.     JHA's customers, which include banks, use the "EPS" system to perform MICR capture for the customers' benefit.  (*Id*. at 101:6-13; JHA-PPS-00001474 (Remote Deposit Matrix), Ex. F hereto; Quinn Dep. 76:13-17, April 1, 2019, Ex. G hereto (characterizing the Remote Deposit Capture (RDC) product as a front end system used to acquire images, MICR data, amounts, and balance batches).)

36.     JHA's "EPS" system performs deposit accounting.  (Shamos Dep. 160:15-19, Ex. C hereto; Boddu Dep. 259:17-260:22, April 2, 2019, Ex. H hereto; Quinn Dep. 252:9-17, Ex. G hereto; JHA-PPS-00002464, Ex. I hereto (flow chart showing that the "Batch Needs Balancing" decision).)

37.     JHA's "EPS" system performs float processing.  (Shamos Dep. 89:9-25, 92:9-12, 95:21-96:1, Ex. C hereto; Quinn Dep. 196:15-197:18, Ex. G hereto).)

38.     At least some banks re-brand the services of the "EPS" system as their own, such that the customer's customer (i.e. accountholders) do not know that JHA (or the "EPS "system) is involved in processing a deposit transaction.  (Quinn Dep. 24:10-14, Ex. G hereto (the

customers of a bank "don't necessarily know that Jack Henry is even involved because when they log into the website it's branded as that bank").)

## III.    LEGAL PRINCIPLES

### A.    Summary Judgment

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under this standard, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment.  *Id.* at 248.  A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  Any evidence must be viewed in the light most favorable to the nonmovant.  *See id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

The moving party has the burden to identify the basis for granting summary judgment and to supply evidence demonstrating the absence of a genuine dispute of material fact.  *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party does not have the ultimate burden of persuasion at trial, the party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Thus, summary judgment "is appropriate if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'"  *Bluebonnet Hotel*

*Ventures, LLC v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (quoting *Celotex*, 477 U.S. at 322).

### B.   Infringement

Section 271 of the Patent Act sets out a patent owner's right to recover for infringement. The statute says "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent [], infringes the patent." 35 U.S.C. § 271(a). Assessing infringement requires two steps. First, a Court must construe the claims of the patent. *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 796 (Fed. Cir. 1990). Second, "the [patentee] must establish by a preponderance of the evidence that one or more claims of the patent read on the accused device literally or under the doctrine of equivalents." *Cross Med. Products., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005). "Literal infringement requires that each and every limitation set forth in a claim appear[] in the accused [instrumentality]." *Becton Dickinson & Co.*, 922 F.2d at 796.

### IV.   ARGUMENT[2]

**A.    Each asserted claim requires a "central system" that is "separate from the MICR capture, deposit accounting, cash management, and float processing systems for a bank of first deposit." Under PPS Data's theory of infringement, JHA is a "bank of first deposit," with a "central system," which includes "MICR capture, deposit accounting, cash management, and float processing systems." Accordingly, JHA cannot infringe because the "central system" is not "separate from the MICR capture, deposit accounting, cash management, and float processing systems for a bank of first deposit."**

---

[2] For a discussion of the underlying technology at issue in this case and the scope of the asserted patents, to the extent it may be helpful or informative, JHA directs the Court to its responsive claim construction brief. (Def.'s Responsive Claim Construction Br. (Dkt. #45) at 2-6.)

10

1.      *JHA is a "bank of first deposit."*

The following undisputed facts are relevant:

- PPS Data alleges JHA is a "financial institution."[3]  (SOUMF #14.)

- The Court has construed claim term "bank(s) of first deposit" as "*financial institution(s)* sponsoring the remote site and which owns or employs a central site for processing financial transactions."  (SOUMF #9 (emphasis added).)

- The Court has construed claim term "remote site" as "a site that is associated with a financial institution and that is at a location physically separate from a central system."  (SOUMF #10.)

- PPS Data alleges that "[i]n order to become a user of any of the Accused Instrumentalities, a user must be sponsored by a financial institution, and thus is 'associated with' a financial institution."  (SOUMF #18.)

- PPS Data alleges that the place where JHA's customers scan their checks, i.e. the customers' places of business, are "remote site(s)" in the context of the asserted claims.  (SOUMF #15.)

- PPS Data alleges that JHA is a financial institution sponsoring the "remote site." (SOUMF#19.)

- PPS Data alleges that JHA's site in Lenexa, Kansas is a "central site" in the context of the asserted claims.  (SOUMF #16.)

- JHA owns or employs its site in Lenexa, Kansas, and thus owns or employs the "central site."  (SOUMF #31.)

- JHA processes financial transactions at its site in Lenexa, Kansas.  (SOUMF #32.)

Consistent with the Court's construction, JHA is a "bank of first deposit" under PPS Data's infringement theory.  PPS Data contends that JHA is a financial institution in the context of the claims—this is undisputed.  (SOUMF #14.)  JHA sponsors what PPS Data contends to be the remote site(s), i.e. the customers' place of business, where the customer scans checks—this is undisputed.  (SOUMF #s 15, 19.)  JHA owns or employs its central site in Lenexa, Kansas,

---

[3] Each "SOUMF #__" cited herein refers to the corresponding undisputed material fact as set forth in the Statement of Undisputed Material Facts section of this motion.

which processes financial transactions, and which PPS Data contends is the central site for purposes of the claims—this is undisputed.  (SOUMF #s 31, 32.)

Thus, pursuant to the Court's claim construction and PPS Data's allegations, JHA is a "bank of first deposit."

>    2.    *JHA's EPS system performs MICR capture, deposit accounting, cash management, and float processing.*

The following undisputed facts are relevant:

- The Court has construed claim term "central system" as "processing system located at a central site."  (SOUMF #11.)

- PPS Data alleges that JHA's "EPS" system is the "central system" in the context of the asserted clams.  (SOUMF #17.)

- PPS Data alleges that in order to process a transaction, the "EPS" system has "to acquire the information from the MICR line."  (SOUMF#33.)

- JHA's "EPS" system acquires MICR data from a MICR line.  (SOUMF #34.)

- JHA's customers, which include banks, use the "EPS" system to perform MICR capture for the customers' benefit.  (SOUMF #35.)

- JHA's "EPS" system performs deposit accounting.  (SOUMF #36.)

- JHA's "EPS" system performs float processing.  (SOUMF #37.)

Thus, JHA's accused "central system," i.e. the "EPS" system, performs MICR Capture, deposit accounting, and float processing.

>    3.    *JHA owns its "EPS" system, i.e. the "central system."*

The following undisputed facts are relevant:

- The Court has construed claim term "central system" as "processing system located at a central site."  (SOUMF #11.)

- PPS Data alleges that JHA's "EPS" system is the "central system" in the context of the asserted clams.  (SOUMF #17.)

- JHA owns or employs its site located in Lenexa, Kansas, and owns or employs the "EPS" system.  (SOUMF #31.)

Thus, JHA owns the "central system."

    4.    *JHA cannot infringe the asserted claims because it is a "bank of first deposit" <u>and</u> also owns the "central system," which has MICR capture, deposit accounting, cash management, and float processing systems.*

- The Court has construed claim term "separate from" to have its "plain meaning." (SOUMF #12.)

- All of the asserted independent claims of the '430 (claims 1 and 19), '106 (claim 1), '924 (claims 1 and 12) and '071 (claims 1 and 12) patents require that a "central system" be "separate from the "MICR capture, deposit accounting, cash management, and float processing systems for a bank of first deposit.  (SOUMF #5.)

- The single asserted independent claim of the '956 patent (claim 1) requires that a "central system" be "separate from the MICR capture, deposit accounting and float processing systems for the bank of first deposit.  (SOUMF #6.)

PPS Data alleges that JHA's "EPS" system is the "central system" in the context of the asserted claims.  (SOUMF #17.)  As established above, JHA is a "bank of first deposit" under PPS Data's infringement theory and the Court's construction.  And, as additionally established above, JHA's "EPS" system, i.e. the accused "central system," performs MICR capture (e.g. acquires MICR data from a MICR line), deposit accounting and/or float processing.  (SOUMF #s 33-37.)  The "EPS" system is therefore *not* "separate from" the MICR capture, deposit accounting, cash management, or float processing systems for a "bank of first deposit." Accordingly, JHA cannot infringe any of the asserted claims and the Court should enter a judgment of noninfringement as to all asserted claims.

    **B.**    ***Alternatively*, even if JHA is not a "bank of first deposit," JHA cannot infringe the asserted claims as a matter of law, because the accused "central system"—JHA's "EPS" system—is the MICR capture, deposit accounting, cash management, and float processing system *for* a bank of first deposit, and thus does not satisfy the common claim limitation "wherein the central system is separate from MICR capture, deposit accounting, cash management, and float processing systems *for* a bank of first deposit."**

13

The following undisputed facts are relevant:

- The Court has construed claim term "central system" as "processing system located at a central site."  (SOUMF #11.)

- PPS Data alleges that JHA's "EPS" system is the "central system" in the context of the asserted clams.  (SOUMF #17.)

- JHA's "EPS" system acquires MICR data from a MICR line.  (SOUMF #34.)

- JHA's customers, which include banks, use the "EPS" system to perform MICR capture for the customers' benefit.  (SOUMF #35.)

- JHA's "EPS" system performs deposit accounting.  (SOUMF #36.)

- JHA's "EPS" system performs float processing.  (SOUMF #37.)

- PPS Data alleges that, in the context of the asserted claims, the terms "'*for'* a bank of first deposit" and "'*of'* a bank of first deposit" have the same meaning. (SOUMF #20 (*emphasis* added).)

- PPS Data alleges that a system "of the bank of first deposit" is "simply a system *used by* the bank of first deposit, whether or not the bank of first deposit "owns" the system."  (SOUMF #21 (*emphasis* added).)

- PPS Data alleges that JHA's customers, which include banks, *use* the "EPS" system.  (SOUMF #23 (*emphasis* added).)

- PPS Data alleges that JHA's customers, which include banks, employ the "EPS" system.  (SOUMF #24.)

- JHA's customers, which include banks, use the "EPS" system to perform MICR capture for the customers' benefit.  (SOUMF #35.)

- At least some banks re-brand the services of the "EPS" system as their own, such that the customer's customer (i.e. accountholders) do not know that JHA (or the "EPS "system) is involved in processing a deposit transaction.  (SOUMF #38.)

- PPS Data acknowledges that JHA contracts directly with its customers for services that JHA provides to them.  (SOUMF #26.)

- PPS Data acknowledges that if a contract requires JHA to perform certain services for a customer, then JHA is performing services for the customer.  (SOUMF #27.)

The above undisputed facts establish that the alleged "central system," i.e. JHA's "EPS"

system, performs MICR capture, deposit accounting, and/or float processing.  (SOUMF #s 23,

24, 34-37.)  According to PPS Data, the terms "*of* a bank of first deposit" and "*for* a bank of first deposit" have the same meaning, and further a system "of"/"for" a bank of first deposit is "simply a system *used by* the bank of first deposit, regardless if the bank of first deposit '*owns*' the system."  (SOUMF #21.)  JHA's banking customers (the alleged "bank(s) of first deposit") use or employ JHA's "EPS" system.  (SOUMF #s 23-24.)  The "EPS" system, in turn, performs MICR capture (e.g. acquires MICR data from a MICR line), deposit accounting, and/or float processing for the benefit of its customers, e.g. "bank(s) of first deposit."  (SOUMF #s 34-37.)

Therefore, under PPS Data's infringement theory, JHA cannot infringe any claim because a "bank[] of first deposit" *uses* JHA's "EPS" system to perform MICR capture, deposit accounting, and/or float processing as part of its deposit processing services.  The alleged "central system" is therefore not "separate from the MICR capture, deposit accounting, and/or float processing systems for a bank of first deposit."  The Court should therefore enter summary judgment of noninfringement in JHA's favor.

### C.    There is no genuine issue of material fact as to JHA's noninfringement of the '956 patent.

The following undisputed facts are relevant:

- The single asserted independent claim of the '956 patent (claim 1) requires that "the central system is configured to transmit . . . to the bank of first deposit, in a transmission path that bypasses the MICR capture system of the bank of first deposit."  (SOUMF #7.)

- The Court construed the claim term "transmission path that bypasses the MICR capture system of the bank of first deposit" to mean "a transmission that is not received by the magnetic ink character recognition capture system of the bank of first deposit."  (SOUMF #13.)

- A MICR capture system that is used by a bank of first deposit, is a MICR capture system of the bank of first deposit.  (SOUMF #22.)

To prevail on its claim that JHA infringes claim 1 of the '956 patent, as well as asserted dependent claims 5 and 6, PPS Data must prove that JHA's "EPS" system, i.e. the accused

15

"central system," (i) makes a transmission to a bank of first deposit, and (ii) that the transmission is not received by the magnetic ink charter recognition capture system of the bank of first deposit.  PPS Data cannot meet this burden.

During his deposition, PPS Data's expert testified that:  he does not know what systems a bank of first deposit may or not actually have in place; he has no direct or personal knowledge of what, if any, MICR capture system any given bank of first deposit may or may not utilize; for transactions sent by JHA's "EPS" system to a bank of first deposit, the transmission could be received by a MICR capture system of the bank of first deposit; when JHA's "EPS" system sends a transmission to a bank of first deposit, he does not know whether or not a MICR capture system of the bank of first deposit receives the transmission; without knowing whether a MICR capture system of a bank of first deposit may or may not even be present, let alone utilized, he cannot say one way or another whether or not the MICR capture system is bypassed when a transmission is received from JHA's "EPS" system; when a bank of first deposit receives a transmission from JHA's EPS system, he cannot say one way or another, what, if any system of the bank of first deposit is bypassed; he does not know where within any systems of a bank of first deposit a transmission is received from JHA's "EPS" system, or what system the transmission goes to; and he does not know what specific systems at a given bank of first deposit receive a transmission from JHA's "EPS" system, and that it would be different for different banks.  (SOUMF #29(i-viii).)

PPS Data's expert further admitted that:  he presented no citations or record evidence in his report that shows what systems the banks of first deposit that JHA's "EPS" system transmits to have in place; he presented no citations or record evidence in his report that shows where within the banks of first deposit that receive transmissions from JHA's "EPS" system the

16

transmissions are received; and he presented no citations or record evidence in his report that shows whether or not a given bank of first deposit that receives a transmission from JHA's "EPS" system has a MICR capture system.  (SOUMF #30(i-iii).)

Further, PPS Data's expert could not identify a single, specific instance in his report, where he provided any citation or record evidence whatsoever, showing a MICR capture system of a bank of first deposit being bypassed upon receipt of a transmission from JHA's "EPS" system, which makes sense given the consistent line of testimony recounted in detail herein. (Shamos Dep. 202:8-203:6, Ex. C hereto.)  PPS Data's expert testimony that none of this matters is nonsensical in view of the plain language of claim 1 of the '956 patent—which requires a MICR capture system of a bank of first deposit to be bypassed in a transmission from the central system—and like his other opinions that JHA meets the subject "bypasses" limitation of the '956 patent, is baseless.

The record shows that PPS Data's expert lacks the foundational knowledge to offer any opinion that JHA meets the "transmission path that bypasses the MICR capture system of the bank of first deposit" limitation as construed by the Court.  It also shows that he does not possess the necessary evidence to offer such an opinion, and he certainly did not cite to it or include it in his report.  It follows that PPS Data's expert cannot offer an opinion that JHA meets each and every limitation of the asserted claims of the '956 patent, and thus cannot opine that JHA infringes the '956 patent.  *See Becton Dickinson & Co.*, 922 F.2d at 796.  Accordingly, PPS Data cannot "make a showing sufficient to establish the existence of an element essential [to its infringement] case" as to the '956 patent, and summary judgment of noninfringement is appropriate.  *See Bluebonnet Hotel Ventures, LLC*, 754 F.3d at 276 (quoting *Celotex*, 477 U.S. at 322).

## V.     CONCLUSION

JHA prays that this motion be granted, that the Court determine that it does not infringe any of the asserted claims as a matter of law, and for all other relief to which it may be entitled.

Dated:  June 7, 2019.                            Respectfully submitted,


By:  s/Jason A. Wietjes
     Jason A. Wietjes
     Texas Bar No. 24042154
     jwietjes@polsinelli.com

     POLSINELLI PC
     2950 N. Harwood St., Ste. 2100
     Dallas, TX 75201
     Telephone:  (214) 661-5519
     Facsimile:  (214) 594-5540

     Russell S. Jones
     Kansas Bar No. 26636
     Missouri Bar No. 30814
     rjones@polsinelli.com
     Jay E. Heidrick
     Kansas Bar No. 20770
     Missouri Bar No. 54699
     jheidrick@polsinelli.com

     POLSINELLI PC
     900 W. 48th Place
     Kansas City, MO 64112
     Telephone:  (816) 753-1000
     Facsimile:  (816) 753-1356

     Adam Daniels
     California Bar No. 296466
     adaniels@polsinelli.com

     POLSINELLI LLC
     2049 Century Park E., Ste. 2900
     Los Angeles, CA 90067
     Telephone:  (310) 556-6754
     Facsimile:  (310) 556-1802

     Randal S. Alexander
     Illinois Bar No. 6298199
     ralexander@polsinelli.com
     POLSINELLI PC
     150 N. Riverside Plaza, Ste. 3000
     Chicago, Illinois 60606
     Telephone:  (312) 819-1900
     Facsimile:  (312) 819-1910

19

Jason D. Mazingo
Texas Bar No. 24055925
jason@mazingofirm.com

The Mazingo Firm, P.C.
102 N. College, Ste. 1033
Tyler, TX 75702
Telephone:  (903) 630 7123
Facsimile:  (903) 218-7849

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on June 7, 2019 in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Federal Rule Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by e-mail on June7, 2019.

By:  s/Jason A. Wietjes
Jason A. Wietjes

20