**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PPS DATA, LLC | |
| vs. | CIVIL ACTION No. 2:18-cv-0007-JRG |
| JACK HENRY & ASSOCIATES, INC. | |

**PLAINTIFF PPS DATA, LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE**
**CERTAIN EXPERT OPINIONS OF WILLIAM MICHALSON, PH.D.**

## I.    INTRODUCTION

JHA does not even dispute that it violated the Court's Discovery Order, Local Patent Rules, and the Federal Rules of Civil Procedure.  It admits that it failed to disclose the noninfringement theories and documents it now seeks to present through its expert.  Likewise, JHA admits that it did not disclose the anticipation theories and specific obviousness combinations presented by its expert.  JHA's proclaimed justification is that it was not JHA's obligation to follow the rules, but rather it was PPS's obligation to have forced JHA to obey the Court's orders and rules.  This is plainly insufficient.  PPS's motion to strike should be granted.

## II.    ARGUMENTS AND AUTHORITIES

### A.    The Court Should Strike Dr. Michalson's Opinion Based on Undisclosed Source Code.

JHA spends much of its response complaining that PPS Data should have requested to inspect JHA's source code.  JHA simply ignores the fact that JHA had an affirmative obligation to produce documents that are relevant to its defenses, regardless of whether PPS Data requests the production of such documents or seeks to inspect it.  Discovery Order [Dkt. No. 21] at ¶ 3(b).  If JHA was planning to rely on its source code as part of its defense, it was obligated to produce at least the portions it was relying upon.  While JHA identified as part of its P.R. 3-4(a) disclosure that "[s]ource code for the accused instrumentalities may also provide further operational disclosure," (Dkt. No. 78-3 at 43) that disclosure says nothing about whether JHA is relying on its source code to support its defense of non-infringement.  In an effort to narrow the issues in dispute, PPS served an interrogatory seeking JHA's noninfringement position and identification of documents that supported its noninfringement position.  JHA provided a full response to PPS' interrogatory but did not disclose its source code as supporting its

noninfringement defense.[1] Dkt. No. 78-2. Understandably, because JHA did not identify its source code, PPS did not waste its resources to review source code that JHA did not even identify as relevant to its noninfringement defense.

JHA's argument that it "incorporated by reference its P.R. 3-3 & 3-4 Invalidity Contentions as part of its substantive response" is likewise insufficient. Opp. [Dkt. No. 88] at 3. JHA stated only: "Additionally, JHA does not infringe the asserted claims as the claims are invalid as fully set forth in JHA's invalidity contentions and JHA's pending motion for judgment on the pleadings, which are incorporated herein by reference." (Dkt. No. 78-2 at 10.) JHA's response is nothing more than the recognition of the axiom that "one cannot infringe an invalid patent." *Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1368 (Fed. Cir. 2013), reversed on other grounds, 135 S. Ct. 1920 (2015). To suggest that this statement was a disclosure that JHA was relying on undisclosed source code to support its noninfringement defense is disingenuous. Indeed, nowhere in the response does it even reference its P.R. 3-4(a) disclosure.

**B.      The Court Should Strike Dr. Michalson's Infringement Opinions Based on the Undisclosed Contentions.**

JHA does not dispute that the specific noninfringement theories that are subject to this motion to strike were not disclosed. Instead, JHA relies on a denial that the accused instrumentalities infringe because they do not meet or satisfy each and every element of the asserted claims. Opp. at 5. Of course, that is true of all noninfringement defenses because infringement requires that the accused instrumentalities meet or satisfy each and every element of the asserted claims. Such a response, however, is no different than a patentee providing an

---

[1] JHA's argument that PPS sought JHA to supplement other responses but not JHA's Response to Interrogatory No. 5 is irrelevant and misplaced. PPS did not seek supplemental response to JHA's noninfringement theories because unlike its other responses, JHA did not rely on Rule 33(d) without identifying the specific documents and instead provided a full response.

infringement contention that the accused instrumentalities meet or satisfy each and every element

of the asserted claim and nothing more.  Both do not satisfy the disclosure obligations required

by this district.  But JHA's interrogatory response did not end there.  JHA proceeded to provide a

full response identifying several noninfringement theories, but admittedly not the

noninfringement theories that are subject to this motion.[2]

JHA's reliance on *Kaist IP US LLC v. Samsung Elecs. Co.* and *Beneficial Innovations,*

*Inc. v. AOL LLC* is without merit.  Nothing in *Kaist* precludes contention interrogatories,

including one directed to a party's noninfringement defense.  Moreover, unlike *Kaist*, in this case

the Court's Discovery Order *expressly* authorized PPS's contention interrogatory.  Dkt. No. 21 at

¶ 5 ("A maximum of 25 interrogatories, including contention interrogatories, are permitted for

each side. . . In the absence of agreement among the parties, contention interrogatories, if

requested, shall first be addressed by the party with the burden of proof.  The adequacy of all

interrogatory answers shall be judged by the level of detail each party provides; i.e., the more

detail a party provides, the more detail a party shall receive.")  PPS provided its P.R. 3-1

infringement contentions on April 20, 2018, long before serving its interrogatory seeking JHA's

noninfringement theories.  Moreover, the Discovery Order set forth the requisite level of details

required in response to the contention interrogatory, which required more than that the accused

instrumentalities do not meet the all elements rule.  Similarly, *Beneficial* ordered the Defendants

to provide full and complete answers to the interrogatory seeking non-infringement contentions.

*Beneficial*, 2:07-cv-555-TJW-CE, Dkt. 260, (E.D. Tex. May 26, 2010).

---

[2] PPS identified three noninfringement theories that are subject to this motion in its opening
brief.  Dkt. No. 78 at 7.  Since the opening brief, PPS has withdrawn claims directed to the
noninfringement theories identified as "(iii) the accused products allegedly do not meet 'hard
copy' elements of so-called 'printing claims.'"  Only undisclosed noninfringement theories (i)
and (ii) remain for the Court's resolution.

Finally, JHA's complaint that PPS's interrogatory was seeking premature disclosure of JHA's expert opinions is also without merit.  There is a difference between setting forth a party's contention, which provides notice of *theories*, and an expert report which may provide support for those disclosed theories.  An "expert report cannot introduce theories not previously set forth in [contentions.]"  *Realtime Data LLC v. NetApp, Inc.*, No. 6:16-CV-00961-RWS, 2017 WL 4844254, at *1 (E.D. Tex. Oct. 26, 2017) (citing *Roy-G-Biv Corp. v. ABB, Ltd.*, 63 F. Supp. 3d 690, 699 (E.D. Tex. 2014)).

C.    **The Court Should Strike Dr. Michalson's Anticipation Opinions as to the '430 and '106 Patents Based on Undisclosed Anticipatory References.**

JHA's response admits that its P.R. 3-3 invalidity contentions did not disclose Phillips, Jones, Geer '258, Slater, and Archarya references as anticipating the '106 patent or that Archarya anticipates the '430 patent.  JHA also does not contest, indeed it does not even attempt to distinguish, the cases cited by PPS striking expert opinions when the expert goes beyond the theories disclosed in the invalidity contentions.  *See, e.g., Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-CV-158, 2008 WL 7180756, at *4 (E.D. Tex. May 1, 2008); *Tyco*, 2009 WL 5842062, at *1–2; *LML Patent Corp. v. JPMorgan Chase & Co.*, Case No. 08-CV-448, 2011 WL 5158285, at *4 (E.D. Tex. Aug. 11, 2011).  Moreover, JHA's argument that the undisclosed theories are the product of its expert's independent analysis misses the point.  While an expert must perform his/her own independent analysis of the *disclosed* theories, he/she cannot introduce theories that were not previously set forth in the party's contentions.  *Realtime Data*, 2017 WL 4844254, at *1.  Recognizing the futility of its arguments, JHA concludes suggesting that Dr. Michalson should be permitted to testify regarding anticipation as it relates to Gregorie and Lowrey.  Opp. at 9.  But Dr. Michalson's expert report does not provide an anticipation opinion based on Gregorie and Lowrey, and mere reliance on the invalidity contention is the exact type of non-

4

independent analysis that is routinely stricken.

> **D.** **The Court Should Strike Dr. Michalson's Obviousness Opinions Because None of the Specified Combinations Were Disclosed Under P.R. 3-3.**

JHA's admits that it did not disclose any specific obviousness combinations in its invalidity contentions in violation of P.R. 3-3(b).  Instead, JHA conflates the *separate* requirements of P.R. 3-3(b), which requires identification of combinations, with the requirements of P.R. 3-3(a) and (c) which requires identification of the references and a claim chart.  Mere compliance with P.R. 3-3(a) and (c) does not excuse JHA's failure to comply with P.R. 3-3(b).  Indeed, JHA does not contest or distinguish the cases PPS cited that strike expert reports for failure to comply with P.R. 3-3(b).  *See, e.g.*, *LML Patent Corp.*, 2011 WL 5158285, at *4; *Anascape, Ltd.* 2008 WL 7180756, at *3–4.

JHA's reliance on *Rmail Ltd., et. al v. Amazon.com, Inc. et al*, No. 2:10-cv-0258-JRG, Dkt. 924, at 7–8 (E.D. Tex. June 12, 2019) is misplaced.  The Court's decision there was not based on the "boilerplate language" but rather an examination of the claim charts to determine whether specific combinations were identified.  The claim charts in *Rmail Ltd.*, identified a primary reference, and for specific claim elements, identified specific references that when combined with the primary reference rendered the claim obvious.  *See Rmail Ltd.*, Dkt. 737-2, (E.D. Tex. April 30, 2019) at 5.  Moreover, the claim charts provided specific motivation to combine based on those specific combinations on an element-by-element basis.  *Rmail Ltd.*, Dkt. 737-3, (E.D. Tex. April 30, 2019).  In contrast, in this case that JHA did not provide anything close that level of specificity, and only provided a boilerplate statement that any identified reference, both charted and uncharted, may be combined and a boilerplate motivation to combine statement that allegedly is applicable to every one of the conceivable thousands of combinations.  JHA's obviousness combinations should be stricken.

Dated: July 1, 2019

Respectfully submitted,

By: */s/ Anthony H. Son*
Anthony H. Son
Matthew C. Ruedy (*pro hac vice*)
Kaveh Saba (*pro hac vice*)
Steven A. Maddox (*pro hac vice*)
Jeremy J. Edwards (*pro hac vice*)
MADDOX EDWARDS PLLC
1900 K Street NW, Suite 725
Washington, D.C. 20006
(202) 830-0707
ason@meiplaw.com
mruedy@meiplaw.com
ksaba@meiplaw.com
smaddox@meiplaw.com
jedwards@meiplaw.com

*Attorneys for Plaintiff PPS Data, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 1st day of July, 2019.

*/s/ Anthony H. Son*      
Anthony H. Son
