# EXHIBIT G

PPS Data's Proposed Jury Instructions

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| PPS DATA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JACK HENRY & ASSOCIATES, INC., <br><br> Defendant. | Civil Action No. No. 2:18-cv-0007-JRG |

**PPS DATA'S PROPOSED JURY INSTRUCTIONS**

# **TABLE OF CONTENTS**

PLAINTIFF'S PROPOSED PRELIMINARY INSTRUCTIONS ................................................. 1

I.   Preliminary Instructions.................................................................................................. 1

   Outline of trial................................................................................................................ 1

   What a patent is and how a patent is obtained. ............................................................. 2

   Burdens of proof: preponderance of the evidence vs. clear and convincing evidence. ................................................................................................................. 3

   Evidence.......................................................................................................................... 3

   Do not talk to others....................................................................................................... 6

   1.   Patent at issue............................................................................................... ~~7~~5

   2.   Overview of applicable law ......................................................................... 7

PROPOSED POST TRIAL JURY INSTRUCTIONS...................................................... 9

I.   General Introduction .................................................................................................... 9

II.   Evidence, Burden of Proof, and Credibility.............................................................. 10

   Preponderance of the evidence / Clear and convincing evidence................................. 10

   Evidence in the case; Credibility of witnesses; Expert witnesses................................. 10

   Depositions – use as evidence....................................................................................... 11

III.   Substantive Law.......................................................................................................... 12

   Patent infringement – generally. .................................................................................. 12

   The patents-in-suit and claim construction. .................................................................. 13

   Direct infringement: Knowledge of the Patent and Intent to Infringe are Immaterial. ....................................................................................................... 14

   Patent invalidity – generally. ........................................................................................ 15

   Person of skill in the art. ............................................................................................... 15

   Anticipation – generally................................................................................................ 16

Prior art – definition................................................................................................ 16

Obviousness – generally. ....................................................................................... 17

Obviousness – differences between the invention of the claims and the prior art............ 18

Obviousness – objective indications concerning obviousness........................................ 19

Obviousness – summary. ....................................................................................... 19

Written description requirement. ............................................................................ 20

Enablement. ....................................................................................................... 21

Damages – introduction. ....................................................................................... 22

Reasonable royalty damages – definition. ................................................................ 23

Reasonable royalty damages – relevant factors. ....................................................... 24

IV.   Closing Instructions ........................................................................................ 27

Election of a foreperson. ....................................................................................... 27

Verdict – Unanimous – Duty to deliberate. ............................................................... 27

Outside communication. ........................................................................................ 28

Jury's responsibility. ............................................................................................ 28

Communications between Court and Jury During Deliberations. .................................... 29

## PLAINTIFF'S PROPOSED PRELIMINARY INSTRUCTIONS

**I.      Preliminary Instructions**

**Outline of trial.**

The trial will now begin, but before we start I want to give you an overview of what to expect. The trial starts with each side making an opening statement, which is basically an outline of where the trial is going to go. The opening statement is not evidence you consider as support for any of the issues in this case. Rather, it is an opportunity for the lawyers to explain what they expect the evidence will show.

Next we will start with the evidence. The evidence is typically in the form of live witnesses, with cross-examination, and most likely some deposition evidence as well. A deposition is recorded testimony from a witness who was not able to be at trial. But the deposition evidence can be just as important as live evidence you hear in court.

At the end of the case, I will give you instructions about the law. Those legal instructions are important because that is the law you will apply to the facts of this case. I will give you a copy of my instructions, so you will not need to memorize what I am saying. The lawyers will then come back and make closing arguments, after which you will begin your deliberations.

You will see that each of you have been provided a notebook. You are all free to take notes as the trial goes on, but I would caution that taking notes is not for everyone. For some people, taking notes can actually prevent you from listening and learning about the case. If you feel taking notes would help you, please do so. But if you feel like taking notes would be counterproductive, I am here to tell you that you are under no obligation to take notes. Do what works for you.

You have already heard some of the legal terms we will be getting into, and I do not want to bother you with information you already know. But lawyers sometimes use technical terms and I want to provide you with some background terminology. The first is, when someone refers to a

"party," that is just either the plaintiff – here PPS Data, the party who is alleging infringement – or the defendant – here Jack Henry & Associates, Inc., the party who is alleged to have infringed the patent. As I work through my comments, I will define some other terms for you along the way.

**Authorities**: Based upon jury instruction transcript from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 318, pp. 2-5, Filed 6/28/2012.

**What a patent is and how a patent is obtained.**

The next thing I want to do is discuss the nature of this case. You saw the video earlier about how the patent system works. So very briefly, a person who invents something can get a patent from the United States Patent and Trademark Office (sometimes called "the PTO") to protect that invention. After the inventor applies for the patent, an Examiner reviews the application to determine whether or not the invention is patentable (that is, whether the invention and the description of the invention is appropriate for patent protection). If, after what can be a lengthy back and forth between the inventor and the Examiner, the PTO gives the inventor a patent, that means the inventor, for 20 years, can keep others from using, making, or selling that invention (unless of course a person using the invention gets permission from the patent holder).

A violation of the patent holder's rights is called infringement. The patent holder may try to enforce a patent against persons believed to be infringers. But this does not mean the patent holder can sue anyone. It just means that the patent holder is protected if it turns out someone else is using a method or product that falls within the scope of the patent. So if, for example, the patent owner sues somebody and says they are infringing the patent, the person accused of infringing the patent can say that their method or product is actually quite different than what is covered by the patent.

Another thing that often happens is that a person who is being sued for infringement will say that the patent is invalid for some reason. For a patent to be valid, the invention needs to be

new, not obvious, and meet the written description and enablement requirements of the patent laws. We will discuss these issues later. The parties will spend some time on these terms, but for now you can know that if a party being sued can show by clear and convincing evidence that the patent is invalid, then the patent holder does not have a lawsuit.

**Authorities**: Based upon jury instruction transcript from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 318, pp. 6-7, Filed 6/28/2012.

**Burdens of proof: preponderance of the evidence vs. clear and convincing evidence.**

Before moving on, I also want to discuss the different burdens of proof for this case. The normal burden of proof in a civil case like this is the "preponderance of the evidence" standard. That is, if it is a little more on one side than the other, you go with the side that has a little more force to it or is a little more persuasive. We use the word burden because that means the party that has the burden is the party that must persuade you, even if only by a little. If, at the end of the trial, you are not persuaded by the party who has the burden, then that party loses.

The other standard of proof is the clear and convincing evidence standard. This standard applies, for example, to the question of patent validity. Clear and convincing evidence means what it sounds like; that in order for you to be satisfied that something has been proven by clear and convincing evidence – e.g., that a patent is invalid – then you must be left with a clear conviction that the fact in question has been proved. You should understand that it is harder to prove something by clear and convincing evidence than by a preponderance of the evidence.

**Authorities**: Based upon jury instruction transcript from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 318, p. 8, Filed 6/28/2012.

**Evidence.**

I want to next talk to you about evidence. Evidence is what you will hear in court, but there are some things that are not included in evidence. For example, the arguments and statements by the lawyers are not evidence. When the lawyers make their opening and closing statements to you,

that is not evidence. That is designed to help you interpret and understand the evidence in this case. So, if a lawyer says something, that something needs to be backed up by actual evidence in this case in order for you to give it any credit. You do not just take a lawyer's word at face value.

I will also note that there will be objections to some evidence, and you may hear the lawyers and myself discussing objections to evidence. Objections are not evidence, and the discussions I have with the lawyers are not evidence. These are just things you should disregard in terms of deciding what you make of the evidence. Similarly, I may at some point tell you to disregard particular testimony because, for legal reasons, you are to do that. If I tell you to disregard testimony, you are to not consider that testimony as the evidence in this case.

**Authorities**: Based upon jury instruction transcript from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 318, pp. 9-10, Filed 6/28/2012.

**Expert Witnesses.**

I also want to talk with you briefly about expert witnesses. When knowledge of a technical subject may be helpful to you jurors (like in this patent case), a person who has special training or experience in that particular field—we refer to them as expert witnesses—is permitted to testify about his or her opinions on technical matters.

You are not required to accept an expert's or any other witness's opinions at all. It is up to you to decide whether you believe an expert witness, or any witness for that matter, whether you believe that what that witness is telling you is correct or incorrect, or whether or not you want to believe what they say.

I anticipate there will be expert witnesses testifying in support of each side in this case, but it will be up to you to listen to their qualifications, and when they give opinions and explain the bases for those opinions, you will have to evaluate what they say, whether you believe it, and to what degree, if any, you want to give those opinions weight.

**Authorities**: Adapted from *Rembrandt Wireless Techs. LP v. Samsung Elecs. Co. Ltd.*, No. 2:13-cv-213-JRG, Jury Instructions, Dkt. No. 290, Tr. at 22 (Feb. 9, 2015).

**Ruling on Objections.**

During the trial, it's possible that the lawyers from time to time will make certain objections, and I'll make rulings on those objections. It is the duty of an attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not proper under the orders of the Court, Federal Rules of Civil Procedure, and the Federal Rules of Evidence.

If I sustain an objection to a question addressed to a witness, then you must disregard the question entirely, and you may draw no inference from the wording of it or speculate about what the witness would have said, if I had permitted the witness to answer the question.

However, if I overrule the objection, then you should consider the question and the answer just as if no objection had been made. Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate an opinion as to the weight or effect of such evidence.

If you are shown an exhibit, it means the Court has already ruled that it is admissible, and counsel can present the exhibit and ask such questions as they believe are proper to put it in context.

**Authorities**: Adapted from *Rembrandt Wireless Techs. LP v. Samsung Elecs. Co. Ltd.*, No. 2:13-cv-213-JRG, Jury Instructions, Dkt. No. 290, Tr. at 23-26 (Feb. 9, 2015).

**Direct and Circumstantial Evidence.**

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no

distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.

Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Authorities**: Adapted from Ninth Circuit Jury Instructions Committee, Ninth Circuit Manual of Model Jury Instructions (2007), Instruction No. 1.9.

### Demonstratives.

Certain exhibits shown to you during the trial were illustrations, charts, or summaries. We call these types of exhibits "demonstrative exhibits" or "demonstratives." Demonstratives are a party's description, picture, or model to describe something involved in this trial. If your recollection of the evidence differs from the demonstratives, you should rely on your recollection.

Demonstratives are sometimes called "jury aides." While demonstratives are not themselves evidence, a witness's testimony about a demonstrative is evidence.

**Authorities**: Adapted from *Hitachi Consumer Elecs. v. Top Victory Elecs.*, No. 2:10-cv-260-JRG, Jury Instructions Dkt. No. 351, Tr. at 25(April 12, 2013); *DDR Holdings LLC v. Digital River, Inc. et al.*, 2:06-CV-JRG, Proposed Final Jury Instructions, Dkt. No. 519 at 3 (Oct. 12, 2012); Fifth Circuit Pattern Jury Instructions (Civil) (2016).

### Do not talk to others.

We are about to get started with the opening statements, but I first want to make some final comments. During the trial, you may find that people want to talk to you about the case. This is very natural and quite common. You go home, somebody wants to know what the case is all about and so forth. As much as you might want to talk about the case, you need to tell that person that you cannot discuss the case until it is over. Now, you can tell them that you were selected for jury.

And you can tell them it is a civil jury, and not a criminal jury. But that is as much as you should say.

The reason is, once you start down the path of talking about the case, you never know what will happen. You might talk to someone who says that they sat on a case like that, and here is what happened in my case, and so on.

We do not want that. You really want to focus entirely on the evidence in *this* case. So if anybody does talk to you about the case, or starts to talk to you about the case, just tell them that you cannot discuss the case until it is over. Once it is over, you can talk to anybody you want.

The same goes for not sharing any of your views about the case on any social network, like Facebook, Twitter, or anything like that. And on a similar topic, you should not be doing your own independent research on the internet; not about the law, the products, the companies, or the lawyers.

And finally, this is a small world and you may run across the lawyers in this case in the courthouse or around town. The lawyers will not speak with you. Maybe a nod, but they will not speak with you. This is not because they are not friendly. They are. But they understand that they are not supposed to have any contact with you. So please do not go up to them and chat with them. If you forget this and you happen to say hello, and they just sort of nod back, that is why.

**Authorities**: Based upon jury instruction transcript from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 318, pp. 10-12, Filed 6/28/2012.

1.    **Patent at issue**

Before we get started, I want to provide you with a little more background information about this case. In this case, Plaintiff PPS Data, LLC, or PPS, claims that Defendant Jack Henry & Associates, Inc., or Jack Henry, infringes United States Patent Number 7,181,430, 7,216,106, 7,440,924, and 7,624,071. These patents collectively will be referred to as the "Patents-in-Suit"

or individually by their last three numbers, as the '430 patent, '106 patent, '924 patent, or '071 patent.

The Patents-in-Suit are all entitled "Method and System for Processing Financial Instrument Deposits Physically Remote from a Financial Institution." The '430 patent issued on February 20, 2007.  The '106 patent issued on May 8, 2007.  The '924 patent issued on October 21, 2008.  The '071 Patent issued on November 24, 2009.  All of the patents are share the same priority date of April 28, 2000.  The patent's inventors are Danne Buchanan and William Ronald Titus. The inventors assigned the patent to NetDeposit, which is the name that PPS Data used until October 2010.  PPS Data is now the sole owner of the Patents-in-Suit.  I will refer to PPS Data as the "the plaintiff" throughout my instructions to you.

The invention claimed in the Patents-in-Suit relates to remote deposit capture.  Remote deposit capture, or what we will sometimes refer to as "RDC," is a system or method for remotely accepting a check for deposit and electronically processing the deposit without physically routing the original paper check.  Prior to the invention, the depositing and clearing of checks required individuals and businesses to take physical checks and deposit them with a financial institution.  The physical checks are then taken to a processing center (either at the financial institution or with a vendor). The processing center would use large sorters that would read the magnetic ink character recognition data or what we will sometimes refer to as "MICR" data on the bottom of the check which includes the ABA routing information and account number and make a copy of the front and back of the check.  The sorter would then use the MICR data to separate the checks and those checks are then sent to various clearinghouses or the Federal Reserve Bank for presentment and settlement.  The invention in this case involves a specific implementation of remote deposit capture where the individuals and businesses no

longer need to take the physical checks and deposit them with a financial institution and the

checks are processed in a manner that bypasses various systems of a bank of first deposit

including the large sorters.

Jack Henry offers numerous remote deposit products and services, including under the

tradenames mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit

Express, Remote Deposit Now and Remote Deposit Scan.  PPS contends that Jack Henry

infringes claims 1, 7, 19 and 25 of the '430 patent, claims 1 - 6 and 9 of the '106 patent, claims

1, 12 and 14 of the '924 patent, and claims 1-12 of the '071 patent by making, using, offering to

sell and selling Jack Henry's remote deposit products and services that I previously identified.

PPS Data seeks a reasonable royalty for Jack Henry's alleged infringement.  Jack Henry

contends that it does not infringe any of the claims of the Patents-in-Suit and that those claims

are invalid and that no damages are owed.

2.     **Overview of applicable law**

In this case, you will be asked to consider specific legal issues like infringement and

invalidity. I will give you an overview of those issues now and will review them in more detail

before the case is submitted to you for your verdict.

The first issue you will be asked to decide is whether PPS Data has demonstrated that it is

more likely than not that Jack Henry has infringed the claims of the patents-in-suit. PPS Data

says that Jack Henry infringes the patents-in-suit by making, using, offering to sell and selling

Jack Henry remote deposit products and services.  After the trial, I will provide more detailed

instructions about the requirements for infringement in this case.

Another issue you will be asked to decide is whether each asserted claims of the patents-

in-suit are invalid, as Jack Henry says. A patent may be invalid for a number of reasons,

including because it claims subject matter that is not new or is obvious. For a claim to be invalid

because it is not new, Jack Henry must clearly convince you that the exact same invention is contained in a single previous printed publication or patent. We call these previous printed publications or patents "prior art." If a claim is not new, it is said to be anticipated.

Jack Henry also says that claims in PPS Data's patents-in-suit are invalid because they are obvious. Even though the exact same invention is not in one single piece of "prior art," the claim could still be invalid if it would have been obvious to a person of ordinary skill in the relevant field at the relevant time. After the trial, I will provide you detailed instructions on how to decide whether Jack Henry has presented clear and convincing evidence that any claim is obvious.

Jack Henry further contends that the patents-in-suit are invalid because the written part of the patent does not meet certain requirements. To be valid, a patent needs to provide a "written description." This means the patent needs to demonstrate that the inventors had the invention as broadly as is stated in the patent claims. The description portion of the patent also needs to meet the "enablement" requirement. This means the description portion of the patent needs to be adequately clear for a person of skill in the relevant field, at the relevant time, to use the invention without a lot of his or her own excessive experimentation. After the trial, I will provide you detailed instructions on these questions as well.

Jack Henry also contends that the that the elements of the asserted claims are directed to well-understood, routine, and conventional activities understood by a person of skill in the art as of April 28, 2000, the priority date of the patents-in-suit.  You must decide if the elements of the asserted claims when taken individually or as a combination, involve well-understood, routine, and conventional activities or components previously known to the industry.  Whether a particular technology was well-understood, routine, and conventional goes beyond what was

simply known it the prior art.  The mere fact that something was disclosed in a piece of prior art, for example, does not mean that it was well understood, routine, and conventional.

If you decide that any claim of the patents-in-suit has been infringed and is not invalid, you will then need to decide any money damages to be awarded to PPS Data as compensation for the infringement. Under the law, if a valid claim of a patent has been infringed, PPS Data is entitled to no less than what is called a "reasonable royalty," which is what PPS Data is seeking in this case. I will instruct you later on the meaning of a reasonable royalty. The reasonable royalty damages you award are meant to compensate PPS Data, not to punish Jack Henry. After the trial, I will give you more detailed instructions on how to calculate reasonable royalty damages.

That is all I have for now. At this point, I think we are ready for opening statements.

## PROPOSED POST TRIAL JURY INSTRUCTIONS

**I.     General Introduction**

You have heard the evidence and the arguments from each party's lawyers. I will now instruct you on the law that you must apply. Remember, though, that you are the judges of the facts.  When I am done, you will hear some final arguments from the lawyers, and you will then decide the case.

The legal term for what I am going to give you is the jury charge, or the Court's instructions. These instructions will be a little lengthy, and they may be a little difficult to follow at times. That is because the applicable law for this case is fairly complex. To help you, I have made copies of the instructions that will be available for your use in the jury room. I mention this so you do not feel compelled to take notes right now; in fact I would suggest that you just listen to these instructions.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. When they do, you should keep in mind that statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist you in understanding the evidence and the parties' contentions.

When you return to the jury room, you will apply the law as I state it to you to the facts as you find them. In doing so you should not single out one instruction alone as stating the law. Instead, you need to consider these instructions as a whole. I will also note that you should not be concerned with any wisdom of the applicable law that I state to you. Finally, please note that nothing I may have said or done during the course of the trial is intended to suggest, or should be taken by you as indicating, what I think your verdict should be.

<u>**Authorities**</u>: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 8-9, Filed 6/28/2012.

## II.   Evidence, Burden of Proof, and Credibility

**Preponderance of the evidence / Clear and convincing evidence.**

I am going to start by returning to the subject of the burden of proof, which we briefly discussed at the beginning of the case.

For some of the issues in this case, like whether Jack Henry infringes the patents-in-suit, the applicable burden of proof is the preponderance of the evidence standard. The preponderance of the evidence standard means that a party who is asserting a particular claim must persuade you that the evidence for each element of the party's claim is more likely to be true than untrue. If the evidence fails to persuade you that a necessary element of a party's claim is more likely to be true than untrue, then you should find in favor of the other party on that particular claim.

As I said before trial, some issues, like whether PPS Data's patent is invalid, have a different, higher burden of proof. For these issues, the applicable burden of proof is the clear and convincing evidence standard. This is a higher standard of proof than the preponderance of the evidence standard, meaning it is harder to show something by clear and convincing evidence than by a preponderance of the evidence. The clear and convincing evidence standard means that a party who is asserting a particular claim must leave you with a clear conviction or belief that the evidence supports the claim. If the evidence does not leave you with such a clear conviction, you should find in favor of the other party for that particular claim.

<u>**Authorities**</u>: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 9-10, Filed 6/28/2012.

**Evidence in the case; Credibility of witnesses; Expert witnesses.**

Your job as finders of fact is to weigh the evidence in this case, including the testimony of the various witnesses you have heard, any exhibits that have been introduced as evidence, and any facts that the parties have agreed are true (i.e., facts to which the parties "stipulated"). As a

reminder, the lawyers' statements and characterizations of the evidence are not evidence. While the opening and closing arguments may be helpful, you should rely on your memory and your own evaluation of the evidence.

As part of your job as jurors, your task is to weigh the testimony of the witnesses. This is a job well-suited for jurors like yourselves. For example, if two witnesses offer testimony that is in conflict, you should use your common sense in deciding which witness you think is more believable. You can consider, for example, each witness's intelligence, motive, state of mind, and demeanor or manner while on the stand. If there is a question as to the relative expertise of particular witnesses, again, you should use your common sense to decide which witness you find more knowledgeable. After making your own judgment, you will give the testimony of each witness whatever weight you feel is appropriate. In short, you may accept or reject the testimony of a witness in whole or in part.

The fact that a witness testified as an expert does not mean that you must accept that witness's opinions as true. As with the other witnesses, it is up to you to decide whether you find that testimony convincing.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 10-11, Filed 6/28/2012.

### Depositions – use as evidence.

During the trial, some of the testimony was presented not through a live witness, but by a deposition. A deposition is a recording of a witness's sworn answers to questions that were asked by the party's lawyers before the trial. The deposition testimony that you heard at trial is entitled to the same consideration as any other evidence in the case, and is to be judged as to credibility and weight the same as if the witness had been present and testified from the witness stand.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, p. 11, Filed 6/28/2012.

### III.     Substantive Law

**Patent infringement – generally.**

I am going to start with PPS Data's claim that Jack Henry has infringed its patents-in-suit. What is patent infringement? Once a patent is issued by the Patent Office, the holder of the patent, if the patent is valid, has the right to stop others from practicing or using the patent throughout the United States. This right to exclude lasts 20 years. Patent infringement occurs when a person uses a product or method that is covered by the scope of the patent, and does so without the patent owner's permission.

How do we decide the scope of what is covered by the patent? We look at the patent's claims. The claims are the numbered paragraphs at the end of the patent. These claims are important because it is the words of the claims that define what a patent covers. The text in the rest of the patent is also important because it provides a description or examples of the invention, and they can provide context. But it is the words of the claims that define the scope (that is, the breadth) of the patent.

Each claim is effectively treated as if it were a separate patent, with infringement determined with respect to each claim. So what a patent covers in total ultimately depends on what each of the claims cover.

As you have heard, PPS Data asserts that Jack Henry infringes various claims of the patents-in-suit. I will say more later about the requirements for infringement in this case, but first I will give you a brief overview of the patents-in-suit.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 11-13, Filed 6/28/2012.

**The patents-in-suit and claim construction.**

This case involves four patents, Number 7,181,430, 7,216,106, 7,440,924, and 7,624,071, which we have been referring to throughout the trial collectively as the patents-in-suit or individually by their last three numbers, as the '430 patent, '106 patent, '924 patent, or '071 patent. As you have seen, the patents-in-suit, like any other, includes the numbered claims at the end each of the patents. Patent claims can describe a computer readable medium, or patent claims can describe systems, or patent claims can describe methods.  The claims at issue here describe a method, a system, and a computer readable medium for remote deposit of checks.  The patents-in-suit's claims define the scope of what the patent covers.

Because only the claims of a patent can be infringed, you must understand the meaning of the claims before doing any infringement analysis. For a claim term for which I have not provided you with a definition, you should apply the ordinary meaning it would have to a person of ordinary skill in the art. There are some terms for which I have already determined the meaning for you. I have given you a handout which contains a glossary of the claim terms I construed in the case. As I have previously instructed, you must accept my definition of those words in the claims as correct.

I will also add that claims use the word "comprising," which is not a word that is used a lot in ordinary conversation. It means "including" or "containing." A claim that uses the word "comprising" is not limited to methods or products having only the elements that are contained in the claim, but it also covers methods or products that add additional elements. For example, take a claim that covers a table. If the claim refers to a table "comprising" a table top, legs, and glue, the claim will cover any table that contains those structures, even if the table also contains other structures, such as a leaf or wheels on the legs.

16

You should not take my definition of the language of the claim as an indication that I have a view regarding how you should decide the issues that you are being asked to address, such as infringement and invalidity. Those issues are for you and you alone to determine.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 12-16, Filed 6/28/2012; Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. A.3 (July 2016).

**Direct infringement: Knowledge of the Patent and Intent to Infringe are Immaterial.**

I will now give you more information about infringement. PPS Data alleges that Jack Henry directly infringes the patents-in-suit. Jack Henry is liable for directly infringing PPS Data's patents if you find that PPS Data has proven that it is more likely than not that Jack Henry made, used, imported, offered to sell, or sold the invention defined in at least one claim of the patents-in-suit.

Showing direct infringement does not require showing that a person intended to infringe the patent. Jack Henry can be infringing the patent and not even know the patent exists or without knowing that what it is doing is patent infringement.

Determining whether there is infringement requires you to compare the scope of the patent claims with the allegedly infringing product or method. To infringe a patent claim, a product or method needs to include each element of the claim. So, to determine whether a person infringes PPS Data's asserted claims, you need to determine whether that person is using the method in a way that contains each of a claim's elements or each element of the claims are found within a computer readable medium. If a person makes, uses, imports, offers to sell, or sell a product or service that is covered by a patent claim, and does so without the patent owner's permission, then that person is said to directly infringe the patent.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 16-19, AIPLA Model Jury Instructions 3.1 and 3.2

**Patent invalidity – generally.**

Let's next turn to patent invalidity. Jack Henry contends that the claims of the patents-in-suit are invalid. Once a patent issues, the law says that if a challenger wants to show that it is invalid, that challenger has to prove that the patent is invalid by clear and convincing evidence. Invalidity, like infringement, is decided on a claim-by-claim basis, with the claim terms being interpreted in the same way that you have in deciding infringement. That means that in deciding invalidity, you need to determine whether Jack Henry has proven, by clear and convincing evidence, that each claim of the patents-in-suit is invalid.

__Authorities__: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, p. 19, Filed 6/28/2012.

**Person of skill in the art.**

First, who is a person of ordinary skill in the art? You have heard a lot in this case about a person of ordinary skill in the art, or person of ordinary skill in the field. That term gets used frequently in patent law, and it is particularly important in deciding whether an invention would have been obvious at the time it was invented.

A person of ordinary skill in the art is a hypothetical person of average education and training in the particular field as of the effective filing date of the patents, but who is aware of all the relevant prior art. In deciding what the level of ordinary skill in the field of the invention is, you should consider all the evidence introduced at trial, including but not limited to: (1) the levels of education and experience of the inventors and other persons actively working in the field; (2) the types of problems encountered in the field; (3) prior art solutions to those problems; (4) rapidity with which innovations are made; and (5) the sophistication of the technology.

You are to decide the level of ordinary skill in the art at the time of invention.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, p.26, filed 6/15/2012; AIPLA's Model Patent Jury Instructions; Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. B.4.3(i) (July 2016).

**Anticipation – generally.**

If an invention that is set forth in a patent claim is not new because the exact same invention was previously described by someone else, we say that it was anticipated by the prior art. An invention that is anticipated by the prior art is not entitled to patent protection. If you think Jack Henry proved by clear and convincing evidence that a claim is anticipated by the prior art, then the claim is invalid.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, p. 19, Filed 6/28/2012.

**Prior art – definition.**

In the patent law, what came before the invention is often referred to as the prior art. So, you might say that the telephone is prior art for the cell phone, and the cell phone is prior art for the smart phone. As a technical term in patent law, however, prior art is used to describe those things that you are allowed to look at to see if a particular invention really is new.

For a patent claim to be anticipated by prior art, each element of the claim in question must be present within a single item of prior art. In deciding whether or not a single item of prior art anticipates the patent claim, you should consider those things that are expressly stated or present in that prior art item.

There are various categories of prior art that can be used to show anticipation. One such category is that of a patent having a date more than one year before the filing date of the patents-in-suit (that is, before April 28, 1999). This is the category of prior art Jack Henry seeks to use in this case.

**<u>Authorities</u>**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 19-22, Filed 6/28/2012. *Trintec Indus., Inc. v. Top-U.S.A. Corp*., 295 F.3d 1292, 1295 (Fed Cir. 2002).

**Obviousness – generally.**

Jack Henry contends that the asserted claims of the patents-in-suit are invalid because the invention was obvious.  As I mentioned to you earlier, a patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the art, that is in the relevant field at the time the application was filed. A claim does not need to be both anticipated and obvious. Jack Henry has the burden of proving, by clear and convincing evidence, that claims of the patents-in-suit are invalid for obviousness.

Unlike anticipation, obviousness may be shown by considering more than one item of prior art in combination. For this, you may consider whether there is anything that would have prompted a person of ordinary skill in the art to combine the elements or concepts in the prior art in the same way the invention does. But you also need to keep in mind that a patent claim that consists of several elements is not rendered obvious merely because each of the separate elements was known in the prior art. For example, you could say that a piano is really just a combination of wood, ivory, metal, and wires, but that does not mean that inventing the piano would be obvious if you just started with a pile of wood, some wire, some pieces of ivory, and a few chunks of metal.

If the claimed invention combined elements known in the prior art and the combination yielded results that were predictable to a person of ordinary skill in the art at the time of the invention, or the evidence shows that there was another reason to combine the elements in the prior art, that evidence would make it more likely that the claim is obvious. On the other hand, if the combination of known elements yielded unexpected or unpredictable results, or if the prior art would have led one to avoid combining the known elements, that evidence would make it more likely that the claim on the combination of those elements is not obvious.

In deciding obviousness, you must avoid using hindsight; that is, you should not consider what is known today, or what was learned from the patent. You should not use the patent as a road map for selecting and combining items of prior art. Instead, you must put yourself in the place of a person of ordinary skill in the art at the time the invention was made.

In determining whether these claims would have been obvious, you should make the following determinations: What was the level of ordinary skill in the art at the time the invention was made? What is the scope and content of the prior art? What differences, if any, are there between the invention of the patent and prior art? Are there any objective indications of non-obviousness?

I will now say a little more about each of these questions. It is against this backdrop that you must decide whether or not Jack Henry has proven, by clear and convincing evidence, that the patents-in-suit claims are invalid based upon obviousness.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 25-27, Filed 6/28/2012.

**Obviousness – differences between the invention of the claims and the prior art.**

Next, you should think about differences between the invention and the prior art. In doing this, you should not look at the individual differences in isolation. Rather, you need to consider the claimed invention as a whole and determine whether or not it would have been obvious in light of all the prior art.

In deciding whether to combine what is described in various items of prior art, you should keep in mind that there must be some motivation or suggestion for a skilled person to make the combination covered by the patent claims. You should also consider whether or not the prior art "teaches away" from the invention covered by the patent claims; that is, whether someone reading the prior art would be discouraged from following the path taken by the inventor.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, p. 27, Filed 6/28/2012.

**Obviousness – objective indications concerning obviousness.**

Finally, you need to consider certain factors that are referred to as objective indications tending to establish non-obviousness. No factor alone is dispositive, and you must consider the obviousness or non-obviousness of the invention as a whole. Certain of these factors include:

1.      Were products covered by the claim commercially successful due to the merits of the claimed invention rather than due to advertising, promotion, salesmanship, or features of the product other than those found in the claim?

2.      Did others in the field praise the claimed invention or express surprise at the making of the claimed invention?

3.      Did others accept licenses under the patents-in-suit because of the merits of the claimed invention?

Answering all, or some, of these questions "yes" may suggest that the claim was not obvious. These factors are relevant only if there is a connection, or nexus, between the factor and the invention covered by the patent claim. Even if you conclude that some of the above factors have been established, those factors should be considered along with all the other evidence in the case in determining whether Jack Henry has proven that the claimed invention would have been obvious.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 28-29, Filed 6/28/2012; AIPLA Model Jury Instructions.

**Obviousness – summary.**

As I have noted, Jack Henry contends that the invention claimed in the patents-in-suit claims would have been obvious to a person of ordinary skill in the field of the invention at the time the invention was made in light of the prior art cited. If you find that Jack Henry has proven,

by clear and convincing evidence, that one or more claims of the patents-in-suit is obvious, then you must find those claims invalid.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, p. 29, Filed 6/28/2012.

**Written description requirement.**

As I discussed earlier, the patent contains a part called the specification. Jack Henry contends that the asserted claims of PPS Data's patents-in-suit are invalid because the specification does not contain an adequate written description of the invention. In order to succeed on its written description defense, Jack Henry must show – by clear and convincing evidence – that the specification fails to meet the law's requirement for a written description of the invention.

In the patent application process, the applicant may keep the originally filed claims, or change the claims between the time the patent application is first filed and the time a patent is issued.  An applicant may amend the claims or add new claims.  These changes may narrow or broaden the scope of the claims.  The written description requirement ensures that the issued claims correspond to the written description that was provided in the original application.

In deciding whether the patent satisfies this written description requirement, you must consider the description from the viewpoint of a person of ordinary skill in the field of the invention at the time the application was filed. The written description requirement is satisfied if a person of ordinary skill reading the original patent application would have recognized that it describes the full scope of the invention as it is finally claimed in the issued patent and that the inventor actually possessed the full scope of the invention by the filing date of the original application. Remember that a person of ordinary skill in the art has background knowledge that he or she will bring to reading the patent, and you can consider this background knowledge as well because inventors do not need to copy things that those working in the field already know into their patent.

23

The written description requirement can be met by any combination of the words, structures, figures, diagrams, formulas, etc., contained in the patent application, along with the knowledge of a person of skill in the art. The full scope of a claim does not need to be expressly stated in the original patent application if a person of ordinary skill in the relevant field of the invention, at the time the application was filed, would have understood that the full scope is in the written description in the patent application.

**Authorities**: Based on Federal Circuit Bar Association Model Patent Jury Instructions (last updated July 2016) (Instr. B.4.2a) and AIPLA Model Jury Instructions.

**Enablement.**

Another requirement related to the specification portion of the patent is the enablement requirement. Jack Henry contends that the asserted claims of PPS Data's patents-in-suit are invalid because the specification does not contain a sufficiently full and clear description of how to use the patented invention. To succeed, Jack Henry must show – by clear and convincing evidence – that the patents-in-suit does not contain a sufficiently full and clear description of the invention.

To be sufficiently full and clear, the description must contain enough information to have allowed a person of ordinary skill in the field of the patent's technology to actually use the invention at the time the original patent application was filed. This is known as the enablement requirement. If Jack Henry can show by clear and convincing evidence that a claim is not enabled, then the claim is invalid.

To be enabling, the patent needs to allow a person of ordinary skill to use the invention at the time the original patent application was filed using a reasonable amount of effort or experimentation. That said, the enablement requirement is still met even if a person of ordinary skill would need to conduct some amount of experimentation to use the invention is allowable. In

deciding whether a person of ordinary skill would have to use more than a reasonable amount of effort or experimentation, you may consider several factors:

    (1)    the time and cost of any necessary experimentation;

    (2)    how routine any necessary experimentation is in the field of electronic check processing;

    (3)    whether the patent notes any specific working examples of the invention;

    (4)    the amount of guidance presented in the patent;

    (5)    the nature and predictability of the field of electronic check processing;

    (6)    the level of ordinary skill in the field of electronic check processing; and

    (7)    the scope of the claimed invention.

You should consider any of these factors that you find helpful, weighing these factors to determine whether or not, in the context of this invention and the state of the art at the time the original patent application was filed, a person of ordinary skill in the field of electronic check processing would need to use more than a reasonable amount of effort and experimentation to use the full invention.

**Authorities**: Based on Federal Circuit Bar Association Model Patent Jury Instructions (last updated July 2016) (Instr. B.4.2b); AIPLA Model Jury Instruction (8).

**Eligibility**

Jack Henry alleges that the elements of the asserted claims are directed to well-understood, routine, and conventional activities understood by a person of skill in the art as of April 28, 2000, the priority date of the patents-in-suit.  You must decide if the elements of the asserted claims when taken individually or as a combination, involve well-understood, routine, and conventional activities or components previously known to the industry.

Whether a particular technology was well-understood, routine, and conventional goes beyond what was simply known it the prior art.  The mere fact that something was disclosed in a piece of prior art, for example, does not mean that it was well understood, routine, and conventional.

**Authority**: *Maxell, Ltd. v. ZTE USA, Inc.*, No. 5:16-cv-00179-RWS, Dkt. No. 223 at 26 (June 29, 2018).

**Damages – introduction.**

If you find that Jack Henry has infringed claim of the patents-in-suit and that the infringed claim is not invalid, you must then decide the amount of damages to award to PPS Data. I will now instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win this case. It is your task to decide first, whether Jack Henry is liable for the infringement claims asserted against it. If you find that Jack Henry has infringed any valid claim of the patents-in-suit, then you must award damages that are adequate to compensate PPS Data for the infringement. Damages are not meant to punish an infringer. PPS Data has the burden to establish the amount of their damages by a preponderance of the evidence.

All patent owners are entitled to at least reasonable royalties to compensate for infringement. A patent owner is not required to make, use ("practice"), sell or offer to sell a product or process claimed in a patent to be entitled to at least reasonable royalties to compensate for infringement.

When the amount of damages cannot be ascertained with precision, any doubts regarding the amount must be resolved against the infringer. Any confusion or difficulties caused by Jack Henry's records should be held against Jack Henry, not PPS Data.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, p. 29-30, Filed 6/28/2012.

**Reasonable royalty damages – definition.**

A patent owner whose patent is infringed is entitled to what is called a reasonable royalty as damages for infringement. A royalty is the amount of money that someone pays a patent owner to be able to use the patented invention. A reasonable royalty is the royalty that would be reasonable for the infringer to pay and for the patent owner to accept for the use of the patent that they both know is valid and that the infringer wants to use. You are to decide what a reasonable royalty would be based on the circumstances as of the time just before Jack Henry started to infringe the patents-in-suit.

In deciding a reasonable royalty, you should assume that Jack Henry knew at that time such things as the level of sales and profits it would enjoy from sales of its remote deposit products. You should also assume that PPS Data was willing to grant Jack Henry a license to the patents-in-suit, and that Jack Henry was willing to pay for that license.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 30-31, Filed 6/15/2012.
**Reasonable royalty damages – "hypothetical negotiation"**

One method for calculating a reasonable royalty is the royalty that would have resulted from a hypothetical license negotiation between PPS Data and Jack Henry. Of course, we know that they did not agree to a license and royalty payment. But, in order to decide on the amount of reasonable royalty damages, you should assume that the parties did negotiate a license just before the infringement began. This is why it is called a "hypothetical" license negotiation. You should assume that both parties to the hypothetical negotiation understood that the patent was valid and infringed and both were willing to enter into a license just before the infringement began. You should also presume that the parties had full knowledge of the facts and circumstances surrounding the infringement at the time of the hypothetical negotiation.

27

**Reasonable royalty damages – relevant factors.**

In deciding what is a reasonable royalty, you may want to consider the factors that PPS Data and Jack Henry would consider in setting the amount Jack Henry should pay, if they were negotiating a license in the real world. Here are some of the factors you may want to consider in determining a reasonable royalty:

(1)     Whether being able to use the patented invention helps Jack Henry in making sales of other products and services.

(2)     The profitability of the infringing product made using the patent.

(3)     Whether or not the infringing product is commercially successful or popular.

(4)     What royalties Jack Henry and others paid for licensing patents comparable to the patents-in-suit.

(5)     The advantages and benefits of using the patented invention over products or processes not claimed in the patent.

(6)     The extent of Jack Henry's use of the patented invention and the value of that use to Jack Henry.

(7)     Whether PPS Data had an established royalty in licensing the invention to others; in the absence of such a licensing history, whether there were any royalty arrangements that were generally used in the industry at the time;

(8)     Whether PPS Data had a policy of licensing or not licensing the patent.

(9)     Whether or not PPS Data and Jack Henry are competitors.

(10)    The portion of the profit that is due to the patented invention as compared to the portion of the profit that is due to other factors, such as unpatented elements or unpatented manufacturing processes or features or improvements developed by Jack Henry.

(11)     Expert opinions as to what would be a reasonable royalty.

(12)     The amount that PPS Data and Jack Henry would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a reasonable person or company—who desired, as a business proposition, to obtain a license to make, sell, and promote the use of a particular product embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit, and which amount would have been acceptable by a reasonable patent holder who was willing to grant a license.

(13)     Whether or not there is a percentage of the profit or selling price that is customarily paid in the particular business for the use of patent inventions comparable to the inventions claimed in the patent.

No one factor is dispositive. You may also consider any other factors which in your mind would have increased or decreased the royalty that Jack Henry would have been willing to pay and that PPS Data would have been willing to accept, acting as normally prudent business people.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 30-33, Filed 6/28/2012.


**Date of Commencement of Damages**

**[Subject to PPS Data's Motion *in Limine* to exclude JHA from presenting evidence or argument that damages are limited to post-filing of the Complaint.  *See* Dkt 108 at9-11]**

In determining the amount of damages, you must determine when the damages began.

Under the law, pre-suit damages can be recovered up to six years prior to the filing of the complaint in this lawsuit.  Since this lawsuit was filed on January 10, 2018, the potential pre-suit damages period begins as early as January 10, 2012.

Damages commence on the date that Jack Henry has both infringed and been notified of the alleged infringement of the patents-in-suit:

If you find that PPS Data does not sell a product covered by the patents-in-suit, damages begin without the requirement for notice to Jack Henry.

If you find that Jack Henry sells a product that includes the claimed invention, you must determine whether PPS Data has "marked" that product with the patent number.  "Marking" is placing either the word "patent" or the abbreviation "pat." with the patent's number on substantially all of the products that include the patented invention.  Jack Henry has the initial burden of production to articulate the products it believes are "unmarked" products.  If Jack Henry meets this burden of production, PPS Data has the burden of establishing that it substantially complied with the marking requirement. This means PPS Data must show that it marked substantially all of the products it made, offered for sale, or sold under the patents-in-suit, and that PPS Data made reasonable efforts to ensure that its licensees who made, offered for sale, or sold products under the patents-in-suit marked the products.

If PPS Data has not marked that product with the patent number, you must determine the date that Jack Henry received actual notice of the patents-in-suit and the specific product alleged to infringe. Actual notice means that PPS Data communicated to Jack Henry a specific charge of infringement of the patents-in-suit by a specific accused product or device. The filing of the complaint in this case qualified as actual notice, so the damages period begins no later than the date the complaint was filed.  If you find that PPS Data does not sell a product covered by the patents-in-suit, damages begin without the requirement for actual notice to Jack Henry.

**Authority**: Based on Federal Circuit Bar Association Model Patent Jury Instructions (last updated July 2016) (Instr. B.6.6.8).

## IV.    Closing Instructions

**Election of a foreperson.**

Jurors, it is time now for you to deliberate on your verdict. The first thing you should do when you retire to the jury room is to select a foreperson who will be responsible for communicating with the Court as needed.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 121-122, Filed 6/28/2012.

**Verdict – Unanimous – Duty to deliberate.**

You should then begin your deliberations. Your verdict on each issue must be unanimous. There will be a verdict form in the jury room waiting for you when you retire for your deliberations. You will note that the verdict form sets forth a series of questions to be answered during the course of your deliberations in accordance with the jury instructions which I have just given you. When you reach a unanimous verdict as to each question on the verdict form, the foreperson is to fill in the answers on the verdict form.

Please make sure to read the questions carefully, and note that some of the questions may not require answers, depending on how you answer other questions.

Do not reveal your answers to any of the questions until you're discharged.  Also, you should not reveal your numerical division on any issue during the course of your deliberations, even to me.

When you return to announce your verdict, please bring the completed verdict form with you, the one with the questions answered.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, p. 122, Filed 6/28/2012.

**Outside communication.**

During your deliberations you must not communicate with or provide any information to anyone other than your fellow jurors about this case by any means. This includes through use of any electronic device or media such as a smartphone (like an iPhone) or a computer, or by way of access to the internet or any internet service or text or instant messaging service, any internet chat room, blog or website such as Facebook, LinkedIn, Youtube or Twitter. In short, you may not provide information to anyone about the case or conduct any research about the matter until I accept your verdict.

Now, I expect that when you get to the jury room to begin your deliberations, you may feel a little overwhelmed. This has been a very complicated case, and there is a lot of evidence and argument to think about. But I think you will be pleasantly surprised that as you start working methodically through the case, things will begin to seem more manageable.

<u>**Authorities**</u>: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 122-123, Filed 6/28/2012.

**Jury's responsibility.**

It is important to add the caution that nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

I hope and expect that you will listen to one another's views respectfully, even if initially you disagree on some issues. Discussing the issues from different perspectives can often help in formulating your own ideas about how particular issues should be decided.

<u>**Authorities**</u>: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, p. 123, Filed 6/28/2012.

**Communications between Court and Jury During Deliberations.**

If you wish to see any of the exhibits, you are free to see them. All you need to do is have your foreperson sign a note asking for the exhibit and to provide that note to the court security officer who will be taking care of you during your deliberations. You can ask to see all the exhibits or you can just ask for some of them, if you like. Just let us know what you want, and we will get those exhibits for you.

If you have a question or otherwise want to communicate with me at any time, please follow the same procedure by providing a written message or question to the court security officer, who will then bring it to me. There should not be any direct communication between me and you the jury. You probably will not get a reply right away, as I usually need to summon all the lawyers and get their input before I can respond to the questions. That just means I usually cannot get back to you right away, but we will do our best to get you an answer to your question as soon as we can.

You will note from the oath about to be taken by the court security officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case. Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**<u>Authorities</u>**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 123-124, Filed 6/28/2012.