# EXHIBIT H

## JHA's Proposed Jury Instructions

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PPS DATA, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>JACK HENRY & ASSOCIATES, INC.,<br><br>                    Defendant. | Civil Action No. No. 2:18-cv-0007-JRG |

## JACK HENRY & ASSOCIATES, INC.'S PROPOSED JURY INSTRUCTIONS

## <u>TABLE OF CONTENTS</u>

PROPOSED PRELIMINARY INSTRUCTIONS ........................................................................ 1

I.      Introduction ........................................................................................................... 1

II.     What a Patent is and how a Patent is Obtained ..................................................... 2

III.    Evidence ................................................................................................................ 5

IV.     Direct and Circumstantial Evidence ..................................................................... 5

V.      Objections ............................................................................................................. 6

VI.     Demonstratives ..................................................................................................... 7

VII.    Expert Witnesses .................................................................................................. 7

VIII.   Burdens of Proof .................................................................................................. 8

IX.     Contentions of the Parties:  Patents-at-Issue ....................................................... 9

X.      Patent Claims ....................................................................................................... 11

XI.     Claim Construction .............................................................................................. 13

XII.    Infringement ......................................................................................................... 14

XIII.   Invalidity .............................................................................................................. 15

XIV.    Well-Understood, Routine, And Conventional Activities Previously Known to the Industry ................................................................................................................. 18

XV.     Damages ................................................................................................................ 18

XVI.    Juror Conduct ....................................................................................................... 21

XVII.   Juror Notebooks. .................................................................................................. 22

XVIII.  Role of the Court and the Jury ............................................................................. 23

XIX.    Trial Roadmap ...................................................................................................... 24

PROPOSED POST TRIAL JURY INSTRUCTIONS ............................................................... 1

I.      Introduction ........................................................................................................... 1

II.     Evidence, Burden of Proof, and Credibility ......................................................... 2

        1.      Preponderance of the Evidence / Clear and Convincing Evidence ......... 2

69981510.1

2.     Evidence in the case; Credibility of witnesses; Expert witnesses.............................. 2

3.     Depositions—Use as Evidence ................................................................. 3

III.     Substantive Law .......................................................................................... 4

4.     Patent Infringement—Generally ........................................................... 4

5.     The Asserted Patents and Claim Construction .................................... 5

6.     Direct Infringement:  Knowledge of the Patents and Intent to Infringe are Immaterial .................................................................................... 6

7.     Patent Invalidity—Generally ................................................................ 7

8.     Person of Ordinary Skill in the Art ...................................................... 7

9.     Anticipation—Generally ....................................................................... 8

10.     Prior Art—Definition ............................................................................ 8

11.     Obviousness .......................................................................................... 9

12.     Well-Understood, Routine, And Conventional Activities Previously Known to the Industry ........................................................................ 12

13.     Written Description Requirement ....................................................... 12

14.     Enablement ......................................................................................... 13

15.     Damages—Introduction ...................................................................... 15

16.     Damages—Date Damages Begin (when the start of the damages period is in dispute) ........................................................................................... 16

17.     Reasonable Royalty—Entitlement ..................................................... 17

18.     Reasonable Royalty Damages—Definition ....................................... 18

19.     Reasonable Royalty Damages—"Hypothetical Negotiation" ............ 18

20.     Reasonable Royalty Damages—Relevant Factors ............................. 19

IV.     Closing Instructions ................................................................................... 20

21.     Election of a Foreperson ..................................................................... 20

22.     Verdict Unanimous—Duty to Deliberate .......................................... 20

23.     Outside Communication ........................................................................ 21

24.     Jury's Responsibility............................................................................. 21

25.     Communications Between Court and Jury During Deliberations......................... 22

69981510.1

## PROPOSED PRELIMINARY INSTRUCTIONS

**I.     Introduction**

The trial will now begin, but before we start, I want to give you an overview of what to expect.  As the Judge, I will give you instructions on the law, decide any questions of law that arise during trial, handle matters of evidence and procedure, and I am responsible for managing the flow of the trial and maintaining the decorum of the Court.

The trial will start with each side making an opening statement, which is basically an outline of where the trial is going to go.  The opening statement is not evidence you consider as support for any of the issues in the case.  Rather, it is an opportunity for the attorneys to explain what they expect the evidence will show.

Next, you will be presented with evidence.  The evidence is typically in the form of live witnesses, with cross-examination, and most likely some deposition evidence as well.  A deposition is earlier testimony from a witness who was not able to be at trial.  But the deposition evidence is just as important as live evidence you will hear in court.

At the end of the case, I will give you detailed instructions about the law to apply in making a decision, and I will also give you a list of questions that you are to answer.  Those instructions are important because that is the law you will apply to the facts of the case.  I will give you a copy of my instructions, so you will not need to memorize anything.  The list of questions is called the verdict form.  Your answers to these questions will need to be unanimous, and your answers will be the verdict in this case.

You will see that each of you have been provided a notebook, and I will go over the purpose of these notebook, as well as what is inside the notebook, at the end of these instructions.  You have already heard some of the legal terms we will be getting into, and I do not want to bother you with information you already know.  But attorneys sometimes use

1

technical terms and I want to provide you with some background terminology.  The first is, when

someone refers to a "party," that is just either the plaintiff—here PPS Data, LLC, the party who

is alleging infringement—or the defendant—here Jack Henry & Associates, Inc., the party who

is alleged to have infringed the patents.  At time you may hear PPS Data, LLC referred to as the

plaintiff, or as just PPS Data.  Likewise, you may at times here Jack Henry & Associates, Inc.

referred to as the defendant, Jack Henry, or perhaps JHA.  As I work through my instructions, I

will define some other terms along the way.

**Authority**:  Based upon jury instruction transcript from *Versata Software v. Internet Brands*,
Case No. 2:08-CV-313, Dkt. No. 318 at 2-5, filed 6/28/2012.

## II.      What a Patent is and how a Patent is Obtained

The next thing I want to do is discuss the nature of this case.  You saw the video earlier

about how the patent system works.  So very briefly, a person who invents something prepares

and files a patent application with the United States Patent and Trademark Office to protect that

invention.  The Patent Office is an agency of the United States government that employs

Examiners who review patent applications.

After a patent application is filed, an Examiner at the Patent Office reviews the patent

application to determine whether or not the invention is patentable (that is, whether the invention

and the description of the invention is appropriate for patent protection).  The process of

obtaining a patent from the Patent Office is called patent prosecution.

A patent application includes what is called a specification.  The specification contains a

written description of the invention telling what the invention is, how it works, how to make it,

and how to use it, in such full, clear, concise, and exact terms, so that others skilled in the field of

the invention will know how to make and use it.  The specification concludes or ends with one or

more numbered sentences.  These numbered sentences are the patent claims, which define what

the patent covers.  That is, the patent claims define the boundaries of the patent protection and give notice to the public of those boundaries.  I will discuss the role of the patent claims shortly.

After the applicant files the patent application with the Patent Office, an Examiner reviews the patent application to determine whether or not the claims are patentable or appropriate for patent protection.  In examining a patent application, the Examiner reviews certain information about the state of the technology at the time the application was filed.  The Patent Office searches for and reviews information that is publicly available or that is submitted by the applicant.  This type of information is called prior art.

The Examiner reviews this prior art to determine whether or not the invention is truly an advance over the state of the art at the time.  Prior art is defined by law, and I will give you specific instructions at a later time as to what constitutes prior art.  However, in general, prior art includes information that demonstrates the state of the technology that existed before the invention was made, or before the patent application was filed.  A patent contains a list of certain prior art that the examiner has considered.  The items on this list are called the references cited.

After the prior art search and examination of the application, the Examiner at the Patent Office prepares a written report of what he or she found, and whether the Examiner considers any claim to be patentable and, thus, allowed.  This written report from the Examiner is called an office action.

If the Examiner rejects the claims, the applicant has an opportunity to respond to the written report to try to persuade the Examiner to allow the claims.  The applicant also has a chance to change or amend the claims or submit new claims.  This process may go back and forth between the Examiner and the applicant for some time until the Examiner is satisfied that the application and the claims meet the requirements for a patent, and in that case, the application

issues as a United States patent, or in the alternative, if the Examiner ultimately concludes that the application should be rejected, then no patent is issued.

The papers and written reports generated during the back and forth between the Examiner and the applicant is called patent prosecution.  If, after what can be a lengthy patent prosecution process, the Patent Office grants the applicant a patent on an invention, then that person, for 20 years, can keep others from making, using, selling, offering to sell, or importing, in the United States, the invention covered by the patent.

Now, that does not mean that a patent owner can sue just anyone for patent infringement. It just means that something, such as a method being performed, or a product, that falls within the scope of the patent, is protected by the patent.  So if, for example, the patent owner sues somebody and says they are infringing the patent, that somebody can say no, what I have done is actually quite different than what is covered by your patent.

Another thing that often happens, is that a person being sued for infringement will say that the patent is invalid.  For a patent to be valid, the invention needs to be new, not obvious, and meet the written description and enablement requirements of the patent laws.  It must also cover subject matter that is allowed to be patented.  We will discuss these issues later.  The parties will spend some time on these points, but for now you should know that if a party being sued can show by clear and convincing evidence that the patent is invalid, then the patent holder cannot win a lawsuit.

**Authority**:  Based upon jury instruction transcript from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 318 at 6-7, filed 6/28/2012, and joint proposed preliminary jury instructions from *Immersion Corp. v. Samsung Electronics Am., Inc*., Case No. 2:17-cv-572-JRG, Dkt. No. 161-6 at pp. 2-5, filed 4/01/2019.

## III.    Evidence

I want to next talk to you about evidence.  Evidence is what you will hear in court, but there are some things that are not included in evidence.  For example, the arguments and statements by the attorneys are not evidence.  When the attorneys make their opening and closing statements to you, that is not evidence.  That is designed to help you interpret and understand the evidence in the case.  So, if a lawyer says something, that something needs to be backed up by actual evidence in this case in order for you to give it any credit.  You do not just take a lawyer's statements at face value without supporting evidence.

I will also note that there will be objections to some evidence, and you may hear the attorneys and me discussing objections to evidence.  Objections are not evidence either, and the discussions I have with the attorneys are not evidence.  These are just things you should disregard in terms of deciding what you think about the evidence.  Similarly, I may at some point tell you to disregard particular testimony for legal reasons.  If I tell you to disregard testimony, you are to not consider that testimony as evidence in the case.

**Authority**:  Based upon jury instruction transcript from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 318 at 9-10, filed 6/28/2012.

## IV.    Direct and Circumstantial Evidence

Some of you may have heard the terms direct evidence and circumstantial evidence.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw, heard, or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to the evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from the fact it is wet that it rained during the night.  However, it is also possible that a sprinkler may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Authority**:  Adapted from Ninth Circuit Jury Instructions Committee, Ninth Circuit Manual of Model Jury Instructions (2007), Instruction No. 1.12 at 14.

## V.       Objections

During the trial, it is possible that from time to time the attorneys will make certain objections, and I will make rulings on those objections.  It is the duty of the attorneys for each side to object when the other side offers testimony or other evidence that the attorney believes is not proper under the orders of the Court, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.  From time to time, I will sustain an objection or I will overrule an objection.

If I sustain an objection to a question addressed to a witness, then you must disregard the question entirely, and you may draw no inference from the wording of it or speculate about what the witness would have said, if I had permitted the witness to answer the question.

However, if I overrule the objection, then you should consider the question and the answer just as if no objection had been made.  By allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.  If you are shown an exhibit, it means the Court has already ruled that it is admissible, and counsel can present the exhibit and ask such questions as they believe are proper to put it in context.

**Authority**:  Adapted from *Rembrandt Wireless Technologies LP v. Samsung Electronics. Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions, Dkt. No. 290 at 23-26 (Feb. 9, 2015).

## VI.    Demonstratives

Certain exhibits shown to you during the trial will include illustrations, charts, or summaries.  We call these types of exhibits demonstrative exhibits or demonstratives. Demonstratives are a party's description, picture, or model to describe something involved in the trial.  If your recollection of the evidence differs from the demonstratives, you should rely on your recollection of the evidence.  Demonstratives are sometimes called jury aides. Demonstratives are not evidence.

**Authority**:  Adapted from *DDR Holdings LLC v. Digital River, Inc.*, Case No. 2:06-CV-00042-JRG, Proposed Final Jury Instructions, Dkt. No. 519 at 3 (Oct. 12, 2012); Fifth Circuit Pattern Jury Instructions (Civil) (2016), 2.8 Demonstrative Evidence.

## VII.    Expert Witnesses

I also want to talk with you briefly about expert witnesses.  When knowledge of a technical subject may be helpful to the jury (like in this patent case), a person who has special training or experience in that particular field—we refer to them as expert witnesses—is permitted to testify about his or her opinions on technical matters.

You are not required to accept an expert's or any other witness's opinions at all.  It is up to you to decide whether you believe an expert witness, or any witness for that matter, whether you believe what a witness is telling you is correct or incorrect, or whether or not you want to believe what a witness says.

I anticipate there will be expert witnesses testifying in support of each side in this case. But it will be up to you to listen to their qualifications, and when they give opinions and explain the bases for those opinions, you will have to evaluate what they say, whether you believe it, and to what degree, if any, you want to give those opinions weight.

**Authority**:  Adapted from *Rembrandt Wireless Technologies LP v. Samsung Electronics Co. Ltd.*, No. 2:13-cv-213-JRG, Jury Instructions, Dkt. No. 290 at 22 (Feb. 9, 2015).

## VIII.   Burdens of Proof

Before moving on, I also want to discuss the different burdens of proof for this case.  In any lawsuit, the facts must be proved by a required amount of evidence known as the burden of proof.  In this case, there is a burden of proof on the plaintiff, PPS Data, for some issues, and a burden of proof on the defendant, Jack Henry, for other issues.

There are two burdens of proof that you will apply in this case.  A preponderance of the evidence, and clear and convincing evidence.

A preponderance of the evidence means evidence that persuades you that a fact is more probably true than not true.  That is, if there is a little more evidence on one side than the other, you go with the side that has a little more force to it, or that is a little more persuasive.  In this case, Defendant Jack Henry is presumed to have not infringed any patent. The plaintiff, PPS Data, has the burden of proving patent infringement by Jack Henry and also prove damages by a preponderance of the evidence.

The second burden of proof that will apply in this case is clear and convincing evidence. Clear and convincing evidence means evidence that produces in your mind an abiding conviction that the truth of a party's factual contentions is highly probable.  Although proof to an absolute certainty is not required, the clear and convincing evidence standard requires a greater degree of persuasion than is necessary for the preponderance of the evidence standard.  In order for you to be satisfied that something has been proven by clear and convincing evidence, you must be left with a clear conviction that the fact in question has been proved.  You should understand that it is harder to prove something by clear and convincing evidence than by a preponderance of the evidence.  The patents asserted by PPS Data are presumed to be valid. The defendant, Jack Henry, has the burden of proving invalidity by clear and convincing evidence.

Neither of these two burdens of proof, a preponderance of the evidence and clear and convincing evidence, are to be confused with what is called beyond a reasonable doubt.  Beyond a reasonable doubt is a burden of proof applied in a criminal case, and it has no application whatsoever in a civil case like this.  You should not confuse clear and convincing evidence with beyond a reasonable doubt.  Clear and convincing is not as high of a standard as beyond a reasonable doubt, but it is higher than a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of the evidence or by clear and convincing evidence, you may, unless otherwise instructed, consider any agreements, or stipulations, between the parties, the testimony of all the witnesses, regardless of who called them, and all the exhibits received into evidence, regardless of who may have produced them.  If, at the end of the trial, you are not persuaded by the party who has the burden of proof, then that party loses its case.

**Authority**:  Based upon jury instruction transcript from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 318 at 8, filed 6/28/2012; amended final jury instructions from *Core Wireless Licensing S.A.R.L, v. Apple Inc.*, Case No. 6:12-CV-100, Dkt. No. 395 at 7-8, filed 3/15/15.

## IX.    Contentions of the Parties:  Patents-at-Issue

Before we get started, I also want to provide you with a little more background about this case and a brief summary of the positions of the parties.  As I explained during jury selection, this case is about alleged patent infringement, and the patents generally relate to electronic check processing.

Here, plaintiff PPS Data claims that Defendant Jack Henry infringes four patents, including United States Patent Nos. 7,181,430, 7,216,106, 7,440,924, and 7,624,071.  These patents collectively will be referred to as the patents-in-suit or the asserted patents, or

individually by their last three numbers, as the '430 patent, '106 patent, '924 patent, and '071 patent.

Jack Henry denies that is has infringed any of the asserted patents.  That is, Jack Henry contends that it did not make, use, sell, offer for sale, or import products or systems, or perform any methods, that infringe any of the asserted patents.

Separately, Jack Henry also contends that the asserted patents are invalid for a number of reasons.  Jack Henry contends that the asserted patents are invalid as being anticipated or obvious by prior art that existed before PPS Data's alleged invention.  Jack Henry also contends that the asserted are invalid because they fail to satisfy certain requirements relating to the description set forth in the specification of the asserted patents. Finally, Jack Henry contends that the invention claimed in PPS Data's patents was "routine and conventional" at the time of the invention.

You will have a complete copy of the asserted patents in your juror notebooks.  You will also be provided with a chart showing the asserted patents and the claims of the asserted patents in one column, and the products accused of infringing in another column.

| Asserted Patents and Claims | Accused Products |
|---|---|
| U.S. Patent No. 7,181,430 ('430 patent), Claims 1, 7, 19. and 25 | mRDC; Remote Deposit Anywhere (RDA); Remote Deposit Complete (RDC); Remote Deposit Express (RDX); Remote Deposit Now (RDN); and Remote Deposit Scan (RDS) |
| U.S. Patent No. 7,216,106 ('106 patent), Claims 1-6 and 9 | |
| U.S. Patent No. 7,440,924 ('924 patent), Claims 1, 12, and 14 | |

10

| U.S. Patent No. 7,624,071 ('071 patent), Claims 1 and 12 | |
|---|---|
| | |

Your job is to decide whether PPS Data has proven that Jack Henry has infringed the asserted patents, and whether Jack Henry has proven that the claims of the asserted patents are invalid. Invalidity is a defense to infringement, however, infringement and invalidity are separate questions and should be considered and answered separately. If you decide that any claim of the asserted patents is not invalid and has been infringed, you will then need to determine what, if any, money damages should be awarded to PPS Data to compensate it for the infringement.

**Authority**:  Based upon joint proposed preliminary jury instructions in *Rmail v. RPost*, Case No. 2:10-cv-00258-JRG, Dkt. No. 916-13 at 8-9, filed 6/10/2019.

## X.   Patent Claims

Before you can decide many of the issues in this case, you will need to understand the patent claims. As I discussed earlier, the specification of a patent application concludes or ends with one or more numbered sentences. These sentences are the patent claims, which define the boundaries of the patent property right and give notice to the public of those boundaries. The other portions of a patent, including figures and text description, provide examples of the invention and provide a context for the claims. But it is important that you keep in mind the specific language of the patent claims defines the breadth of the patent coverage.

Patent claims may exist in two forms. They are referred to as either independent claims or dependent claims.

69981510.1

An independent claim is a standalone claim that does not refer to any other claim in the patent.  It is independent.  An independent claim covers exactly what it recites, and there is no need to look at any other claim to figure out what it covers.

Dependent claims, however, refer to an independent claim.  This reference to an independent claim means that a dependent claim includes or incorporates each of the elements or limitations of the independent claim that it refers to, as well as the additional elements or limitations recited by the dependent claim itself.

The claims of the asserted patents use the words comprises and comprising.  Comprising means including or containing something.  A claim that includes the word comprising must have the elements recited by the claim, but it is not limited to only having those elements.

Take, for example, a claim that covers a table.  If the claim recites a table comprising a tabletop, legs, and glue, the claim will cover any table that contains these structures, even if the table also contains other structures, such as leaves to go in the top of the table or wheels to go on the ends of the legs.  In other words, in this example, the table can have other features in addition to those that are listed by the claim.  Now, that is a very simple example using the word comprising and what it means.

If a product is missing even one limitation or element required by a claim, it does not meet all the requirements of the claim and is not covered by the claim.  If a product is not covered by the claim, it does not infringe that claim.  If an accused process or method is missing even one step of a method claim, it does not meet all the requirements of the claim and is not covered by the claim.  If an accused process or method is not covered by the claim, it does not infringe that claim.

12

You first need to understand each claim term in order to decide whether or not there is infringement of a claim and to decide whether or not the claim is invalid.  The law says that it's my role to define the terms within the claims, and it is your role to apply my definitions to the issues that you are asked to decide in this case.

Therefore, as I explained to you at the start of the case, I have already determined the meanings of some of the language within the claims, and I have provided those definitions to you in the chart that is included in your juror notebooks.  You must accept my definitions of these words in the claims as being correct.  It is your job to take these definitions that I have supplied and apply them to the issues that you are asked to decide, including the issues of infringement and invalidity.  For any words within the claims that I have not construed or defined, you are to use the plain and ordinary meaning of the term as understood by a person of ordinary skill in the art, which is to say, in the field of technology of the patent, at the time of the invention.

**Authority**:  Based upon joint proposed preliminary jury instructions from *Immersion Corp. v. Samsung Electronics Am., Inc*., Case No. 2:17-cv-572-JRG, Dkt. No. 161-6 at 2-5, filed 4/01/2019; proposed preliminary jury instructions from *Rmail v. RPost*, Case No. 2:10-cv-00258-JRG, Dkt. No. 916-13 at 8-9, filed 6/10/2019; adapted from *Rembrandt Wireless Technologies, LP v. Samsung Electronics Co. Ltd*., Case No. 2:13-cv-213-JRG, Jury Instructions, Dkt. No. 300 at 21 (Feb. 9, 2015); The Federal Circuit Bar Association, Model Patent Jury Instructions, (Jan. 2016), Instruction No. 2.2a.

## XI.    Claim Construction

Again, I have already determined the meanings of some of the terms of the asserted patents, and you must accept the meanings that I give you and use those meanings when you decide whether any particular claim has or has not been infringed and whether or not any claim is invalid.  If I have provided you with a definition, you are to apply my definition throughout the case.  However, my interpretation of the language of the claims should not be taken as an indication by you that I have a personal opinion, or any opinion at all, regarding the issues such as infringement and invalidity.  Those issues are yours and yours alone to decide.  I will provide

you with more detailed instructions on the meaning of the claims before you retire to deliberate to reach your verdict.

**Authority**:  Based upon joint proposed preliminary jury instructions in *Immersion Corp. v. Samsung Electronics Am., Inc.*, Case No. 2:17-cv-00572-JRG, Dkt. No. 161-6 at 9, filed 4/1/2019.

## XII.   Infringement

In this case, you will be asked to consider the specific legal issues of patent infringement and patent invalidity.  I will give you an overview of those issues now, and I will also review them in detail before the case is submitted to you for your verdict.

If a person makes, uses, sells, or offers to sell within the United States, or imports into the United States, something that is covered by a patent without the patent owner's permission, that person is said to infringe the patent.  In reaching your decision on infringement, keep in mind that only the claims of a patent can be infringed.  Your job will be to compare the asserted claims, as I have further defined them during claim construction, to the accused products, and determine whether or not there is infringement.

You should not compare the accused products with any specific example set out in the patent or with the prior art in reaching your decision on infringement.  The only correct comparison is between the accused products and the language of the claims.  You must reach your infringement decision as to each asserted patent based on my instructions about the meaning and scope of the claims, the legal requirements for infringement, and the evidence presented to you by the parties.

Also, the issue of infringement is assessed on a claim-by-claim basis.  Therefore, there may be infringement of a particular patent as to one claim even if there is no infringement as to other claims in that patent, or of claims in a different patent.

14

In order to prove infringement of a patent claim, PPS Data must show by a preponderance of the evidence that the accused products include each and every requirement or limitation of the claim.  In determining whether any accused product infringes a patent claim in this case, you must compare the accused product with each and every one of the requirements or limitations of that claim and further determine whether the accused product performs each and every requirement or limitation recited in the claim.  If an accused product omits any element recited in a claim, then you must find that particular accused product does not literally infringe that claim.

In order to prove infringement, PPS Data must prove infringement by a preponderance of the evidence.  Put differently, to prove infringement of any claim, PPS Data must persuade you that it is more likely than not that each accused product infringes each asserted claim of the asserted patents.  You must decide whether Jack Henry has made, used, sold, offered for sale, or imported a product or service that performs the asserted claims.  You must compare each of the asserted claims, as I have further defined them, to the accused products, and determine whether or not every requirement of the claim is included in or performed by each accused product.

**<u>Authority</u>**:  Based on joint proposed jury instructions from *Intellectual Ventures LLC v. T-Mobile*, Case No. 2:17-cv-00577-JRG, Dkt. No. 314-1 at 14-15, filed 2/6/2019; *see also* The Federal Circuit Bar Association, Model Patent Jury Instruction B.3, July 2016, available at https://fedcirbar.org/IntegralSource/Model-Patent-Jury-Instructions.

## XIII.  Invalidity

Another issue you will be asked to decide is whether each asserted claim of the asserted patents is invalid.  As I mentioned, patent invalidity is a defense to patent infringement.  And even though the Patent Office issued the asserted patents, you, the jury, have the ultimate responsibility of deciding whether the asserted claims are valid.  A patent may be invalid for a

number of reasons, including for example, when the claimed subject matter is not novel or new or because the subject matter is obvious.

Jack Henry contends that the asserted claims are invalid because the claimed invention is not new over the prior art.  If a claim is not new over the prior art, the claims is said to be invalid as being anticipated by the prior art.  And an invention that is anticipated by the prior art is not entitled to patent protection.

For a claim to be invalid because it is not new, Jack Henry must prove by clear and convincing evidence that every element of the claim in question is contained in a single item of the prior art.  As I discussed earlier, we call these previously printed publications or patents prior art references. So if a single prior art reference describes all of the limitations of a claim, then that claim is invalid as being anticipated by the prior art.

Jack Henry also contends that asserted claims are invalid because the claimed invention is obvious.  A claimed invention is invalid as obvious if it would have been obvious to a person of ordinary skill in the art of the relevant field at the time of the invention.  Unlike anticipation, which considers only one item of prior art or a single prior art reference, obviousness may be shown by combining more than one prior art reference.  That is, even if the exact same claimed invention is not described in one single piece of prior art, it could still be invalid if it would have been obvious for a person of ordinary skill in the relevant field at the time of the invention to combine the multiple pieces of prior art.  After the trial, I will provide you detailed instructions to help you decide whether Jack Henry has presented clear and convincing evidence that any claim is invalid as obvious over the prior art.

16

Jack Henry further contends that the asserted patents are invalid because of deficiencies related to the specification, or the written part of the patents.  Jack Henry contends that the asserted patents fail to satisfy a written description requirement and an enablement requirement.

A patent must contain a written description of the claimed invention.  The written description requirement helps ensure that the applicant actually invented the claimed subject matter.  To satisfy the written description requirement, the specification must describe each and every limitation of the patent claims, in sufficient detail to demonstrate that the inventors had possession of the claimed invention as of the filing date of the patent application, even though the claims themselves may have changed or new claims may have been added since that time.  If you find that Jack Henry has proven by clear and convincing evidence that the asserted patents do not contain a written description for the inventions of asserted claims, then you must find that the asserted claims are invalid.

The specification of the asserted patents also needs to meet the "enablement" requirement.  A patent must disclose sufficient information to enable or teach persons of ordinary skill in the field of the invention, as of the filing date of the patent application, to make and use the full scope of the invention without undue experimentation.  This requirement is known as the enablement requirement.  If a patent claim is not enabled, it is invalid.  After the trial, I will provide you detailed instructions on these questions as well.

You should also know that a claim may be invalid for a single one of the foregoing reasons.  It does not need to be invalid for multiple reasons.  For example, let's say a claim is not anticipated by a single prior art reference, but that same claim is obvious over a combination of prior art references.  That claim is be invalid even though it was not anticipated by the single reference.

17

**Authority**:  Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, p. 19-21, 24-26, Filed 6/28/2012; AIPLA Model Jury Instruction 7 (Written Description) and 8 (Enablement).

## XIV.   Well-Understood, Routine, And Conventional Activities Previously Known to the Industry

Finally, you will be asked to determine if the claimed invention was routine and conventional well known to those skilled in the art at the time of the invention.  Jack Henry contends that the asserted claims are directed to well-understood, routine, and conventional activities previously known in the industry.  Whether a particular technology was well-understood, routine, and conventional goes beyond what was simply known in the prior art.  The mere fact that something was disclosed in a piece of prior art, for example, does not mean it was well understood, routine, and conventional.  At the same time, a lack of invalidating prior art does not mean that the elements of a claim are not well-understood, routine, and conventional.  The specification of the asserted patents may be such evidence where it admits that the element of a claim were well-understood, routine, and conventional.

## XV.   Damages

If you decide that any claim of the asserted patents has been infringed and is not invalid, you must then determine an amount of damages to be awarded to PPS Data for that infringement.  On the other hand, if you find that each of the asserted patents is either is not infringed or is invalid, then you will not consider damages in your deliberations.

Under the law, if a valid claim of a patent has been infringed, PPS Data is entitled to damages that are adequate to compensate it for any infringement you may find.  PPS Data has the burden to establish the amount of its damages by a preponderance of the evidence.  PPS Data is not entitled to damages that are remote or speculative.

If you determine that any asserted claim is infringed and not invalid, PPS Data is entitled to recover no less than what is called a reasonable royalty, which is what PPS Data is seeking in this case.  I will instruct you later on the meaning of a reasonable royalty.  If you determine that any asserted claim is infringed and not invalid, you must not award any more damages than are adequate to compensate for that infringement.  Nor should you include any additional amount for the purpose of punishing Jack Henry or setting an example.  After the trial, I will give you more detailed instructions on how to calculate reasonable royalty damages.

The fact that I am instructing you on damages does not mean that the Court believes that one party or the other should win in this case.  My instructions about damages are for your guidance as you receive testimony on damages.  You will need to address damages only if you find that one or more of the asserted claims are both not invalid and infringed.

One last comment on the damages.  PPS Data is only entitled to collect damages for infringement after it gave Jack Henry notice of its patents or of Jack Henry's alleged infringement.

PPS Data must prove by a preponderance of the evidence that it gave notice prior to the lawsuit. It can do this in either of two ways.  The first way is to give notice to the public in general.  PPS Data can do this by marking substantially all products it sold or licensed which included the patented invention, or by including on the labeling of substantially all products the word "patent" or the abbreviation "PAT" with the number of the patent.  PPS Data also may give notice by marking substantially all products with "Patent" or "Pat" and a free internet address where there is a posting that connects the product with the patent number.  As you will hear during trial, PPS Data has licensed its patents to various companies who are called Licensees.  Licensees of the asserted patents who use the patented invention must also mark substantially all

19

of their products that include the patented invention with the patent number.  This type of notice

to the public in general is called "constructive notice" and starts from the date PPS Data and its

licensees began to mark substantially all of its products that use the invention with the patent

numbers.  If PPS Data and its licensees did not mark substantially all of those products with the

patent number, then PPS Data did not provide notice in this way.

A second way PPS Data can give notice of its patents is to directly notify Jack Henry

with a specific claim that the accused products infringed the asserted patents.  This type of notice

is called "actual notice" and starts from the date Jack Henry received the notice.

It is PPS Data's burden to show by a preponderance of the evidence that it either gave

constructive or actual notice to Jack Henry of its patent. If you find that PPS Data, before filing

this lawsuit, did not provide an effective public notice by properly marking its products, and did

not properly provide direct notice to Jack Henry with a specific charge that the accused products

infringed, then PPS Data can only recover damages for infringement that occurred after it sued

Jack Henry.

**Authority**:  Based upon AIPLA Model Jury Instruction (10.2).

## **ALTERNATE INSTRUCTION ON DAMAGES SHOULD COURT GRANT JHA MIL**

If you find JHA has infringed the asserted claims and decide to award damages, PPS Data

is only entitled to damages for infringement that occurred after January 10, 2018 (the date PPS

Data sued Jack Henry) through April 28, 2020 (the date the asserted patents expire).  It is not

entitled to any damages for infringement that occurred prior to the date PPS Data filed this

lawsuit against Jack Henry.

**Authority**:  AIPLA Model Jury Instruction 10 (Damages); based on joint proposed jury
instructions from *Intellectual Ventures LLC v. T-Mobile*, Case No. 2:17-cv-00577-JRG, Dkt. No.
314-1 at 24, filed 2/6/2019.

## XVI.   Juror Conduct

I would also like to briefly address juror conduct.  During the trial, you may find that people want to talk to you about the case.  This is very natural and quite common.  You go home, somebody wants to know what the case is all about and so forth.  As much as you might want to talk about the case, you need to tell that person that you cannot discuss the case until it is over.  Now, you can tell them that you were selected for jury.  And you can tell them it is a civil jury, and not a criminal jury.  But that is as much as you should say.

The reason is, once you start down the path of talking about the case, you never know what will happen.  You might talk to someone who says that they sat on a case like that, and here is what happened in my case, and so on.

We do not want that.  You really want to focus entirely on the evidence in *this* case.  So if anybody does talk to you about the case, or starts to talk to you about the case, just tell them that you cannot discuss the case until it is over.  Once it is over, you can talk to anybody you want.

The same goes for not sharing any of your views about the case on any social media network, like Facebook, Twitter, Instagram, or anything like that.  And on a similar topic, you should not be doing your own independent research on the internet; not about the law, the products, the companies, or the attorneys.

And finally, this is a small world and you may run across the attorneys in this case in the courthouse or around town.  The attorneys will not speak with you.  Maybe a nod, but they will not speak with you.  This is not because they are not friendly.  They are.  But they understand that they are not supposed to have any contact with you.  So please do not go up to them and chat with them.  If you forget this and you happen to say hello, and they just sort of nod back, that is why.

**Authority**:  Based upon jury instruction transcript from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 318 at 10-12, filed 6/28/2012.

## XVII.  Juror Notebooks.

You will see that each of you have been provided a notebook.  You are all free to take notes as the trial goes on, but I would caution that taking notes is not for everyone.  For some people, taking notes can actually prevent you from listening and learning about the case.  If you feel taking notes would help you, please do so.  But if you feel like taking notes would be counterproductive, I am here to tell you that you are under no obligation to take notes.  Do what works for you.  Any notes that you take are for your own personal use only.  You will have to rely on your memory of the evidence, which is why you should pay close attention to the testimony of each and every witness.  You should not abandon your own recollection because somebody else's notes indicate something different.  Your notes are to refresh your recollection, and that is the only reason that you should be taking them, if you decide to take them.

In your notebooks, you will find complete copies of the asserted patents that we have talked about.  You will also find what is called a claim construction chart.  That is the document that reflects the Court's prior constructions or definitions for various terms from within the language of the asserted claims.

And those constructions on the right-hand side regarding those terms in the middle column, those are the constructions and definitions that I have given you and that you are required to apply to that language in determining the issues of infringement and validity.  Behind the claim construction chart, you will find numerous tabs for individual witnesses.  The Court has required that these notebooks have a page for each witness that might testify during the trial that has superimposed at the top of that page a head-and-shoulders photograph of the witness, together with their name.  The remainder of each of these pages are simply ruled lines that you

can use for note-taking purposes if you wish to. The Court has found that it is often helpful for the jury when you retire to deliberate to be able to look back and refresh your memory with a picture of the person who testified. And that is why those witness pages are in here. You will also find at the back of the notebook, a three-hole punched legal pad that you can use for note-taking as well.

These juror notebooks should be in your possession at all times. They should either be with you in the jury box, or they should be with you in the jury room, but you should not leave them anywhere else. Now, there are times during the trial that we may take a short recess, and I might tell you that you can just leave your notebooks in your chairs. But unless I tell you otherwise, you should take it with you to the jury room. When you leave the courthouse at the end of each day, please make sure that you leave those notebooks in the jury room where they will be secure, and you can then pick them up the next morning. It is important that they be kept secure throughout the trial.

**Authority**: Based upon jury instructions in *Rembrandt Wireless Technologies, LP v. Samsung Electronics Co. Ltd.*, Case No. 2:13-cv-213-JRG, Dkt. No. 290 at 26-28, filed 2/9/2015.

## XVIII. Role of the Court and the Jury

Now, I know that there are a lot of new words and concepts that have been presented to you this morning. I am going to define a lot of these words and concepts for you as we go through these instructions. The attorneys are going to discuss them in their opening statements. The witnesses are going to help you, through their testimony, to understand these words and concepts. So do not feel overwhelmed at this stage. It will all come together as we go through the trial.

Your job in this case is to decide whether the asserted patents have been infringed and whether the asserted claims of the asserted patents are invalid. If you decide that any claim of

the asserted patens has been infringed and is not invalid, then, as we have discussed, you will

need to decide what amount of money damages are to be awarded to PPS Data as compensation

for such infringement.  As I mentioned earlier, my job in this case is to handle the rulings on the

law, evidence, and procedure, and to oversee the conduct of the trial.  In determining the law, it

is specifically my job to determine the meaning of any language from within the asserted patents

that needs interpretation.  In deciding the issues before you, you will be asked to consider

specific legal rules, and I will give you an overview of those rules now and then again at the

conclusion of this case.

**Authority**:  Based upon joint proposed preliminary jury instructions in *Immersion Corp. v.
Samsung Electronics Am., Inc.*, Case No. 2:17-cv-00572-JRG, Dkt. No. 161-6 at 7-8, filed
4/1/2019.

## XIX.   Trial Roadmap

Now, we are going to have opening statements in a few minutes, but I want to give you a

brief roadmap of how this trial is going to be structured.  After the opening statements, the

plaintiff, PPS Data, will present its evidence in support of its contentions that some of the claims

of the asserted patents have been and continue to be infringed by the defendant, Jack Henry.  To

prove infringement of any claim by any accused product, PPS Data must persuade you, for each

accused product, that it is more likely true than not true that the accused product has infringed

that claim; that is, by a preponderance of the evidence.  Additionally, PPS Data will present its

evidence in support of its contentions that it is entitled to damages for any infringement.

After PPS Data has put on its evidence and rests its case, Jack Henry will present its

evidence that its products do not infringe any asserted claim of the asserted patents, and that the

asserted claims of the asserted patents are invalid.  With respect to proving invalidity, Jack

Henry must persuade you by clear and convincing evidence that the claims are invalid.  Jack

Henry will also put on evidence responding to the evidence of PPS Data.

24

After Jack Henry has rested its case, then PPS Data will be given an opportunity to put on additional evidence to address the claims by Jack Henry that the asserted patents are invalid and to offer any other rebuttal evidence regarding infringement and damages.  Now, when PPS Data puts on its second round of evidence, that is called the rebuttal case.  And that will be the last presentation of evidence during the trial.  After PPS Data finishes its rebuttal evidence, then I will give you final instructions on the law that applies in this case and the attorneys in the case will present their closing arguments.

My final instructions to you are often called the Court's charge to the jury.  Now, I want to repeat my earlier instruction to you not to discuss this case at all with anyone, and included in that is not to discuss the case among yourselves until the time that you retire to deliberate after you ahve heard all the evidence, after my final instructions, and after the closing arguments of the attorneys.

Then you will deliberate in the jury room after you retire at my instruction.  At that time, it is your duty to discuss the evidence with each other during your deliberations.  But until that time, you must not discuss the case among yourselves in any way, and you must not discuss the case with any person or communicate in any way about the case.

As I indicated during jury selection, your decision as to how to answer the questions in the verdict form must be based solely and only on the evidence that you hear during the trial, under oath, from the witness stand or the exhibits that are admitted into evidence by the Court, and that have been scrutinized for admissibility prior to the beginning of the trial.

Again, it is critical that your decisions as to the facts in this case and how you answer the questions in the verdict form are based only on the evidence that comes in on the witness stand and is subject to cross-examination in open court or the exhibits that I have admitted into

evidence prior to the trial beginning.  That should be the sole universe of the evidence from which you answer the questions in the verdict form.

Any deviation from that calls into question and jeopardizes all the work that has been done up until this point.  That is why this instruction is so important, and as I told you during jury selection, you are going to hear it over and over again from me.  The reason I am, so repetitive with it is because it is so important.

I also want to remind you, as I did during jury selection, that the attorneys, the witnesses, and the party representatives in this case have been instructed not to talk to you as you come and go from the courthouse, as you leave and come from lunch, as you are on recess, or at any other time.  Again, it is not that they are being rude or unfriendly; it is so that the only information you have is what comes in during the trial in the courtroom.

So when that happens, when you pass one of these attorneys on the steps coming in one morning or as you go out to lunch and pass one of the witnesses, when they do not speak to you, when they do not smile and become engaging and open a conversation with you, understand they are not being rude; they are not being unfriendly; they are simply following the Court's instructions to them.

That is all I have for now.  At this point, I think we are ready for opening statements.

**<u>Authority</u>**:  Based upon joint proposed preliminary jury instructions in *Immersion Corp. v. Samsung Electronics Am., Inc.*, Case No. 2:17-cv-00572-JRG, Dkt. No. 161-6 at 17-19, filed 4/1/2019.

## PROPOSED POST TRIAL JURY INSTRUCTIONS

### I.    Introduction

You have heard the evidence and the arguments from each party's attorneys.  I will now instruct you on the law that you must apply.  Remember, though, that you are the judges of the facts.  When I am done, you will then decide the case.

The legal term for what I am going to give you is the jury charge, or the Court's instructions.  These instructions will be a little lengthy, and they may be a little difficult to follow at times.  That is because the applicable law for this case is fairly complex.  To help you, I have made copies of the instructions that will be available for your use in the jury room.  I mention this so you do not feel compelled to take notes right now; in fact I would suggest that you just listen to these instructions.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  When they do, you should keep in mind that statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist you in understanding the evidence and the parties' contentions.

When you return to the jury room, you will apply the law as I state it to you to the facts as you find them.  In doing so you should not single out one instruction alone as stating the law.  Instead, you need to consider these instructions as a whole.  Finally, please note that nothing I may have said or done during the course of the trial is intended to suggest, or should be taken by you as indicating, what I think your verdict should be.

**Authority**:  Based upon jury instruction from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 327 at 8-9, filed 6/28/2012.

1

## II.       Evidence, Burden of Proof, and Credibility

### 1.       Preponderance of the Evidence / Clear and Convincing Evidence

I am going to start by returning to the subject of the burden of proof, which we briefly

discussed at the beginning of the case.  The preponderance of the evidence standard that you will

recall applies to most of the issues in this case.  The preponderance of the evidence standard

means that a party who is asserting a particular claim must persuade you that the evidence for

each element of the party's claim is more likely to be true than untrue.  If the evidence fails to

persuade you that a necessary element of a party's claim is more likely to be true than untrue,

then you should find in favor of the other party on that particular claim.

As I said before trial, there are some issues in this case that have a different, higher

burden of proof.  For these issues, the applicable burden of proof is the clear and convincing

evidence standard.  The clear and convincing evidence standard means that a party who is

asserting a particular claim must leave you with a clear conviction or belief that the evidence

supports the claim.  If the evidence does not leave you with such a clear conviction, you should

find in favor of the other party for that particular claim.

I will tell you which issues require clear and convincing evidence when we get to them.

For now, all you need to know is that for most of the issues in this case, the preponderance of the

evidence standard applies, which means that you just have to ask yourself, am I persuaded that

the party with the burden has shown that the fact in question is more likely true than not.

**Authority**:  Based upon jury instruction from *Versata Software v. Internet Brands*, Case No.
2:08-CV-313, Dkt. No. 327 at 9-10, filed 6/28/2012.

### 2.       Evidence in the case; Credibility of witnesses; Expert witnesses

Your job as finders of fact is to weigh the evidence in this case, including the testimony

of the various witnesses you have heard, any exhibits that have been introduced as evidence, and

2

any facts that the parties have agreed are true (i.e. facts to which the parties stipulated).  As a reminder, the attorneys' statements and characterizations of the evidence are not evidence. While the opening statements and closing arguments may be helpful, you should rely on your memory and your own evaluation of the evidence.

As part of your job as jurors, your task is to weigh the testimony of the witnesses.  This is a job well-suited for jurors like yourselves.  For example, if there is a conflict in testimony on a particular point, you should use your common sense in deciding which witness you think are more believable.  If there is a question as to the relative expertise of particular witnesses, you should use your common sense to decide which witness you find more knowledgeable.  After making your own judgment, you will give the testimony of each witness whatever weight you feel is appropriate.  In short, you may accept or reject the testimony of a witness in whole or in part.

The fact that a witness testified as an expert does not mean that you must accept that witness's opinions as true.  As with the other witnesses, it is up to you to decide whether you find that testimony convincing.

**Authority**:  Based upon jury instruction from *Versata Software s. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 327 at 10-11, filed 6/28/2012.

### 3.	Depositions—Use as Evidence

During the trial, some of the testimony was presented not through a live witness, but by a deposition.  A deposition is a recording of a witness's sworn answers to questions that were asked by the party's attorneys before the trial.  The deposition testimony that you heard at trial is entitled to the same consideration as any other evidence in the case, and is to be judged as to credibility and weight the same as if the witness had been present and testified from the witness stand.

3

**Authority**:  Based upon jury instruction from *Versata Software s. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 327 at 11, filed 6/28/2012.

## III.    Substantive Law

### 4.    Patent Infringement—Generally

I will now instruct you how to decide whether or not Jack Henry's accused products have infringed the asserted patents.  What is patent infringement?  Once a patent is issued by the Patent Office, the owner of the patent, if the patent is valid, has the right to exclude others from making, using, selling, offering to sell, or importing the patented invention throughout the United States.  This right to exclude lasts 20 years or until a patent otherwise expires.  Patent infringement occurs when a person makes, uses, sells, offers for sale, or imports a product or method that is covered by the scope of the patent, and does so without the patent owner's permission.

How do we decide the scope of what is covered by the patent?  We look at the patent's claims.  The claims are the numbered paragraphs at the end of the patent.  The claims are important because it is the words of the claims that define what a patent covers.  The text in the rest of the patent provides a description or examples of the invention, and provides context for the claims.  But it is the words of the claims that define the scope, that is, the breadth, of the patent's coverage.

Each claim is effectively treated as if it were a separate patent, with infringement determined with respect to each claim.  So what a patent covers ultimately depends on what each of the claims covers.

As you have heard, PPS Data has alleged that Jack Henry infringes various claims of the asserted patents.  I will say more later about the requirements for infringement in this case, but first I will give you a brief overview of the asserted patents.

4

**Authority**:  Based upon jury instruction from *Versata Software vs. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 327 at 11-13, filed 6/28/2012.

### 5.      The Asserted Patents and Claim Construction

This case involves four patents, U.S. Patent Nos. 7,181,430, 7,216,106, 7,440,924, and 7,624,071, which we have been referring to throughout the trial collectively as the asserted patents, or, the patents-in-suit, or individually by their last three numbers as the '430 patent, '106 patent, '924 patent, and '071 patent.  As you have seen, the asserted patents include numbered claims at the end of each of the patents.  The claims at issue here describe method and computer readable medium claims.  The asserted patent's claims define the scope of what each patent covers.

Because only the claims of a patent can be infringed, you must understand the meaning of the claims before doing any infringement analysis.  For a claim term for which I have not provided you with a definition, you should apply the ordinary meaning.  There are some terms for which I have already determined the meaning for you.  I have given you a handout which contains a glossary of the claim terms I construed in the case.  As I have previously instructed, you must accept my definition of those words in the claims as correct.

I will also again add that claims use the word comprising, which is not a word that is used a lot in ordinary conversation.  It means including or containing.  A claim that uses the word comprising is not limited to methods or products having only the elements that are contained in the claim, but it also covers methods or products that add additional elements.  For example, take a claim that covers a table.  If the claim refers to a table comprising a table top, legs, and glue, the claim will cover any table that contains those structures, even if the table also contains other structures, such as a leaf or wheels on the legs.

You should not take my definitions of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to address, such as infringement and invalidity.  Those issues are for you to decide.

**Authority**:  Based upon jury instruction from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 327 at 12-16, filed 6/28/2012; Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. A.3 (July 2016).

### 6.   Direct Infringement:  Knowledge of the Patents and Intent to Infringe are Immaterial

I will now give you more information about direct, literal infringement.  PPS Data alleges that Jack Henry directly infringes the asserted patents.  In order to prove direct infringement, PPS Data must prove by a preponderance of the evidence, i.e. that it is more likely than not, that Jack Henry made, used, sold, offered for sale within, or imported into the United States, a product or method that meets all of the requirements of a claim and did so without the permission of PPS Data during the time the patent was in force.  A party can directly infringe a patent and not even know the patent exists or without knowing that what it is doing is patent infringement.  You must compare the product or method with each and every one of the requirements of a claim to determine whether all of the requirements of that claim are met.

You must determine, separately for each asserted claim, whether or not there is infringement by any of the accused products.  There is one exception to this rule.  If you find that a claim on which other claims depend is not infringed, there cannot be infringement of any dependent claim that refers directly or indirectly to that independent claim.  On the other hand, if you find that an independent claim has been infringed, you must still decide, separately, whether the product or method meets additional requirements of any claims that depend from the independent claim, thus, whether those claims have also been infringed.  A dependent claim

includes all the requirements of any of the claims to which it refers plus additional requirements of its own.

**Authority**:  Based upon jury instruction from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 327 at 16-19; AIPLA Model Jury Instructions 3.1 and 3.2; Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. B.3 3.1a (July 2016).

### 7.  Patent Invalidity—Generally

Let's next turn to patent invalidity.  Jack Henry asserts that the claims of the asserted patents are invalid.  Now, once a patent is issues, it is presumed to be valid.  That means that the fact that a patent was issued to a particular person does not guarantee that the patent is valid, but once a patent issues, the law says that if a challenger wants to show that it is invalid, that challenger has to prove that the patent is invalid by clear and convincing evidence.

Invalidity, like infringement, is decided on a claim-by-claim basis, with the claim terms being interpreted in the same way that you have in deciding infringement.  That means that in deciding invalidity, you need to determine whether Jack Henry has proven, by clear and convincing evidence, that each claim of the asserted patents is invalid.

**Authority**:  Based upon jury instruction from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 327 at 19, filed 6/28/2012.

### 8.  Person of Ordinary Skill in the Art

The question of invalidity of a patent claim is determined from the perspective of a person of ordinary skill in the art in the field of the claimed invention as of the time of the invention.  Thus, prior art must be evaluated from the perspective of one of ordinary skill in the field of the invention as of the time of the invention.

In deciding what the level of ordinary skill in the field of the invention is, you should consider all the evidence introduced at trial, including but not limited to:  (1) the levels of education and experience of the inventors and other persons actively working in the field; (2) the

7

types of problems encountered in the field; (3) prior art solutions to those problems; (4) rapidity

with which innovations are made; and (5) the sophistication of the technology.  You are to

decide the level of ordinary skill in the art at the time of invention.

**Authority**:  Based upon Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. B.4.3c(i) (July 2016); AIPLA Model Jury Instructions 5.3.

### 9.      Anticipation—Generally

An invention must be new to be entitled to patent protection under the United States

patent laws.  If a device or process has been previously invented and disclosed to the public, then

it is not new, and therefore the claimed invention is invalid as "anticipated" by the prior

invention.  In this case, Jack Henry contends that all of the claims of the asserted patents are

invalid because the claimed inventions are anticipated.  To prove anticipation, Jack Henry must

prove by clear and convincing evidence that the claimed invention is not new.

**Authority**:  Based upon Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. B.4.3(b-1) (July 2016); AIPLA Model Jury Instructions 6.

### 10.      Prior Art—Definition

In deciding whether the claims are new or anticipated by prior art, you are to consider the

items of prior art Jack Henry introduced during trial.  In patent law, what came before the

invention is often referred to as the prior art.  So, you might say that the telephone is prior art for

the cell phone, and the cell phone is prior art for the smart phone.  As a technical term in patent

law, however, prior art is used to describe those things that you are allowed to look at to see if a

particular invention really is new.

For a patent claim to be anticipated by prior art, each element of the claim in question

must be present within a single item of prior art.  In deciding whether or not a single item of

prior art anticipates the patent claim, you should consider those things that are expressly stated or

present in that prior art item.  In determining whether every one of the elements of the claimed

invention is found in the prior art, you should consider what a person of ordinary skill in the art would have understood from his or her review of the particular piece of prior art.  The prior art does not have to use the same words as the claim, but all of the requirements of the claim must have been disclosed, either stated expressly or implied to a person having ordinary skill in the art of the technology of the invention, so that looking at that one reference, that person could make and use the claimed invention.  There are various categories of prior art that can be used to show anticipation, which include:

(1) items that were publicly known or that have been used, on sale, or otherwise made available to the public before the filing date of the patent;

(2) publications that were published or otherwise made available to the public before the filing date of the patent; and

(3) patents and published patent applications naming another inventor that were filed before the filing date of the patent.

**Authority**:  Based upon jury instruction from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 327 at 19-22, filed 6/28/2012; *see Trintec Indus., Inc. v. Top-U.S.A. Corp.*, 295 F.3d 1292, 1295 (Fed Cir. 2002); AIPLA Model Jury Instructions 6; Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. B.4.3 a-1, a02 (July 2016).

## 11.   Obviousness

In order to be patentable, in addition to being new, the invention must also be nonobvious.  This means it would not have been obvious to a person of ordinary skill in the art of the technology of the patent at the time the invention was made.

In this case, Jack Henry contends that the asserted claims of the asserted patents are invalid because the invention was obvious.  Unlike anticipation, obviousness may be shown by considering more than one item of prior art in combination.  For this, you may consider whether there is anything that would have prompted a person of ordinary skill in the art to combine the

elements or concepts in the prior art in the same way the invention does.  But you also need to keep in mind that a patent claim that consists of several elements is not rendered obvious merely because each of the separate elements was known in the prior art.

The ultimate conclusion on whether a claim is obvious will be based on your determination of several factual issues.  These include:

(1) the level of ordinary skill that someone would have had in the field of the asserted patents at the time of the claimed invention;

(2) the scope and content of the prior art.  In determining the scope and content of the prior art, you must decide whether a reference is pertinent or analogous to the claimed invention. Pertinent or analogous prior art includes prior art in the same field of endeavor as the invention, regardless of problems addressed by the reference and prior art in different fields reasonably pertinent to the particular problem with which the claimed invention is concerned.  Remember that prior art is not limited to patents and published materials but includes the general knowledge that would have been available to one of ordinary skill in the field of the invention; and

(3) what differences, if any, existed between the prior art and the claimed invention;

Such objective evidence considerations are relevant only if there is a connection, or nexus, between the factor and the invention covered by the patent claims.  If you conclude that objective evidence indicators have been established, those factors should be considered along with all the other evidence in the case in determining whether Jack Henry has proven that the claimed invention would have been obvious.

In considering whether a claimed invention is obvious, you should consider whether at the time of the claimed invention there was a reason that would have prompted a person having

ordinary skill in the field of the technology of the patent to combine the known elements in the way the claimed invention does, taking into account such factors as:

(1) whether the claimed invention was merely the predictable result of using elements from the prior art according to their known functions;

(2) whether the claimed invention provides an obvious solution to a known problem in the relevant field;

(3) whether the prior art teaches or suggests the desirability of combining elements claimed in the invention;

(4) whether the prior art teaches away from combining elements in the claimed invention;

(5) whether it would have been obvious to try the combination of elements such as where there is a design need or market pressure to solve a problem, and there were a finite number of identified and predictable solutions; and

(6) whether the change resulted more from design incentives or other market forces.

If you find that Jack Henry has proven by clear and convincing evidence that a claim was obvious, as I have explained the law to you, you must find that claim invalid. If you find that Jack Henry has failed to prove by clear and convincing evidence that a claim was obvious, you must find that claim is not obvious.

In deciding obviousness, you must avoid using hindsight; that is, you should not consider what is known today, or what was learned from the patent. You should not use the patent as a road map for selecting and combining items of prior art. Instead, you must put yourself in the place of a person of ordinary skill in the art at the time the invention was made.

**Authority**:  Based upon jury instruction from *Rmail v. RPost*, Case No. 10-cv-258-JRG, Dkt. No. 916-13 at 26-29; Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. B.4.3(c) (July 2016);.

### 12.    Well-Understood, Routine, And Conventional Activities Previously Known to the Industry

Jack Henry contends that the claims of the asserted patents are directed to well-understood, routine, and conventional activities previously known in the industry.    You must decide if the elements in each of these claims taken individually or as a combination involve well-understood, routine, and conventional activity previously engaged in by researchers in the field, or well-understood, routine, and conventional activities or components previously known to the industry.  Whether a particular technology was well-understood, routine, and conventional goes beyond what was simply known in the prior art.  The mere fact that something was disclosed in a piece of prior art, for example, does not mean it was well understood, routine, and conventional.  At the same time, a lack of invalidating prior art does not mean that the elements of a claim are not well-understood, routine, and conventional.  The specification of the asserted patents may also be such evidence where it admits that the element of a claim were well-understood, routine, and conventional.

**Authority**:  Based upon jury instruction from *Rmail v. RPost*, Case No. 10-cv-258-JRG, Dkt. No. 916-13 at 29-30.

### 13.    Written Description Requirement

As I discussed earlier, the patent contains a part called the specification.  The patent law contains certain requirements for the part of the patent called the specification.  Jack Henry contends that the asserted patents are invalid because the specification does not contain an adequate written description of the invention.  In order to succeed on its written description defense, Jack Henry must show—by clear and convincing evidence—that the specification fails to meet the law's requirement for a written description of the invention.

In the patent application process, the applicant may keep the originally filed claims, or change the claims between the time the patent application is first filed and the time a patent is

issued.  An applicant may amend the claims or add new claims.  These changes may narrow or broaden the scope of the claims.  The written description requirement ensures that the issued claims correspond to the written description that was provided in the original application.

In deciding whether the patent satisfies this written description requirement, you must consider the description from the viewpoint of a person of ordinary skill in the field of the invention at the time the application was filed.  The written description requirement is satisfied if a person of ordinary skill reading the original patent application would have recognized that it describes the full scope of the invention as it is finally claimed in the issued patent and that the inventor actually possessed the full scope of the invention by the filing date of the original application.

The written description requirement can be met by any combination of the words, structures, figures, diagrams, formulas, etc. contained in the patent.  The full scope of a claim does not need to be expressly disclosed in the original patent application if a person of ordinary skill in the relevant field of technology of the patent at the time the application was filed, would have understood that the full scope is in the written description in the patent application.

**Authority**:  Based on Federal Circuit Bar Association Model Patent Jury Instructions (last updated July 2016) (Instr. B.4.2a).

### 14.    Enablement

Another requirement of the specification portion of the patent is the enablement requirement.  Jack Henry asserts that the asserted claims are invalid because the specification does not contain a sufficiently full and clear description of how to use the patented invention.  To succeed, Jack Henry must show by clear and convincing evidence that the asserted patents do not contain a sufficiently full and clear description of the claimed invention.

13

To be sufficiently full and clear, the description must contain enough information to have allowed a person of ordinary skill in the field of the invention to make and use the full scope of the claimed invention at the time the original patent application was filed.  This is known as the enablement requirement.  If a claim is not enabled, it is invalid.

To be enabling, the patent needs to allow a person of ordinary skill in the field of the invention to make and use the full scope of the invention at the time the patent application was filed without having to conduct undue experimentation.  However, some amount of experimentation to make and use the invention is allowable.  In deciding whether a person of ordinary skill would have to experiment unduly in order to make and use the invention, you may consider several factors:

(1)     the time and cost of any necessary experimentation;

(2)     how routine any necessary experimentation is in the field of electronic check processing;

(3)     whether the asserted patents disclose any specific working examples of the invention;

(4)     the amount of guidance presented in the asserted patents;

(5)     the nature and predictability of the field of electronic check processing;

(6)     the level of ordinary skill in the field of electronic check processing; and

(7)     the scope of the claimed invention.

No one or more of these factors is alone dispositive.  Rather, you must make your decision whether or not the degree of experimentation required is undue based upon all of the evidence presented to you.  You should weigh these factors and determine whether or not, in the context of this invention and the state of the art at the time the original patent application was

filed, a person having ordinary skill would need to experiment unduly to make and use the full scope of the invention.

**Authority**:  Based on Federal Circuit Bar Association Model Patent Jury Instructions (last updated July 2016) (Instr. B.4.2b); AIPLA Model Jury Instruction (8).

### 15.    Damages—Introduction

If you find that Jack Henry infringed any valid claim of the asserted patents, you must then consider what amount of damages to award to PPS Data.  I will now instruct you about the measure of damages.  By instructing you on damages, I am not suggesting which party should win this case, on any issue.  If you find that Jack Henry has not infringed any valid claim of the asserted patents, then PPS Data is not entitled to any damages.

The damages you award must be adequate to compensate PPS Data for infringement. Damages are not meant to punish an infringer.  Your damages award, if you reach this issue, should put PPS Data in approximately the same financial position that it would have been in had the infringement not occurred.

PPS Data has the burden to establish the amount of its damages by a preponderance of the evidence.  In other words, you should award only those damages that PPS Data establishes that it more likely than not suffered.  While PPS Data is not required to prove the amount of its damages with mathematical precision, it must prove them with reasonable certainty.  You may not award damages that are speculative, damages that are only possible, or damages that are based on guesswork.

There are different types of damages that PPS Data may be entitled to recover.  In this case, PPS Data seeks a reasonable royalty.  A reasonable royalty is defined as the money amount PPS Data and Jack Henry would have agreed upon as a fee for use of the invention at the time

prior to when infringement began.  You must be careful to ensure that the award is no more than the value of the invention.

I will give more detailed instructions regarding damages shortly.

**Authority**:  Based upon Federal Circuit Bar Association Model Patent Jury Instructions (last updated July 2016) (Instr. B.6.1).

### 16. Damages—Date Damages Begin (when the start of the damages period is in dispute)

The date that PPS Data first notified Jack Henry of its claim for patent infringement is the date for the start of damages.  The parties do not agree on that date, so it is up to you to determine what that date is.  PPS Data must prove that it is more likely than not that the Jack Henry was put on notice of the claim for patent infringement as of the date alleged by PPS Data.

PPS Data can give notice in either of two ways.  The first way is to give notice to the public in general.  PPS Data can do this by marking substantially all products it sold or licensed which included the patented invention, or by including on the labeling of substantially all products the word "patent" or the abbreviation "PAT" with the number of the patent.  PPS Data also may give notice by marking substantially all products with "Patent" or "Pat" and a free internet address where there is a posting that connects the product with the patent number.  As you heard during trial, PPS Data has licensed its patents to various companies who are called Licensees.  Licensees of the asserted patents who use the patented invention must also mark substantially all of their products that include the patented invention with the patent number.  This type of notice to the public in general starts from the date PPS Data and its licensees began to mark substantially all of its products that use the invention with the patent numbers.  If PPS Data and its licensees did not mark substantially all of those products with the patent number, then PPS Data did not provide notice in this way.

16

A second way PPS Data can give notice of its patents is to directly notify Jack Henry with a specific claim that the accused products infringed the asserted patents.  This type of notice starts from the date Jack Henry received the notice.

It is PPS Data's burden to show by a preponderance of the evidence that it either gave constructive or actual notice to Jack Henry of its patent. If you find that PPS Data, before filing this lawsuit, did not provide an effective public notice by properly marking its products, and did not properly provide direct notice to Jack Henry with a specific charge that the accused products infringed, then PPS Data can only recover damages for infringement that occurred after it sued Jack Henry.

**Authority**:  Based upon AIPLA Model Jury Instruction (10.2).


## ALTERNATE INSTRUCTION ON DAMAGES SHOULD COURT GRANT JHA MIL

If you find JHA has infringed the asserted claims and decide to award damages, PPS Data is only entitled to damages for infringement that occurred after January 10, 2018 (the date PPS Data sued Jack Henry) through April 28, 2020 (the date the asserted patents expire).  It is not entitled to any damages for infringement that occurred prior to the date PPS Data filed this lawsuit against Jack Henry.


### 17.     Reasonable Royalty—Entitlement

If you find that PPS Data has established infringement, PPS Data is entitled to at least a reasonable royalty to compensate it for that infringement.

**Authority**:  Federal Circuit Bar Association Model Patent Jury Instructions (last updated July 2016) (Instr. B.6.5).

### 18.     Reasonable Royalty Damages—Definition

A royalty is the amount of money that someone pays a patent owner to be able to use the patented invention.  A reasonable royalty is the royalty that patent holder and the alleged infringer would have agreed to in a hypothetical negotiation at a time prior to when infringement first began.  In considering this hypothetical negotiation, you should focus on what the expectations of the patent holder and the alleged infringer would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations.  In determining this, you must assume that both parties believed the patent was valid and infringed and that both parties were willing to enter into an agreement.  The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation, and not simply a royalty either party would have preferred.  Evidence of things that happened after the infringement first began can be considered in evaluating the reasonable royalty only to the extent that the evidence aids in assessing what royalty would have resulted from a hypothetical negotiation.  Although evidence of the actual profits an alleged infringer made may be used to determine the anticipated profits at the time of the hypothetical negotiation, the royalty may not be limited or increased based on the actual profits the alleged infringer made.

**Authority**:  Based upon Federal Circuit Bar Association Model Patent Jury Instructions (last updated July 2016) (Instr. B.6.6).

### 19.     Reasonable Royalty Damages—"Hypothetical Negotiation"

A reasonable royalty is the royalty that would have resulted from a hypothetical license negotiation between PPS Data and Jack Henry.  Of course, we know that they did not agree to a license and royalty payment.  But, in order to decide on the amount of reasonable royalty damages, you should assume that the parties did negotiate a license just before the infringement began.  This is why it is called a hypothetical license negotiation.  You should assume that both

18

parties to the hypothetical negotiation understood that the patent was valid and infringed and both were willing to enter into a license just before the infringement began.  You should also presume that the parties had full knowledge of the facts and circumstances surrounding the infringement at the time of the hypothetical negotiation.

**Authority**:  Based upon AIPLA Model Jury Instruction (10.2.5.2).

### 20.      Reasonable Royalty Damages—Relevant Factors

In determining the reasonable royalty, you should consider all the facts known and available to the parties at the time infringement began.  Some of the kinds of factors you may want to consider in determining a reasonable royalty are:

(1) the value that the invention contributes to the accused products;

(2) the value that factors other than the invention contribute to the accused products; and

(3) comparable license agreements, such as those covering the use of the invention or similar technology.

No one factor is dispositive and you can and should consider the evidence that has been presented to you in this case on each of these factors.  You may also consider any other factors which in your mind would have increased or decreased the royalty that Jack Henry would have been willing to pay and that PPS Data would have been willing to accept, acting as normally prudent business people.

**Authority**:  Based upon Federal Circuit Bar Association Model Patent Jury Instructions (last updated July 2016) (Instr. B.6.7).

## IV.    Closing Instructions

### 21.    Election of a Foreperson

Jurors, it is time now for you to deliberate and consult with one another in an effort to reach a verdict.  The first thing you should do when you retire to the jury room is to select a foreperson who will be responsible for communicating with the Court as needed.

**Authority**:  Based upon jury instruction from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 327 at 121-122, filed 6/28/2012.

### 22.    Verdict Unanimous—Duty to Deliberate

You should then begin your deliberations.  Your verdict on each issue must be unanimous.  There will be a verdict form in the jury room waiting for you when you retire for your deliberations.  You will note that the verdict form sets forth a series of questions to be answered during the course of your deliberations in accordance with the jury instructions which I have just given you.  When you reach a unanimous verdict as to each question on the verdict form, the foreperson is to fill in the answers on the verdict form.  Again, your unanimous answers to those questions will constitute the jury's verdict in this case.

Please make sure to read the questions carefully, and note that some of the questions may not require answers, depending on how you answer other questions.  Do not reveal your answers to any of the questions until you are discharged.  Also, you should not reveal your numerical division on any issue during the course of your deliberations, even to me.  When you return to announce your verdict, please bring the completed verdict form with you, the one with the questions answered.

**Authority**:  Based upon jury instruction from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 327 at 122, filed 6/28/2012.

### 23.      Outside Communication

During your deliberations you must not communicate with or provide any information to anyone other than your fellow jurors about this case by any means.  This includes through use of any electronic device or media such as a smartphone or a computer, or by way of access to the internet or any internet service or text or instant messaging service, any internet chat room, blog or website such as Facebook, LinkedIn, Youtube, Twitter, or Instagram.  In short, you may not provide information to anyone about the case or conduct any research about the matter until I accept your verdict.

Now, I expect that when you get to the jury room to begin your deliberations, you may feel a little overwhelmed.  This has been a complicated case, and there is a lot of evidence to think about.  But I think you will find that as you start working methodically through the case, things will begin to seem more manageable.

**Authority**:  Based upon jury instruction from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 327 at 122-123, filed 6/28/2012.

### 24.      Jury's Responsibility

It is important to add the caution that nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

I hope and expect that you will listen to one another's views respectfully, even if initially you disagree on some issues.  Discussing the issues from different perspectives can often help in formulating your own ideas about how particular issues should be decided.

**Authority**:  Based upon jury instruction from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 327 at 123, filed 6/28/2012.

### 25.    Communications Between Court and Jury During Deliberations

If you wish to see any of the exhibits, you are free to see them.  All you need to do is have your foreperson sign a note asking for the exhibit and to provide that note to the court security officer who will be taking care of you during your deliberations.  You can ask to see all the exhibits or you can just ask for some of them, if you like.  Just let us know what you want, and we will get those exhibits for you.

If you have a question or otherwise want to communicate with me at any time, please follow the same procedure by providing a written message or question to the court security officer, who will then bring it to me.  There should not be any direct communication between me and you the jury.  You probably will not get a reply right away, as I usually need to summon all the lawyers and get their input before I can respond to the questions.  That just means I usually cannot get back to you right away, but we will do our best to get you an answer to your question as soon as we can.

You will note from the oath about to be taken by the court security officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.  Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**Authority**:  Based upon jury instruction from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 327 at 123-124, filed 6/28/2012.