**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| PPS DATA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JACK HENRY & ASSOCIATES, INC., <br><br> Defendant. | Civil Action No. No. 2:18-cv-0007-JRG |

**PLAINTIFF PPS DATA, LLC'S RESPONSE TO JACK HENRY & ASSOCIATES,
INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY CONCERNING JACK HENRY'S
MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 101**

PPS Data LLC ("PPS") respectfully responds to the unauthorized supplemental legal

argument presented by Jack Henry & Associates, Inc. ("JHA") (Dkt. No. 113), denominated by

JHA as mere notice of the Federal Circuit's recent decision in *Solutran, Inc. v. Elavon, Inc.*,

Nos. 2019-1345, 2019-1460, 2019 WL 3418471 (Fed. Cir. Jul. 30, 2019) (Dkt. No. 113-1). With

the pre-trial conference set for next week, JHA's actions compel PPS to file this response—in the

event that the Court accepts JHA's unauthorized brief.

The *Solutran* decision is not determinative of any issue presented by JHA's motion. At

most, its relevance is limited to the determination that "the physicality of the paper checks being

processed and transported is not *by itself* enough to exempt the claims from being directed to an

abstract idea." *Solutran*, 2019 WL 3418471, at *5 (emphasis added). This implicates only

PPS's initial argument on "transformation" of a paper check into a check image and electronic

data. Indeed, given the pendency of the appeal, PPS did not rely on *Solutran* at all in its

opposition to JHA's summary judgment motion, and the Court explicitly refrained from

considering *Solutran* in its denial of JHA's first motion on Section 101. Dkt. No. 69 at 11 n.8.

Thus, the *Solutran* decision has little if any bearing on this case.

In its purported supplemental notice, JHA once again ducks a comparison of PPS's actual claim language with the language of any other invalidated claim, including the invalidated claim in *Solutran*.  JHA argues instead that PPS has "admitted" that the claim language at issue here is sufficiently similar to the claim language in *Solutran*, so that PPS's claims should fall with those in *Solutran*.  Dkt. No. 113 at 3.  This is a factually false premise, and a legally unsupported conclusion.

PPS argued in response to JHA's Rule 12 motion that JHA, like the defendant in *Solutran* had described an over-generalized abstract idea.  *See, e.g.*, Dkt. No. 30 at 10–11 (arguing that *Solutran* was an example of a case in which the defendant described claims at too high a level of abstraction).  Indeed, the Federal Circuit rejected the *Solutran* defendant's "abstract idea of delaying and outsourcing the scanning of paper checks," presented to the district court.  *Solutran*, 2019 WL 3418471, at *2–3.  PPS also argued against JHA's attempt to distinguish *Solutran* based on the absence of a scanning step in the asserted claims here.  Dkt. No. 32 at 4–5.  Nowhere, however, did PPS insist that its claims were the same as in *Solutran*, and therefore should rise or fall with them.

In fact, the Federal Circuit's opinion in *Solutran* confirms precisely the type of analysis required under Step One of *Alice*, which JHA yet again refuses to perform in order to meet its burden.  In *Solutran*, the Federal Circuit ensured that the abstract idea must be "directly tethered to the claim language," to avoid an overly broad characterization.  *Solutran*, 2019 WL 3418471, at *5.  Conversely, JHA's motion (and its improper supplemental notice for that matter) failed to even try to tether its purported "abstract idea" of "check processing" to the claim language, much less to the particular claimed advances over conventional electronic check processing, including

2

most notably the explicit bypassing of the magnetic ink character recognition ("MICR") capture systems of the bank of first deposit.

This case departs even further from *Solutran* in Step Two, especially given the stark contrast of the respective arguments and evidence.  There the patentee did not dispute "that the steps of the claim are conventional processes for processing checks electronically."  *Solutran*, 2019 WL 3418471, at \*5.  As such, "using a general-purpose computer and scanner to perform conventional activities in the way they always have, as the claims [did there], does not amount to an inventive concept."  *Id.* at \*6.

While JHA now tries to declare that "here there is no dispute that the asserted claims use general purpose computers 'to perform conventional activities in the way they always have,'" nothing could be further from the truth.  Dkt. No. 113 at 2–3.  This simply cannot be reconciled with the evidentiary record.  PPS has come forward with ***unrebutted expert and documentary evidence*** that the claimed advances were far from, indeed the opposite of, what was conventional in electronic check processing at the time of the inventions.  Dkt. Nos. 91 at 24–30; Dkt. No. 91-1 at ¶¶ 29–43; Dkt. No. 106 at 7–10.  Accordingly, the unrebutted expert evidence here presents exactly the opposite of what was presented on Step Two in *Solutran*.

Nor can the *Solutran* decision be used to somehow backfill JHA's complete failure to offer anything to prove or rebut what was "well-understood, routine, and conventional" in electronic check processing at the time of the inventions in this case.  At a minimum, whatever may have been proven to be conventional in *Solutran* is completely irrelevant here because the *Solutran* patent was filed *six years* after the asserted patents in this case (2006 versus 2000).  *Solutran* simply does nothing to change the fact JHA has come nowhere close to meeting its burden of clear and convincing evidence on Step Two.

JHA's motion should be denied, as set forth in PPS's opposition briefs.

Dated: August 6, 2019

Respectfully submitted,


By:  /s/ *Anthony H. Son*
Anthony H. Son
Matthew C. Ruedy (*pro hac vice*)
Kaveh Saba (*pro hac vice*)
Steven A. Maddox (*pro hac vice*)
Jeremy J. Edwards (*pro hac vice*)
MADDOX EDWARDS PLLC
1900 K Street NW, Suite 725
Washington, D.C. 20006
(202) 830-0707
ason@meiplaw.com
mruedy@meiplaw.com
ksaba@meiplaw.com
smaddox@meiplaw.com
jedwards@meiplaw.com

*Attorneys for Plaintiff PPS Data, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this response was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 6th day of August, 2019.

> */s/ Anthony H. Son*
> Anthony H. Son

5