**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PPS DATA, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:18-CV-00007-JRG |
| | § | |
| JACK HENRY & ASSOCIATES, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*

The Court held two Pretrial Conferences in the above-captioned matter on Tuesday, August 13, 2019, and Monday, August 26, 2019, regarding motions *in limine* ("MILs") and other pending pretrial motions filed by Plaintiff PPS Data, LLC ("PPS") and Defendant Jack Henry & Associated, Inc. ("JHA") (collectively, "the Parties"). (Dkt. Nos. 78, 79, 80, 81, 83, 85, 107, 108, 118.) This Order memorializes the Court's rulings on the aforementioned MILS and motions as announced into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

## MOTIONS *IN LIMINE*

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court.

1. **Agreed Motions *in Limine* (Dkt. No. 118)**

    The following MILs are **GRANTED-BY-AGREEMENT OF THE PARTIES**.

- Agreed MIL No. 1: The Parties shall not make or offer any attorney argument, evidence, testimony, insinuation, reference, or assertions concerning God or Jesus, or religious beliefs, political convictions, race, ethnicity, nationality, native language, or sexual orientations of a party, witness, or counsel, or relative distance of a witness, party, or counsel's residence to Texas, including differentiating the place of residence of a witness, party, or counsel from Texas.  This does not preclude the Parties or witnesses from mentioning that they reside in or conduct business in Texas.

- Agreed MIL No. 2: The Parties shall not make or offer any attorney argument, evidence, testimony, insinuation, reference, or assertions implying that PPS Data is a "patent troll," "patent pirate," "troll," "shell company," "litigation shop," "lawsuit factory," "litigious," "shakedown artist," "extortionist," "toll collector," or other pejorative terms, or otherwise disparaging PPS Data's business by implying PPS Data plays the litigation lottery, engages in litigation-based licensing, or is in the business of filing lawsuits.  This shall not prevent any party from eliciting testimony that PPS Data has no functional business other than licensing its patents through litigation or otherwise.

- Agreed Motion in Limine No. 3: The Parties shall be precluded from raising any attorney argument, evidence, testimony, insinuation, reference, or assertions that patent examiners are overworked, prone to error, not bright, lazy, or biased toward allowing patents to issue (to meet some quota or otherwise).

- Agreed Motion in Limine No. 4: The Parties shall be precluded from raising any attorney argument, evidence, testimony, insinuation, reference, or assertions relating to any Court rulings on motions to strike, *Daubert* motions, or motions *in limine*, or any other Court rulings on evidence.

- Agreed Motion in Limine No. 5: The Parties shall be precluded from raising any attorney argument, evidence, testimony, insinuation, reference, or assertions relating to any alleged local effect of a judgment.

- Agreed Motion in Limine No. 6: The Parties shall not offer any attorney argument or evidence that conflict with the Court's claim construction opinion and order.

- Agreed Motion in Limine No. 7: The Parties shall not make or offer any attorney argument, evidence, testimony, insinuation, reference, or assertions concerning JHA's patents obtained from Ensenta.

    2. **PPS's Opposed Motions *in Limine* (Dkt. No. 108)**

- PPS MIL No. 1: Evidence or argument relating to U.S. Patent Appl. No. 14/185,667.

    This MIL was **GRANTED** due to the potential risk of confusion for the jury. (Dkt. No. 148 at 10:22–11:2.)

- PPS MIL No. 2: Evidence or argument relating to any patent, claim, theory, or accused product or functionality that has been dropped or dismissed from the case.

    This MIL was **GRANTED** due to the potential risk of confusion for the jury. (Dkt. No. 148 at 22:19–23:15.)

- PPS MIL No. 3: Evidence or argument that JHA's accused products do not infringe because JHA is itself the "bank of first deposit" of the claims.

    This MIL was **WITHDRAWN**. PPS withdrew this MIL from consideration. (Dkt. No. 148 at 49:17–50:5.)

- PPS MIL No. 4: Testimony by fact witness Jerry Garrett regarding the relevant state of the art related to the patents-in-suit or JHA's alleged prior art systems.

    This MIL was **GRANTED**. JHA can approach the bench and seek leave to ask Mr. Garrett certain questions in light of Dr. Shamos' testimony only to the extent Mr. Garrett can answer those questions with regard solely to his own personal knowledge and experience. (Dkt. No. 148 at 32:19–34:9.)

- PPS MIL No. 5: Evidence or argument that a terminal disclaimer is an admission or implies that the claims are not patentably distinct.

    This MIL was **DENIED**. However, JHA shall make no representations or arguments during trial that the terminal disclaimer is dispositive of the issue of whether the claims are patentably distinct. (Dkt. No. 148 at 36:17–38:8.)

- PPS MIL No. 6: Evidence or argument that damages are limited to post-filing of the complaint.

    This MIL was **GRANTED**. (Dkt. No. 148 at 63:11–65:8.) The Court found that JHA failed to raise its failure to mark claims until too late in the trial process, and thus failed to put PPS on notice. *Freeny v. Fossil Group, Inc.*, No. 2:18-CV-00049-JRG-RSP, Dkt. No. 207 (E.D. Tex. July 24, 2019) (holding that a defendant has an obligation to put a plaintiff on notice of its marking contentions); (Dkt. No. 148 at 63:4–64:24.)

- PPS MIL No. 7: Evidence or argument that the asserted claims are invalid based on prior art that was not identified as anticipatory and/or obvious or charted by JHA pursuant to P.R. 3-3(b) and (c).

    This MIL was **DENIED AS MOOT** and as agreed to by the Parties. (Dkt. No. 148 at 38:10–24.)

- PPS MIL No. 8: Evidence or argument relating to the DataTreasury patents being invalidated *after* the settlement and license referenced by the damages experts.

    This MIL was **GRANTED** due to the potential risk of confusion for the jury, especially because there has been no technical comparison between the DataTreasury patents and the patents-in-suit. (Dkt. No. 148 at 46:18–47:5.)

- PPS MIL No. 9: Evidence or argument of two documents purporting to summarize the results of undisclosed calculation of the volume of accused transactions.

    This MIL was **DENIED AS MOOT** and as agreed to by the Parties. (Dkt. No. 148 at 47:6–16.)

    3. **JHA's Opposed Motions *in Limine* (Dkt. No. 107)**

- JHA MIL No. 1: to preclude any argument, assertion, testimony, evidence, insinuation, reference, or suggestion that JHA is not a "bank of first deposit" because it is not a "bank."

    This MIL was **WITHDRAWN**. JHA withdrew this MIL from consideration. (Dkt. No. 148 at 49:17–50:5.)

- JHA MIL No. 2: to preclude any argument, evidence, testimony, or examination of experts by PPS Data that transmissions between JHA and a bank of first deposit bypass the MICR capture, deposit accounting, cash management, and/or float processing systems of said bank of first deposit.

    This MIL was **WITHDRAWN**. JHA withdrew this MIL from consideration. (Dkt. No. 148 at 48:9–18.)

- <u>JHA MIL No. 3</u>: to preclude any argument, evidence, testimony, or examination of experts by PPS Data beyond the scope of its experts' submitted expert reports, and on topics for which PPS Data's experts provided no expert report.

  This MIL was **WITHDRAWN**. JHA withdrew this MIL from consideration. (Dkt. No. 148 at 65:9–65:24.)

- <u>JHA MIL No. 4</u>: to preclude any argument, assertion, testimony, evidence, insinuation, reference, or suggestion that Jack Henry's expert, Dr. William Michalson, is not a qualified or competent expert because he was not a person of ordinary skill in the art (POSA) at the time of the alleged invention.

  This MIL was **WITHDRAWN**. JHA withdrew this MIL from consideration. (Dkt. No. 118 at 2; Dkt. No. 148 at 49:1–13.)

- <u>JHA MIL No. 5</u>: to preclude any argument, evidence, testimony, or examination of experts or witnesses by PPS Data that PPS Data is entitled to presuit damages.

  This MIL was **DENIED**. (Dkt. No. 148 at 63:11–65:8.) The Court found that JHA failed to raise its failure to mark claims until too late in the trial process, and thus failed to put PPS on notice. *Freeny v. Fossil Group, Inc.*, No. 2:18-CV-00049-JRG-RSP, Dkt. No. 207 (E.D. Tex. July 24, 2019) (holding that a defendant has an obligation to put a plaintiff on notice of its marking contentions); (Dkt. No. 148 at 63:4–64:24.)

## PRETRIAL MOTIONS

1. **JHA's Motion for Summary Judgment of Invalidity Under 35 U.S.C. 101.  (Dkt. No. 81.)**

   This motion was **CARRIED** at the first hearing and **DENIED** at the second hearing.  (Dkt. No. 145 at 32:18; Dkt. No. 148 at 4:13.)  The Court may issue a subsequent order addressing this motion in greater detail.

2. **JHA's Motion for Summary Judgment of Non-Infringement.  (Dkt. No. 83.)**

   This motion was **DENIED** as the Court found that were still material questions of fact.  (Dkt. No. 145 at 62:1–6.)

3. **PPS's Motion to Strike Dr. Michalson's Expert Testimony Under FRE 702 and Daubert.  (Dkt. No. 79.)**

   This motion was **DENIED**.  (Dkt. No. 145 at 76:14.)

4. **PPS's Motion to Strike Dr. Michalson's Opinions Based on Undisclosed Materials and Contentions.  (Dkt. No. 78.)**

   This motion was **DENIED-IN-PART** and **GRANTED-IN-PART**.  (Dkt. No. 145 at 97:8–101:1.)

   The Court **DENIED** PPS's motion to strike Dr. Michalson's opinions related to the source code because the Court found that JHA complied with Patent Rule 3-4(a) with respect to the source code.  (*Id*. at 97:8–23.)

   The Court **GRANTED** PPS's motion to strike Dr. Michalson's opinions related to two previously undisclosed non-infringement contentions due to JHA's failure to comply with the local rules.  (*Id*. at 97:24–98:23.)  As such, the Court struck Dr. Michalson's non-infringement opinions that (1) "the accused products allegedly do not transmit any data to a bank of first deposit [for]

non-banking" customers and (2) "the accused products allegedly do not transmit any data for customers that download files." (*Id*. at 98:12–23.)

The Court **GRANTED** PPS's motion to strike Dr. Michalson's anticipation invalidity opinions related to the undisclosed anticipation references due to JHA's failure to comply with Patent Rule 3-3. (*Id*. at 98:24–99:16.) As such, the Court struck Dr. Michalson's anticipation invalidity opinions related to the Acharya reference for U.S. Patent 7,181,430 and Dr. Michalson's anticipation invalidity opinions related to the Phillips, Jones, Geer '258, Slater, and Acharya references for U.S. Patent 7,216,106.

Finally, the Court **GRANTED** PPS's motion to strike Dr. Michalson's obviousness invalidity opinions due to JHA's failure to comply with the local rules. (*Id*. 99:17–101:1.) As such, the Court struck all of Dr. Michalson's obviousness invalidity opinions. (*Id*. at 101:1–16.)

5. **JHA's Motion to Strike and Exclude Expert Testimony of Dr. Michael Shamos Regarding Infringement of '956 patent. (Dkt. No. 80.)**

This motion was **DENIED AS MOOT** in view of the agreement of the Parties to withdraw the '956 patent claims. (Dkt. No. 145 at 101:16–102:9; Dkt. No. 87 at 1.)

6. **JHA's Motion to Exclude Testimony of Keith R. Ugone, Ph.D. Regarding DataTreasury License. (Dkt. No. 85.)**

This motion was **DENIED AS MOOT** in view of an agreement of the Parties on the record that Dr. Ugone will not reference the DataTreasury Agreement in any manner during his testimony. (Dkt. No. 148 at 46:10–22, 70:12–20.)

**So ORDERED and SIGNED this 6th day of September, 2019.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE