**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

PPS DATA, LLC,

                Plaintiff,

    v.

JACK HENRY & ASSOCIATES, INC.,

                Defendant.

Civil Action No. No. 2:18-cv-0007-JRG

**COMPARISON OF THE PARTIES' PROPOSED JURY INSTRUCTIONS**

**COMBINED PROPOSED PRELIMINARY INSTRUCTIONS**

**I.       Preliminary Instructions**

<u>**Outline of trial.**</u>

      The trial will now begin, but before we start I want to give you an overview of what to expect. The trial starts with each side making an opening statement, which is basically an outline of where the trial is going to go. The opening statement is not evidence you consider as support for any of the issues in this case. Rather, it is an opportunity for the lawyers to explain what they expect the evidence will show.

      Next we will start with the evidence. The evidence is typically in the form of live witnesses, with cross-examination, and most likely some deposition evidence as well. A deposition is recorded testimony from a witness who was not able to be at trial. But the deposition evidence can be just as important as live evidence you hear in court.

At the end of the case, I will give you instructions about the law. Those legal instructions are important because that is the law you will apply to the facts of this case. I will give you a copy of my instructions, so you will not need to memorize what I am saying. The lawyers will then come back and make closing arguments, after which you will begin your deliberations.

You will see that each of you have been provided a notebook. You are all free to take notes as the trial goes on, but I would caution that taking notes is not for everyone. For some people, taking notes can actually prevent you from listening and learning about the case. If you feel taking notes would help you, please do so. But if you feel like taking notes would be counterproductive, I am here to tell you that you are under no obligation to take notes. Do what works for you.

You have already heard some of the legal terms we will be getting into, and I do not want to bother you with information you already know. But lawyers sometimes use technical terms and I want to provide you with some background terminology. The first is, when someone refers to a "party," that is just either the plaintiff—here PPS Data, LLC, the party who is alleging infringement—or the defendant—here Jack Henry & Associates, Inc., the party who is alleged to have infringed the patent.  At time you may hear PPS Data, LLC referred to as the plaintiff, or as just PPS Data.  Likewise, you may at times here Jack Henry & Associates, Inc. referred to as the defendant, Jack Henry, or perhaps JHA.  As I work through my instructions, I will define some other terms along the way.

**<u>Authorities</u>**: Based upon jury instruction transcript from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 318, pp. 2-5, Filed 6/28/2012.

**What a patent is and how a patent is obtained.**

The next thing I want to do is discuss the nature of this case. You saw the video earlier about how the patent system works. So very briefly, a person who invents something prepares and files a patent application with the United States Patent and Trademark Office (sometimes called "the PTO") to protect that invention. After the inventor applies for the patent, an Examiner reviews the application to determine whether or not the invention is patentable (that is, whether the invention and the description of the invention is appropriate for patent protection). There can be a lengthy back and forth between the inventor and the Examiner known as patent prosecution. The contents of this back and forth is known as the Prosecution History or File History. If, after prosecution, the PTO gives the inventor a patent, that means the inventor, for 20 years, can keep others from using, making, or selling that invention (unless of course a person using the invention gets permission from the patent holder).

A patent application includes what is called a specification.  The specification contains a written description of the invention, how it works, and how to make and use it so that others skilled in the field of the invention will know how to make and use it.  The specification concludes or ends with one or more numbered sentences or paragraphs.  These are called the claims of the patent.  The purpose of the claims is to particularly point out what the applicant regards as the claimed invention and to define the scope of the patent owner's exclusive rights.  I will discuss the role of the patent claims shortly.

A violation of the patent holder's rights is called infringement. The patent holder may try to enforce a patent against persons believed to be infringers. But this does not mean the patent holder can sue anyone. It just means that the patent holder is protected if it turns out someone else is using a method or product that falls within the scope of the patent. So if, for example, the

patent owner sues somebody and says they are infringing the patent, the person accused of infringing the patent can say that their method or product is actually quite different than what is covered by the patent.

Another thing that often happens is that a person who is being sued for infringement will say that the patent is invalid for some reason. For a patent to be valid, the invention needs to be new, not obvious, and meet the written description and enablement requirements of the patent laws. We will discuss these issues later. The parties will spend some time on these terms, but for now you can know that if a party being sued can show by clear and convincing evidence that the patent is invalid, then the patent holder does not have a lawsuit.

**Authorities**: Based upon jury instruction transcript from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 318, pp. 6-7, Filed 6/28/2012.


**Burdens of proof: preponderance of the evidence vs. clear and convincing evidence.**

Before moving on, I also want to discuss the different burdens of proof for this case.  In any lawsuit, the facts must be proved by a required amount of evidence known as the burden of proof.  In this case, there is a burden of proof on the plaintiff, PPS Data, for some issues, and a burden of proof on the defendant, Jack Henry, for other issues.

There are two burdens of proof that you will apply in this case.  A preponderance of the evidence, and clear and convincing evidence.

A preponderance of the evidence means evidence that persuades you that a fact is more probably true than not true.  That is, if there is a little more evidence on one side than the other, you go with the side that has a little more force to it, or that is a little more persuasive.  [JHA's Proposal:  In this case, Defendant Jack Henry is presumed to have not infringed any patent.]

[PPS Data objects to the addition of that sentence as there is no "presumption" of

4

noninfringement and therefore could mislead and/or confuse the jury with respect to the burden of proof in light of the later instruction that the patent is presumed valid].  The Plaintiff, PPS Data, has the burden of proving patent infringement by Jack Henry and also prove damages by a preponderance of the evidence.

The second burden of proof that will apply in this case is clear and convincing evidence. Clear and convincing evidence means evidence that produces in your mind an abiding conviction that the truth of a party's factual contentions is highly probable.  Although proof to an absolute certainty is not required, the clear and convincing evidence standard requires a greater degree of persuasion than is necessary for the preponderance of the evidence standard.  In order for you to be satisfied that something has been proven by clear and convincing evidence, you must be left with a clear conviction that the fact in question has been proved.  You should understand that it is harder to prove something by clear and convincing evidence than by a preponderance of the evidence.  The patent asserted by PPS Data is presumed to be valid. The Defendant, Jack Henry, has the burden of proving invalidity by clear and convincing evidence.

[JHA's Proposal:  Neither of these two burdens of proof, a preponderance of the evidence and clear and convincing evidence, are to be confused with what is called beyond a reasonable doubt.  Beyond a reasonable doubt is a burden of proof applied in a criminal case, and it has no application whatsoever in a civil case like this.  You should not confuse clear and convincing evidence with beyond a reasonable doubt.  Clear and convincing is not as high of a standard as beyond a reasonable doubt, but it is higher than a preponderance of the evidence.]  [PPS Data objects to the addition of this paragraph as unnecessary and redundant of the Court's instructions on "clear and convincing evidence" in the immediately preceding paragraph].

[JHA's Proposal:  In determining whether any fact has been proved by a preponderance of the evidence or by clear and convincing evidence, you may, unless otherwise instructed, consider any agreements, or stipulations between the parties, the testimony of all the witnesses, regardless of who called them, and all the exhibits received into evidence, regardless of who may have produced them.]  [PPS Data objects to the addition of this sentence as unnecessary in view of the next instruction on "Evidence" and suggests that the jury could consider materials that are not presented during trial]  If, at the end of the trial, you are not persuaded by the party who has the burden of proof, then that party loses its case.

**Authority**:  Based upon jury instruction transcript from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 318 at 8, filed 6/28/2012; amended final jury instructions from *Core Wireless Licensing S.A.R.L, v. Apple Inc.*, Case No. 6:12-CV-100, Dkt. No. 395 at 7-8, filed 3/15/15.

**Evidence.**

I want to next talk to you about evidence. Evidence is what you will hear in court, but there are some things that are not included in evidence. For example, the arguments and statements by the lawyers are not evidence. When the lawyers make their opening and closing statements to you, that is not evidence. That is designed to help you interpret and understand the evidence in this case. So, if a lawyer says something, that something needs to be backed up by actual evidence in this case in order for you to give it any credit. You do not just take a lawyer's word at face value without supporting evidence.

I will also note that there will be objections to some evidence, and you may hear the lawyers and myself discussing objections to evidence. Objections are not evidence, and the discussions I have with the lawyers are not evidence. These are just things you should disregard in terms of deciding what you make of the evidence. Similarly, I may at some point tell you to

disregard particular testimony because, for legal reasons, you are to do that. If I tell you to disregard testimony, you are to not consider that testimony as the evidence in this case.

**Authorities**: Based upon jury instruction transcript from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 318, pp. 9-10, Filed 6/28/2012.

## Expert Witnesses.

I also want to talk with you briefly about expert witnesses. When knowledge of a technical subject may be helpful to jurors (like in this patent case), a person who has special training or experience in that particular field—we refer to them as expert witnesses—is permitted to testify about his or her opinions on technical matters.

You are not required to accept an expert's or any other witness's opinions at all. It is up to you to decide whether you believe an expert witness, or any witness for that matter, whether you believe that what that witness is telling you is correct or incorrect, or whether or not you want to believe what they say.

I anticipate there will be expert witnesses testifying in support of each side in this case, but it will be up to you to listen to their qualifications, and when they give opinions and explain the bases for those opinions, you will have to evaluate what they say, whether you believe it, and to what degree, if any, you want to give those opinions weight.

**Authorities**: Adapted from *Rembrandt Wireless Techs. LP v. Samsung Elecs. Co. Ltd.*, No. 2:13-cv-213-JRG, Jury Instructions, Dkt. No. 290, Tr. at 22 (Feb. 9, 2015).

## Ruling on Objections.

During the trial, it's possible that the lawyers from time to time will make certain objections, and I'll make rulings on those objections. It is the duty of an attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes

is not proper under the orders of the Court, Federal Rules of Civil Procedure, and the Federal Rules of Evidence.

If I sustain an objection to a question addressed to a witness, then you must disregard the question entirely, and you may draw no inference from the wording of it or speculate about what the witness would have said, if I had permitted the witness to answer the question.

However, if I overrule the objection, then you should consider the question and the answer just as if no objection had been made. Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate an opinion as to the weight or effect of such evidence.

If you are shown an exhibit, it means the Court has already ruled that it is admissible, and counsel can present the exhibit and ask such questions as they believe are proper to put it in context.

**Authorities**: Adapted from *Rembrandt Wireless Techs. LP v. Samsung Elecs. Co. Ltd.*, No. 2:13-cv-213-JRG, Jury Instructions, Dkt. No. 290, Tr. at 23-26 (Feb. 9, 2015).

## Direct and Circumstantial Evidence.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.

Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Authorities**: Adapted from Ninth Circuit Jury Instructions Committee, Ninth Circuit Manual of Model Jury Instructions (2007), Instruction No. 1.9.

## Demonstratives.

Certain exhibits shown to you during the trial were illustrations, charts, or summaries. We call these types of exhibits "demonstrative exhibits" or "demonstratives." Demonstratives are a party's description, picture, or model to describe something involved in this trial. If your recollection of the evidence differs from the demonstratives, you should rely on your recollection.

Demonstratives are sometimes called "jury aides." While demonstratives are not themselves evidence, a witness's testimony about a demonstrative is evidence.

**Authorities**: Adapted from *Hitachi Consumer Elecs. v. Top Victory Elecs.*, No. 2:10-cv-260-JRG, Jury Instructions Dkt. No. 351, Tr. at 25(April 12, 2013); *DDR Holdings LLC v. Digital River, Inc. et al.*, 2:06-CV-JRG, Proposed Final Jury Instructions, Dkt. No. 519 at 3 (Oct. 12, 2012); Fifth Circuit Pattern Jury Instructions (Civil) (2016).

## Do not talk to others.

We are about to get started with the opening statements, but I first want to make some final comments. During the trial, you may find that people want to talk to you about the case. This is very natural and quite common. You go home, somebody wants to know what the case is all about and so forth. As much as you might want to talk about the case, you need to tell that person that you cannot discuss the case until it is over. Now, you can tell them that you were selected for jury. And you can tell them it is a civil jury, and not a criminal jury. But that is as much as you should say.

The reason is, once you start down the path of talking about the case, you never know what will happen. You might talk to someone who says that they sat on a case like that, and here is what happened in my case, and so on.

We do not want that. You really want to focus entirely on the evidence in *this* case. So if anybody does talk to you about the case, or starts to talk to you about the case, just tell them that you cannot discuss the case until it is over. Once it is over, you can talk to anybody you want.

The same goes for not sharing any of your views about the case on any social network, like Facebook, Twitter, or anything like that. And on a similar topic, you should not be doing your own independent research on the internet; not about the law, the products, the companies, or the lawyers.

And finally, this is a small world and you may run across the lawyers in this case in the courthouse or around town. The lawyers will not speak with you. Maybe a nod, but they will not speak with you. This is not because they are not friendly. They are. But they understand that they are not supposed to have any contact with you. So please do not go up to them and chat with them. If you forget this and you happen to say hello, and they just sort of nod back, that is why.

**Authorities**: Based upon jury instruction transcript from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 318, pp. 10-12, Filed 6/28/2012.

## Patent at issue

Before we get started, I also want to provide you with a little more background about this case and a brief summary of the positions of the parties.  As I explained during jury selection, this case is about alleged patent infringement, and the patent generally relate to electronic check processing.

Here, Plaintiff PPS Data claims that Defendant Jack Henry infringes United States Patent No. 7,216,106.  The patent is sometimes referred to as the patent-in-suit or the asserted patent, or

by its last three numbers, as the '106 patent.  PPS Data claims that Jack Henry infringes claims 1-6 and 9 of the '106 patent by making, using, offering to sell and selling Jack Henry products and services under the tradenames mRDC, Remote Deposit Anywhere, Remote Deposit Complete, Remote Deposit Express, Remote Deposit Now, and Remote Deposit Scan.  Those products are sometimes referred to as "the accused products and services."

Jack Henry denies that is has infringed the asserted patent.  That is, Jack Henry contends that it did not make, use, sell, offer for sale, or import products or systems, or perform any methods, that infringe the asserted patent.

Separately, Jack Henry also contends that the asserted patent is invalid.  Jack Henry contends that the invention claimed in PPS Data's patent [JHA's Proposal:  was "routine and conventional" at the time of the invention.] [PPS Data's Proposal:  are directed to ineligible subject matter for a patent.] [JHA objects to PPS Data's proposal because the only jury question is if the invention was routine and conventional. Patent eligibility is not a jury question.]

You will have a complete copy of the asserted patent in your juror notebooks.

**<u>Patent Claims</u>**

Before you can decide many of the issues in this case, you will need to understand the patent claims.  As I discussed earlier, the specification of a patent application concludes or ends with one or more numbered sentences.  These sentences are the patent claims, which define the boundaries of the patent property right and give notice to the public of those boundaries.  The other portions of a patent, including figures and text description, provide examples of the invention and provide a context for the claims.  But it is important that you keep in mind the specific language of the patent claims defines the breadth of the patent coverage.

Patent claims may exist in two forms.  They are referred to as either independent claims or dependent claims.

An independent claim is a standalone claim that does not refer to any other claim in the patent.  It is independent.  An independent claim covers exactly what it recites, and there is no need to look at any other claim to figure out what it covers.

Dependent claims, however, refer to an independent claim.  This reference to an independent claim means that a dependent claim includes or incorporates each of the elements or limitations of the independent claim that it refers to, as well as the additional elements or limitations recited by the dependent claim itself.

The claims of the asserted patent use the words comprises and comprising.  Comprising means including or containing something.  A claim that includes the word comprising must have the elements recited by the claim, but it is not limited to only having those elements.

Take, for example, a claim that covers a table.  If the claim recites a table comprising a tabletop, legs, and glue, the claim will cover any table that contains these structures, even if the table also contains other structures, such as leaves to go in the top of the table or wheels to go on the ends of the legs.  In other words, in this example, the table can have other features in addition to those that are listed by the claim.  Now, that is a very simple example using the word comprising and what it means.

[JHA Proposal:  If a product is missing even one limitation or element required by a claim, it does not meet all the requirements of the claim and is not covered by the claim.  If a product is not covered by the claim, it does not infringe that claim.  If an accused process or method is missing even one step of a method claim, it does not meet all the requirements of the claim and is not covered by the claim.  If an accused process or method is not covered by the

claim, it does not infringe that claim.]  [PPS Data objects to the inclusion of this paragraph as being unnecessarily argumentative and setting forth instructions related to proof of infringement, which is covered by other jury instructions and also unnecessary for a preliminary jury instruction on generically defining the claims of a patent.]

You first need to understand each claim term in order to decide whether or not there is infringement of a claim and to decide whether or not the claim is invalid.  The law says that it's my role to define the terms within the claims, and it is your role to apply my definitions to the issues that you are asked to decide in this case.

Therefore, as I explained to you at the start of the case, I have already determined the meanings of some of the language within the claims, and I have provided those definitions to you in the chart that is included in your juror notebooks.  You must accept my definitions of these words in the claims as being correct.  It is your job to take these definitions that I have supplied and apply them to the issues that you are asked to decide, including the issues of infringement and invalidity.  For any words within the claims that I have not construed or defined, you are to use the plain and ordinary meaning of the term as understood by a person of ordinary skill in the art, which is to say, in the field of technology of the patent, at the time of the invention.

**Authority**:  Based upon joint proposed preliminary jury instructions from *Immersion Corp. v. Samsung Electronics Am., Inc.*, Case No. 2:17-cv-572-JRG, Dkt. No. 161-6 at 2-5, filed 4/01/2019; proposed preliminary jury instructions from *Rmail v. RPost*, Case No. 2:10-cv-00258-JRG, Dkt. No. 916-13 at 8-9, filed 6/10/2019; adapted from *Rembrandt Wireless Technologies, LP v. Samsung Electronics Co. Ltd.*, Case No. 2:13-cv-213-JRG, Jury Instructions, Dkt. No. 300 at 21 (Feb. 9, 2015); The Federal Circuit Bar Association, Model Patent Jury Instructions, (Jan. 2016), Instruction No. 2.2a.

**Overview of applicable law**

In this case, you will be asked to consider specific legal issues like infringement and invalidity. I will give you an overview of those issues now and will review them in more detail before the case is submitted to you for your verdict.

**Infringement**

The first issue you will be asked to decide is whether PPS Data has demonstrated that it is more likely than not that Jack Henry has infringed the claims of the patent-in-suit. PPS Data says that Jack Henry infringes the patent-in-suit by making, using, offering to sell and selling the accused products and services.  Jack Henry denies that it infringes any asserted patent claim.

[JHA's Proposal: In reaching your decision on infringement, keep in mind that only the claims of a patent can be infringed.  Your job will be to compare the asserted claims, as I have further defined them during claim construction, to the accused products, and determine whether or not there is infringement.

You should not compare the accused products with any specific example set out in the patent or with the prior art in reaching your decision on infringement.  The only correct comparison is between the accused products and the language of the claims.  You must reach your infringement decision as to the asserted patent based on my instructions about the meaning and scope of the claims, the legal requirements for infringement, and the evidence presented to you by the parties.

In order to prove infringement of a patent claim, PPS Data must show by a preponderance of the evidence that the accused products include each and every requirement or limitation of the claim.  In determining whether any accused product infringes a patent claim in this case, you must compare the accused product with each of the requirements or limitations of that claim and further determine whether the accused product performs each and every requirement or limitation recited in the claim.  If an accused product omits any element recited in a claim, then you must find that particular accused product does not infringe that claim.]  [PPS Data objects to the inclusion of the foregoing paragraphs in the preliminary instructions as it is

14

argumentative, unnecessary for a preliminary jury instruction providing on overview of the issues, and duplicative of the detailed instructions that the Court indicates will be provided after the trial]

After the trial, I will provide more detailed instructions about the requirements for infringement in this case.

**Authorities for additions.** Based on joint proposed jury instructions from *Intellectual Ventures LLC v. T-Mobile*, Case No. 2:17-cv-00577-JRG, Dkt. No. 314-1 at 14-15, filed 2/6/2019; *see also* The Federal Circuit Bar Association, Model Patent Jury Instruction B.3, July 2016, available at https://fedcirbar.org/IntegralSource/Model-Patent-Jury-Instructions.

## Invalidity

Another issue you will be asked to decide is whether each asserted claims of the patent-in-suit are invalid, as Jack Henry says. [PPS Data's Proposal: Each asserted claim is presumed to be valid, and Jack Henry has the burden of proving that each asserted claim is invalid under any asserted basis by clear and convincing evidence.] [JHA objects to this proposal as duplicative of instructions already given.]

Jack Henry contends that the elements of the asserted claims both individually and as an ordered combination involve no more than well-understood, routine, and conventional activities understood by a person of skill in the art as of April 28, 2000, the priority date of the patent-in-suit. To succeed, Jack Henry must show – by clear and convincing evidence – that the that the elements of the asserted claims, when taken individually and as an ordered combination, involve no more than well-understood, routine, and conventional activities previously known to the industry as of April 28, 2000. Whether a particular technology was well-understood, routine, and conventional goes beyond what was simply known in the prior art. The mere fact that something is disclosed in a piece of prior art, for example, does not mean that it was well understood, routine, and conventional. [JHA Proposal: At the same time, a lack of invalidating

prior art does not mean that the elements of a claim are not well-understood, routine, and conventional.  The specification of the asserted patent may be such evidence where it admits that the element of a claim were well-understood, routine, and conventional.] [PPS Data objects to JHA's additional proposed language as being contrary to law and argumentative.]

**Authority**:  Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, p. 19-21, 24-26, Filed 6/28/2012; AIPLA Model Jury Instruction 7 (Written Description) and 8 (Enablement); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018); JHA's addition based on *Maxwell, Ltd. v. ZTE USA Inc.*, No. 5:16-cv-179-RWS, Final Jury Inst., Dkt. No. 223 at 26 (June 29, 2018); *Rmail v. RPost*, Case No. 10-cv-258-JRG, Dkt. No. 916-13 at 29-30; *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 890 F.3d 1354, 1356 (Fed. Cir. 2018).

## Damages

If you decide that any claim of the patent-in-suit has been infringed and is not invalid, you will then need to decide any money damages to be awarded to PPS Data as compensation for the infringement. [JHA's proposal:  On the other hand, if you find that each of the asserted claims is either is not infringed or is invalid, then you will not consider damages in your deliberations.]  [PPS Data objects to the addition as it is unnecessary, duplicative and redundant of the immediately preceding sentence].

Under the law, if a valid claim of a patent has been infringed, PPS Data is entitled to a "reasonable royalty," which is what PPS Data is seeking in this case. I will instruct you later on the meaning of a reasonable royalty. The reasonable royalty damages you award are meant to compensate PPS Data for the infringement, not to punish Jack Henry. After the trial, I will give you more detailed instructions on how to calculate reasonable royalty damages.

[JHA's Proposal:  One last comment on the damages.  If PPS Data is entitled to damages, it is only entitled to collect a reasonable royalty for infringement after it gave Jack Henry notice of its patents or of Jack Henry's alleged infringement.

PPS Data must prove by a preponderance of the evidence that it gave notice prior to the lawsuit. It can do this in either of two ways.  The first way is to give notice to the public in general.  PPS Data can do this by marking substantially all products it sold or licensed which included the patented invention, or by including on the labeling of substantially all products the word "patent" or the abbreviation "PAT" with the number of the patent.  PPS Data also may give notice by marking substantially all products with "Patent" or "Pat" and a free internet address where there is a posting that connects the product with the patent number.  As you will hear during trial, PPS Data has licensed its patents to various companies who are called Licensees. Licensees of the asserted patents who use the patented invention must also mark substantially all of their products that include the patented invention with the patent number.  This type of notice to the public in general is called "constructive notice" and starts from the date PPS Data and its licensees began to mark substantially all of its products that use the invention with the patent numbers.  If PPS Data and its licensees did not mark substantially all of those products with the patent number, then PPS Data did not provide notice in this way.

A second way PPS Data can give notice of its patents is to directly notify Jack Henry with a specific claim that the accused products infringed the asserted patents.  This type of notice is called "actual notice" and starts from the date Jack Henry received the notice.

It is PPS Data's burden to show by a preponderance of the evidence that it either gave constructive or actual notice to Jack Henry of its patent. If you find that PPS Data, before filing this lawsuit, did not provide an effective public notice by properly marking its products, and did not properly provide direct notice to Jack Henry with a specific charge that the accused products infringed, then PPS Data can only recover damages for infringement that occurred after it sued Jack Henry.

The fact that I am instructing you on damages does not mean that the Court believes that one party or the other should win in this case.  My instructions about damages are for your guidance as you receive testimony on damages.  You will need to address damages only if you find that one or more of the asserted claims are both not invalid and infringed.  [JHA is mindful of the Court's instruction as to the issue of pre-suit damages, and includes this instruction on the basis that it seeks to preserve the record.]  [PPS Data objects to the inclusion of the above paragraphs as unduly argumentative, duplicative and redundant regarding proof of damages, and unnecessary for a preliminary instruction meant to simply identify basic issues in dispute and not to provide the detailed instructions which the Court will provide after trial.]

**Authority**:  Based upon AIPLA Model Jury Instruction (10.2).

*JHA Alternate Instruction on Damages should the Court grant JHA MIL No. 5.*

If you find JHA has infringed the asserted claims and decide to award damages, PPS Data is only entitled to damages for infringement that occurred after January 10, 2018 (the date PPS Data sued Jack Henry) through April 28, 2020 (the date the asserted patents expire).  It is not entitled to any damages for infringement that occurred prior to the date PPS Data filed this lawsuit against Jack Henry.

The fact that I am instructing you on damages does not mean that the Court believes that one party or the other should win in this case.  My instructions about damages are for your guidance as you receive testimony on damages.  You will need to address damages only if you find that one or more of the asserted claims are both not invalid and infringed. [JHA is mindful of the Court's instruction as to the issue of pre-suit damages, and includes this instruction on the basis that it seeks to preserve the record.]

**Authority**:  AIPLA Model Jury Instruction 10 (Damages); based on joint proposed jury **instructions** from *Intellectual Ventures LLC v. T-Mobile*, Case No. 2:17-cv-00577-JRG, Dkt. No. 314-1 at 24, filed 2/6/2019.

## Juror Notebooks

In your notebooks, you will find a complete copy of the asserted patent that we have talked about.  You will also find what is called a claim construction chart.  That is the document that reflects the Court's definitions for various terms from within the language of the asserted claims.

And those constructions on the right-hand side regarding those terms in the middle column, those are the constructions and definitions that you are required to apply to that language in determining the issues of infringement and validity.  Behind the claim construction chart, you will find numerous tabs for individual witnesses.  The Court has required that these notebooks have a page for each witness that might testify during the trial that has superimposed at the top of that page a head-and-shoulders photograph of the witness, together with their name.  The remainder of each of these pages are simply ruled lines that you can use for note-taking purposes if you wish to.  The Court has found that it is often helpful for the jury when you retire to deliberate to be able to look back and refresh your memory with a picture of the person who testified.  And that is why those witness pages are in here.  You will also find at the back of the notebook, a three-hole punched legal pad that you can use for note-taking as well.

These juror notebooks should be in your possession at all times.  They should either be with you in the jury box, or they should be with you in the jury room, but you should not leave them anywhere else.  Now, there are times during the trial that we may take a short recess, and I might tell you that you can just leave your notebooks in your chairs.  But unless I tell you otherwise, you should take it with you to the jury room.  When you leave the courthouse at the

end of each day, please make sure that you leave those notebooks in the jury room where they will be secure, and you can then pick them up the next morning.  It is important that they be kept secure throughout the trial.

**Authority**:  Based upon jury instructions in *Rembrandt Wireless Technologies, LP v. Samsung Electronics Co. Ltd.*, Case No. 2:13-cv-213-JRG, Dkt. No. 290 at 26-28, filed 2/9/2015.

## Role of the Court and the Jury

Now, I know that there are a lot of new words and concepts that have been presented to you this morning.  I am going to define a lot of these words and concepts for you as we go through these instructions.  The attorneys are going to discuss them in their opening statements.  The witnesses are going to help you, through their testimony, to understand these words and concepts.  So do not feel overwhelmed at this stage.  It will all come together as we go through the trial.

Your job in this case is to decide whether the asserted claims have been infringed and whether the asserted claims are invalid.  If you decide that any claim of the asserted patens has been infringed and is not invalid, then, as we have discussed, you will need to decide what amount of money damages are to be awarded to PPS Data as compensation for such infringement.  As I mentioned earlier, my job in this case is to handle the rulings on the law, evidence, and procedure, and to oversee the conduct of the trial.  In determining the law, it is specifically my job to determine the meaning of any language from within the asserted patent that needs interpretation.  In deciding the issues before you, you will be asked to consider specific legal rules, and I have given you an overview of those rules now and will again at the conclusion of this case.

**Authority**:  Based upon joint proposed preliminary jury instructions in *Immersion Corp. v. Samsung Electronics Am., Inc.*, Case No. 2:17-cv-00572-JRG, Dkt. No. 161-6 at 7-8, filed 4/1/2019.

## Trial Roadmap

Now, we are going to have opening statements in a few minutes, but I want to give you a brief roadmap of how this trial is going to be structured.  After the opening statements, the plaintiff, PPS Data, will present its evidence in support of its contentions that the asserted claims are infringed by the defendant, Jack Henry.  To prove infringement, PPS Data must persuade you that it is more likely true than not true that the accused product has infringed the asserted claim; that is, by a preponderance of the evidence.  Additionally, PPS Data will present its evidence in support of its contentions that it is entitled to damages for any infringement.

After PPS Data has put on its evidence and rests its case, Jack Henry will present its evidence that its products do not infringe any asserted claim of the asserted patent, and that the asserted claims of the asserted patent are invalid.  With respect to proving invalidity, Jack Henry must persuade you by clear and convincing evidence that the claims are invalid.  Jack Henry will also put on evidence responding to the evidence of PPS Data.

After Jack Henry has rested its case, then PPS Data will be given an opportunity to put on additional evidence to address the contentions by Jack Henry that the asserted patent is invalid and to offer any other rebuttal evidence regarding infringement and damages.  Now, when PPS Data puts on its second round of evidence, that is called the rebuttal case.  And that will be the last presentation of evidence during the trial.  After PPS Data finishes its rebuttal evidence, then I will give you final instructions on the law that applies in this case and the attorneys in the case will present their closing arguments.

My final instructions to you are often called the Court's charge to the jury.  Now, I want to repeat my earlier instruction to you not to discuss this case at all with anyone, and included in that is not to discuss the case among yourselves until the time that you retire to deliberate after you have heard all the evidence, after my final instructions, and after the closing arguments of the attorneys.

Then you will deliberate in the jury room after you retire at my instruction.  At that time, it is your duty to discuss the evidence with each other during your deliberations.  But until that time, you must not discuss the case among yourselves in any way, and you must not discuss the case with any person or communicate in any way about the case.

As I indicated during jury selection, your decision as to how to answer the questions in the verdict form must be based solely and only on the evidence that you hear during the trial, under oath, from the witness stand or the exhibits that are admitted into evidence by the Court, and that have been scrutinized for admissibility prior to the beginning of the trial.

Again, it is critical that your decisions as to the facts in this case and how you answer the questions in the verdict form are based only on the evidence that comes in on the witness stand and is subject to cross-examination in open court or the exhibits that I have admitted into evidence prior to the trial beginning.  That should be the sole universe of the evidence from which you answer the questions in the verdict form.

Any deviation from that calls into question and jeopardizes all the work that has been done up until this point.  That is why this instruction is so important, and as I told you during jury selection, you are going to hear it over and over again from me.  The reason I am, so repetitive with it is because it is so important.

I also want to remind you, as I did during jury selection, that the attorneys, the witnesses, and the party representatives in this case have been instructed not to talk to you as you come and go from the courthouse, as you leave and come from lunch, as you are on recess, or at any other time.  Again, it is not that they are being rude or unfriendly; it is so that the only information you have is what comes in during the trial in the courtroom.

So when that happens, when you pass one of these attorneys on the steps coming in one morning or as you go out to lunch and pass one of the witnesses, when they do not speak to you, when they do not smile and become engaging and open a conversation with you, understand they are not being rude; they are not being unfriendly; they are simply following the Court's instructions to them.

That is all I have for now.  At this point, I think we are ready for opening statements.

**Authority**:  Based upon joint proposed preliminary jury instructions in *Immersion Corp. v. Samsung Electronics Am., Inc.*, Case No. 2:17-cv-00572-JRG, Dkt. No. 161-6 at 17-19, filed 4/1/2019.

## PROPOSED POST TRIAL JURY INSTRUCTIONS

### I.     General Introduction

You have heard the evidence and the arguments from each party's lawyers. I will now instruct you on the law that you must apply. Remember, though, that you are the judges of the facts.  When I am done, you will hear some final arguments from the lawyers, and you will then decide the case.

The legal term for what I am going to give you is the jury charge, or the Court's instructions. These instructions will be a little lengthy, and they may be a little difficult to follow at times. That is because the applicable law for this case is fairly complex. To help you, I have made copies of the instructions that will be available for your use in the jury room. I mention this so you do not feel compelled to take notes right now; in fact I would suggest that you just listen to these instructions.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. When they do, you should keep in mind that statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist you in understanding the evidence and the parties' contentions.

When you return to the jury room, you will apply the law as I state it to you to the facts as you find them. In doing so you should not single out one instruction alone as stating the law. Instead, you need to consider these instructions as a whole. I will also note that you should not be concerned with any wisdom of the applicable law that I state to you. Finally, please note that nothing I may have said or done during the course of the trial is intended to suggest, or should be taken by you as indicating, what I think your verdict should be.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 8-9, Filed 6/28/2012.

## II.       Evidence, Burden of Proof, and Credibility

**Preponderance of the evidence / Clear and convincing evidence.**

I am going to start by returning to the subject of the burden of proof, which we briefly discussed at the beginning of the case.

For some of the issues in this case, like whether Jack Henry infringes the asserted claims of the patent-in-suit, the applicable burden of proof is the preponderance of the evidence standard. The preponderance of the evidence standard means that a party who is asserting a particular claim must persuade you that the evidence for each element of the party's claim is more likely to be true than untrue. If the evidence fails to persuade you that a necessary element of a party's claim is more likely to be true than untrue, then you should find in favor of the other party on that particular claim.

As I said before trial, some issues, like whether an asserted claim of PPS Data's patent is invalid, have a different, higher burden of proof. For these issues, the applicable burden of proof is the clear and convincing evidence standard. The clear and convincing evidence standard means that a party who is asserting a particular claim must leave you with a clear conviction or belief that the evidence supports the claim. If the evidence does not leave you with such a clear conviction, you should find in favor of the other party for that particular claim.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 9-10, Filed 6/28/2012.

**Evidence in the case; Credibility of witnesses; Expert witnesses.**

Your job as finders of fact is to weigh the evidence in this case, including the testimony of the various witnesses you have heard, any exhibits that have been introduced as evidence, and any facts that the parties have agreed are true (i.e., facts to which the parties "stipulated"). As a

reminder, the lawyers' statements and characterizations of the evidence are not evidence. While the opening and closing arguments may be helpful, you should rely on your memory and your own evaluation of the evidence.

As part of your job as jurors, your task is to weigh the testimony of the witnesses. This is a job well-suited for jurors like yourselves. For example, if two witnesses offer testimony that is in conflict, you should use your common sense in deciding which witness you think is more believable. You can consider, for example, each witness's intelligence, motive, state of mind, and demeanor or manner while on the stand. If there is a question as to the relative expertise of particular witnesses, again, you should use your common sense to decide which witness you find more knowledgeable. After making your own judgment, you will give the testimony of each witness whatever weight you feel is appropriate. In short, you may accept or reject the testimony of a witness in whole or in part.

The fact that a witness testified as an expert does not mean that you must accept that witness's opinions as true. As with the other witnesses, it is up to you to decide whether you find that testimony convincing.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 10-11, Filed 6/28/2012.

**Depositions – use as evidence.**

During the trial, some of the testimony was presented not through a live witness, but by a deposition. A deposition is a recording of a witness's sworn answers to questions that were asked by the party's lawyers before the trial. The deposition testimony that you heard at trial is entitled to the same consideration as any other evidence in the case, and is to be judged as to credibility and weight the same as if the witness had been present and testified from the witness stand.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, p. 11, Filed 6/28/2012.

## III.     Substantive Law

### Patent infringement – generally.

I am going to start with PPS Data's claim that Jack Henry has infringed its '106 patent. What is patent infringement? Once a patent is issued by the Patent Office, the holder of the patent, if the patent is valid, has the right to stop others from practicing or using the patent throughout the United States. This right to exclude lasts 20 years. Patent infringement occurs when a person uses a product or method that is covered by the scope of the patent, and does so without the patent owner's permission.

How do we decide the scope of what is covered by the patent? We look at the patent's claims. The claims are the numbered paragraphs at the end of the patent. These claims are important because it is the words of the claims that define what a patent covers. The text in the rest of the patent is also important because it provides a description or examples of the invention, and they can provide context. But it is the words of the claims that define the scope (that is, the breadth) of the patent.

Each claim is effectively treated as if it were a separate patent, with infringement determined with respect to each claim. So what a patent covers in total ultimately depends on what each of the claims cover.

As you have heard, PPS Data asserts that Jack Henry infringes various claims of the '106 patent. I will say more later about the requirements for infringement in this case, but first I will give you a brief overview of the asserted patent.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 11-13, Filed 6/28/2012.

**The patent-in-suit and claim construction.**

This case involves U.S. Patent No. 7,216,106, which we have been referring to throughout the trial as the patent-in-suit, asserted patent, or by its last three numbers, as the '106 patent. As you have seen, the patent-in-suit, like any other, includes the numbered claims at the end of the patent. Patent claims can describe a computer readable medium, or patent claims can describe systems, or patent claims can describe methods.  The claims at issue here describe a computer readable medium for a method for remote deposit of checks.  The '106 patent's claims define the scope of what the patent covers.

Because only the claims of a patent can be infringed, you must understand the meaning of the claims before doing any infringement analysis. For a claim term for which I have not provided you with a definition, you should apply the ordinary meaning it would have to a person of ordinary skill in the art. There are some terms for which I have already determined the meaning for you. I have given you a handout which contains a glossary of the claim terms I construed in the case. As I have previously instructed, you must accept my definition of those words in the claims as correct.

I will also add that claims use the word "comprising," which is not a word that is used a lot in ordinary conversation. It means "including" or "containing." A claim that uses the word "comprising" is not limited to methods or products having only the elements that are contained in the claim, but it also covers methods or products that add additional elements. For example, take a claim that covers a table. If the claim refers to a table "comprising" a table top, legs, and glue, the claim will cover any table that contains those structures, even if the table also contains other structures, such as a leaf or wheels on the legs.

28

You should not take my definition of the language of the claim as an indication that I have a view regarding how you should decide the issues that you are being asked to address, such as infringement and invalidity. Those issues are for you and you alone to determine.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 12-16, Filed 6/28/2012; Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. A.3 (July 2016).

### **Direct infringement: Knowledge of the Patent and Intent to Infringe are Immaterial.**

I will now give you more information about infringement.  PPS Data alleges that Jack Henry directly infringes the '106 patent.  In order to prove direct infringement, PPS Data must prove by a preponderance of the evidence, i.e. that it is more likely than not, that Jack Henry made, used, sold, offered for sale within, or imported into the United States, a product or method that meets all of the requirements of a claim and did so without the permission of PPS Data during the time the patent was in force.  [ JHA's Proposal: In order to prove direct infringement, a patentee must either point to specific instances of direct infringement or show that the accused device necessarily infringes the patent in suit.]  [PPS Data objects to this language as a misstatement of the applicable law on infringement of the claims at issue in this trial.] Showing direct infringement does not require showing that a person intended to infringe the patent.  Jack Henry can directly infringe a patent and not even know the patent exists or without knowing that what it is doing is patent infringement.

[PPS Data's Proposal:  Determining whether there is infringement requires you to compare the scope of the patent claims with the allegedly infringing product or method. To infringe a patent claim, a product or method needs to include each element of the claim. So, to determine whether a person infringes PPS Data's asserted claims, you need to determine whether that person is using the method in a way that contains each of a claim's elements or each element

of the claims are found within a computer readable medium. If a person makes, uses, imports, offers to sell, or sell a product or service that is covered by a patent claim, and does so without the patent owner's permission, then that person is said to directly infringe the patent.

To infringe a claim that recites capability and not actual operation, an accused device need only be capable of operating in the described mode.  Depending on the claims, an accused device may be found to infringe if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of non-infringing modes of operation.] [JHA objects to the first paragraph of this instruction because it is incomplete as to dependent claims and is an incorrect statement of the law.  JHA objects to the second paragraph as argumentative and an incorrect application of law to this the claims at issue.]

[JHA's Proposal:  You must compare the product or method with each and every one of the requirements of a claim to determine whether all of the requirements of that claim are met.

You must determine, separately for each asserted claim, whether or not there is infringement by any of the accused products.  There is one exception to this rule.  If you find that a claim on which other claims depend is not infringed, there cannot be infringement of any dependent claim that refers directly or indirectly to that independent claim.  On the other hand, if you find that an independent claim has been infringed, you must still decide, separately, whether the product or method meets additional requirements of any dependent claim to determine whether a dependent claim has also been infringed.  A dependent claim includes all the requirements of any of the claims to which it refers plus additional requirements of its own.]

[PPS Data objects to this instruction because it unnecessarily confuses the law on infringement and does not include the law on claims reciting capability.]

**Authority**:  Based upon jury instruction from *Versata Software v. Internet Brands*, Case No. 2:08-CV-313, Dkt. No. 327 at 16-19; AIPLA Model Jury Instructions 3.1 and 3.2; Federal

Circuit Bar Association Model Patent Jury Instructions, Instruction No. B.3 3.1a (July 2016). JHA's proposed instruction on proving direct infringement is directly based on *ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007).  PPS Data's proposed instruction on claims that recite capability is directly based on *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204 (Fed. Cir. 2010).

## Patent invalidity – generally

Let's next turn to patent invalidity. Jack Henry contends that the claims of the '106 patent are invalid. Once a patent issues, it is presumed to be valid. That means that the fact a patent was issued to a particular person does not guarantee that the patent is valid, but once a patent issues, the law says that if a challenger wants to show that it is invalid, that challenger has to prove that the patent is invalid by clear and convincing evidence.

Invalidity, like infringement, is decided on a claim-by-claim basis, with the claim terms being interpreted in the same way that you have in deciding infringement. That means that in deciding invalidity, you need to determine whether Jack Henry has proven, by clear and convincing evidence, that each claim of the '106 patent is invalid.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, p. 19, Filed 6/28/2012.

## Person of skill in the art.

The question of invalidity of a patent claim is determined from the perspective of a person of ordinary skill in the art in the field of the claimed invention as of the time of the invention.

In deciding what the level of ordinary skill in the field of the invention is, you should consider all the evidence introduced at trial, including but not limited to:  (1) the levels of education and experience of the inventors and other persons actively working in the field; (2) the types of problems encountered in the field; (3) prior art solutions to those problems; (4) rapidity

with which innovations are made; and (5) the sophistication of the technology.  You are to decide the level of ordinary skill in the art at the time of invention.

      **Authority**:  Based upon Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. B.4.3c(i) (July 2016); AIPLA Model Jury Instructions 5.3.

## Eligibility

      Jack Henry also contends that the elements of the asserted claims both individually and as an ordered combination involve no more than well-understood, routine, and conventional activities understood by a person of skill in the art as of April 28, 2000, the priority date of the '106 patent.  To succeed, Jack Henry must show – by clear and convincing evidence – that the that the elements of the asserted claims, when taken individually and as an ordered combination, involve no more than well-understood, routine, and conventional activities previously known to the industry as of April 28, 2000.  Whether a particular technology was well-understood, routine, and conventional goes beyond what was simply known in the prior art. The mere fact that something is disclosed in a piece of prior art, for example, does not mean that it was well understood, routine, and conventional. [JHA Proposal: At the same time, a lack of invalidating prior art does not mean that the elements of a claim are not well-understood, routine, and conventional.  The specification of the asserted patent may be such evidence where it admits that the element of a claim were well-understood, routine, and conventional.]  [PPS Data's objects to JHA's additional proposed language as being contrary to law and argumentative.]

**Authority**:  *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018); JHA's addition based on *Maxwell, Ltd. v. ZTE USA Inc.*, No. 5:16-cv-179-RWS, Final Jury Inst., Dkt. No. 223 at 26 (June 29, 2018); *Rmail v. RPost*, Case No. 10-cv-258-JRG, Dkt. No. 916-13 at 29-30; *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 890 F.3d 1354, 1356 (Fed. Cir. 2018)

**Damages – Introduction.**

If you find that Jack Henry infringed any valid claim of the '106 patent, you must then consider what amount of damages to award to PPS Data.  I will now instruct you about the measure of damages.  By instructing you on damages, I am not suggesting which party should win this case, on any issue.  If you find that Jack Henry has not infringed any valid claim of the asserted patent, then PPS Data is not entitled to any damages.

The damages you award must be adequate to compensate PPS Data for infringement. Damages are not meant to punish an infringer.  Your damages award, if you reach this issue, should put PPS Data in approximately the same financial position that it would have been in had the infringement not occurred. [PPS Data's proposal:  All patent owners are entitled to at least reasonable royalties to compensate for infringement.  A patent owner is not required to make, use ("practice"), sell or offer to sell a product or process claimed in a patent to be entitled to at least reasonable royalties.] [JHA objects to this language as argumentative and redundant to other instructions and not in the authorities cited. It is also implies PPS Data is entitled to something more than a reasonable royalty by use of the term "at least."] PPS Data has the burden to establish the amount of its damages by a preponderance of the evidence.  In other words, you should award only those damages that PPS Data establishes that it more likely than not suffered [PPS Data's Proposal:  but the damages award cannot be less than a reasonable royalty] [JHA objects that this language is redundant to the above, is not included in the cited authorities and implies that PPS Data is entitled to damages even if it has not proven them with the legal specificity.].  While PPS Data is not required to prove the amount of its damages with mathematical precision, it must prove them with reasonable certainty.  You may not award damages that are speculative, damages that are only possible, or damages that are based on

guesswork.  [PPS Data's Proposal:  When the amount of damages cannot be ascertained with precision, any doubts regarding the amount must be resolved against the infringer. Any confusion or difficulties caused by Jack Henry's records should be held against Jack Henry, not PPS Data.] [JHA objects to this language as being an incorrect statement of law and argumentative.]].

In this case, PPS Data seeks a reasonable royalty.  [JHA's Proposal:  A reasonable royalty is defined as the money amount PPS Data and Jack Henry would have agreed upon as a fee for use of the invention at the time prior to when infringement began.  You must be careful to ensure that the award is no more than the value of the invention.] [PPS Data objects to this addition as it is duplicative and redundant of the instruction defining reasonable royalties].  I will give more detailed instructions regarding damages shortly.

**Authority**:  Based upon Federal Circuit Bar Association Model Patent Jury Instructions (last updated July 2016) (Instr. B.6.1).  [PPS Data's proposed instruction that doubts regarding the amount must be resolved against the infringer and any confusion or difficulties caused by JHA's records should be held against JHA is taken from the Federal Circuit Bar Association Model Patent Jury Instructions (last updated July 2016) (Instr. B.6.1) (Committee Comments and Authorities) ("When the amount of damages cannot be ascertained with precision, any doubts regarding the amount must be resolved against the alleged infringer. *Lam*, 718 F.2d at 1064. Any such adverse consequences must rest on the alleged infringer when the inability to ascertain lost profits is due to the infringer's own failure to keep accurate records. *Id*.")] [JHA objects to PPS Data's instruction as a punitive instruction without proper support.  JHA further objects to PPS Data's applicability of *Lam* to the present case as incorrect, argumentative, and distinguishable. (*See* <u>Oiness v. Walgreen Co.</u>, 88 F.3d 1025, 1031 (Fed. Cir. 1996) "The *Lam* court, however, noted that the plaintiff has the burden of showing with reasonable probability defendant's sales. 718 F.2d at 1065.  Even where defendant's records are not complete, damages may "not be determined by mere speculation or guess." *Id* (citation omitted).)]

**<u>Date of Commencement of Damages</u>**  [PPS Data objects to this entire proposed section as contrary to the Court's rulings granting PPS Data's motion *in limine* on marking and pre-suit damages, and denying JHA's overlapping motion *in limine*.  *See* August 26, 2019 Pre-Trial Hearing Tr. at 63:11–65:8.].

*JHA's Proposed Instruction:*

The date that PPS Data first notified Jack Henry of its claim for patent infringement is the date for the start of damages.  The parties do not agree on that date, so it is up to you to determine what that date is.  PPS Data must prove that it is more likely than not that the Jack Henry was put on notice of the claim for patent infringement as of the date alleged by PPS Data.

PPS Data can give notice in either of two ways.  The first way is to give notice to the public in general.  PPS Data can do this by marking substantially all products it sold or licensed which included the patented invention, or by including on the labeling of substantially all products the word "patent" or the abbreviation "PAT" with the number of the patent.  PPS Data also may give notice by marking substantially all products with "Patent" or "Pat" and a free internet address where there is a posting that connects the product with the patent number.  As you heard during trial, PPS Data has licensed its patents to various companies who are called Licensees.  Licensees of the asserted patents who use the patented invention must also mark substantially all of their products that include the patented invention with the patent number. This type of notice to the public in general starts from the date PPS Data and its licensees began to mark substantially all of its products that use the invention with the patent numbers.  If PPS Data and its licensees did not mark substantially all of those products with the patent number, then PPS Data did not provide notice in this way.

A second way PPS Data can give notice of its patents is to directly notify Jack Henry with a specific claim that the accused products infringed the asserted patents.  This type of notice starts from the date Jack Henry received the notice.

It is PPS Data's burden to show by a preponderance of the evidence that it either gave constructive or actual notice to Jack Henry of its patent. If you find that PPS Data, before filing

this lawsuit, did not provide an effective public notice by properly marking its products, and did not properly provide direct notice to Jack Henry with a specific charge that the accused products infringed, then PPS Data can only recover damages for infringement that occurred after it sued Jack Henry. [JHA is mindful of the Court's instruction as to the issue of pre-suit damages, and includes this instruction on the basis that it seeks to preserve the record.]

**Authority**:  Based upon AIPLA Model Jury Instruction (10.2); *Maxwell v. J. Baker, Inc*., 86 F.3d 1098, 1111 (Fed. Cir. 1996); *Arctic Cat v. Bombardier Recreational Products, Inc.,* 876 F.3d 1366, 1369 (Fed. Cir. 2017).


*[JHA Alternate instruction on damages should the Court grant JHA MIL No. 5 (Dkt. 107).]*
If you find JHA has infringed the asserted claims and decide to award damages, PPS Data is only entitled to damages for infringement that occurred after January 10, 2018 (the date PPS Data sued Jack Henry) through April 28, 2020 (the date the asserted patents expire).  It is not entitled to any damages for infringement that occurred prior to the date PPS Data filed this lawsuit against Jack Henry. [JHA is mindful of the Court's instruction as to the issue of pre-suit damages, and includes this instruction on the basis that it seeks to preserve the record.]

[PPS Data objects to JHA's proposed instructions as contrary to the Court's rulings granting PPS Data's motion *in limine* on marking and pre-suit damages, and denying JHA's overlapping motion *in limine*.  *See* August 26, 2019 Pre-Trial Hearing Tr. at 63:11–65:8.].

**Reasonable royalty damages – definition.**

A reasonable royalty is the amount of money that someone pays a patent owner to be able to make, use, or sell the patented invention.  A reasonable royalty is the royalty that patent holder and the alleged infringer would have agreed to in a hypothetical negotiation at a time prior to

when infringement first began.  In considering this hypothetical negotiation, you should focus on what the expectations of the patent holder and the alleged infringer would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations.  In determining this, you must assume that both parties believed the patent was valid and infringed and that both parties were willing to enter into an agreement.  The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation, and not simply a royalty either party would have preferred.  Evidence of things that happened after the infringement first began can be considered in evaluating the reasonable royalty only to the extent that the evidence aids in assessing what royalty would have resulted from a hypothetical negotiation.  Although evidence of the actual profits an alleged infringer made may be used to determine the anticipated profits at the time of the hypothetical negotiation, the royalty may not be limited or increased based on the actual profits the alleged infringer made.

**Authority**:   Based upon Federal Circuit Bar Association Model Patent Jury Instructions (last updated July 2016) (Instr. B.6.6).

**[JHA's Proposal:  Applicable Royalty Base**

When the accused technology does not make up the whole of the accused product, apportionment is required.  The ultimate combination of a royalty base and a royalty rate must reflect the value attributable to the infringing features of the product, and no more.

Authority: *Finjan, Inc. v. Blue Coat Systems, Inc.*, 879 F.3d 1299, 1309 (Fed. Cir. 2018).]

[PPS Data objects to the JHA's proposed separate section on apportionment as irrelevant in this particular case, duplicative of the reasonably royalty damages instruction to the extent it is irrelevant at all, and serving only confuse to the jury.]

**Reasonable royalty damages – "hypothetical negotiation"**

One method for calculating a reasonable royalty is the royalty that would have resulted from a hypothetical license negotiation between PPS Data and Jack Henry. Of course, we know that they did not agree to a license and royalty payment. But, in order to decide on the amount of reasonable royalty damages, you should assume that the parties did negotiate a license just before the infringement began. This is why it is called a "hypothetical" license negotiation. You should assume that both parties to the hypothetical negotiation understood that the patent was valid and infringed and both were willing to enter into a license just before the infringement began. You should also presume that the parties had full knowledge of the facts and circumstances surrounding the infringement at the time of the hypothetical negotiation.

**<u>Reasonable royalty damages – relevant factors.</u>**

In determining the reasonable royalty, you should consider all the facts known and available to the parties at the time infringement began.  Some of the kinds of factors you may want to consider in determining a reasonable royalty are:

[JHA's Proposal:  (1) the value that the invention contributes to the accused products;

(2) the value that factors other than the invention contribute to the accused products; and

(3) comparable license agreements, such as those covering the use of the invention or similar technology.]

[PPS Data's Proposal:  (1) Whether being able to use the patented invention helps Jack Henry in making sales of other products and services.

(2)     The profitability of the infringing product made using the patent.

(3)     Whether or not the infringing product is commercially successful or popular.

(4)    What royalties Jack Henry and others paid for licensing patents comparable to the patent-in-suit.

(5)    The advantages and benefits of using the patented invention over products or processes not claimed in the patent.

(6)    The extent of Jack Henry's use of the patented invention and the value of that use to Jack Henry.

(7)    Whether PPS Data had an established royalty in licensing the invention to others; in the absence of such a licensing history, whether there were any royalty arrangements that were generally used in the industry at the time;

(8)    Whether PPS Data had a policy of licensing or not licensing the patent.

(9)    Whether or not PPS Data and Jack Henry are competitors.

(10)    The portion of the profit that is due to the patented invention as compared to the portion of the profit that is due to other factors, such as unpatented elements or unpatented manufacturing processes or features or improvements developed by Jack Henry.

(11)    Expert opinions as to what would be a reasonable royalty.

(12)    The amount that PPS Data and Jack Henry would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a reasonable person or company—who desired, as a business proposition, to obtain a license to make, sell, and promote the use of a particular product embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit, and which amount would

have been acceptable by a reasonable patent holder who was willing to grant a license.

(13)   Whether or not there is a percentage of the profit or selling price that is customarily paid in the particular business for the use of patent inventions comparable to the inventions claimed in the patent.]

No one factor is dispositive and you can and should consider the evidence that has been presented to you in this case on each of these factors.  You may also consider any other factors which in your mind would have increased or decreased the royalty that Jack Henry would have been willing to pay and that PPS Data would have been willing to accept, acting as normally prudent business people.

**Authority**:  JHA's instruction is Based upon Federal Circuit Bar Association Model Patent Jury Instructions (last updated July 2016) (Instr. B.6.7).  PPS Data's instruction is based upon Federal Circuit Bar Association Model Patent Jury Instruction (last updated July 2016) (Instr. B.6.7), and more particularly the Committee Comments and Authorities' complete list of *Georgia-Pacific* factors that the parties' experts have focused on.

## IV.    Closing Instructions

**Election of a foreperson.**

Jurors, it is time now for you to deliberate on your verdict. The first thing you should do when you retire to the jury room is to select a foreperson who will be responsible for communicating with the Court as needed.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 121-122, Filed 6/28/2012.

**Verdict – Unanimous – Duty to deliberate.**

You should then begin your deliberations. Your verdict on each issue must be unanimous. There will be a verdict form in the jury room waiting for you when you retire for your deliberations. You will note that the verdict form sets forth a series of questions to be

answered during the course of your deliberations in accordance with the jury instructions which I have just given you. When you reach a unanimous verdict as to each question on the verdict form, the foreperson is to fill in the answers on the verdict form.

Please make sure to read the questions carefully, and note that some of the questions may not require answers, depending on how you answer other questions.

Do not reveal your answers to any of the questions until you're discharged.  Also, you should not reveal your numerical division on any issue during the course of your deliberations, even to me.

When you return to announce your verdict, please bring the completed verdict form with you, the one with the questions answered.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, p. 122, Filed 6/28/2012.

## Outside communication.

During your deliberations you must not communicate with or provide any information to anyone other than your fellow jurors about this case by any means. This includes through use of any electronic device or media such as a smartphone (like an iPhone) or a computer, or by way of access to the internet or any internet service or text or instant messaging service, any internet chat room, blog or website such as Facebook, LinkedIn, Youtube or Twitter. In short, you may not provide information to anyone about the case or conduct any research about the matter until I accept your verdict.

Now, I expect that when you get to the jury room to begin your deliberations, you may feel a little overwhelmed. This has been a very complicated case, and there is a lot of evidence and argument to think about. But I think you will be pleasantly surprised that as you start working methodically through the case, things will begin to seem more manageable.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 122-123, Filed 6/28/2012.

**Jury's responsibility.**

It is important to add the caution that nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

I hope and expect that you will listen to one another's views respectfully, even if initially you disagree on some issues. Discussing the issues from different perspectives can often help in formulating your own ideas about how particular issues should be decided.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, p. 123, Filed 6/28/2012.

**Communications between Court and Jury During Deliberations.**

If you wish to see any of the exhibits, you are free to see them. All you need to do is have your foreperson sign a note asking for the exhibit and to provide that note to the court security officer who will be taking care of you during your deliberations. You can ask to see all the exhibits or you can just ask for some of them, if you like. Just let us know what you want, and we will get those exhibits for you.

If you have a question or otherwise want to communicate with me at any time, please follow the same procedure by providing a written message or question to the court security officer, who will then bring it to me. There should not be any direct communication between me and you the jury. You probably will not get a reply right away, as I usually need to summon all the lawyers and get their input before I can respond to the questions. That just means I usually

cannot get back to you right away, but we will do our best to get you an answer to your question as soon as we can.

You will note from the oath about to be taken by the court security officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case. Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**Authorities**: Based upon jury instruction from *Versata Software vs. Internet Brands, et al*, Case 2:08-CV-313, Dkt. 327, pp. 123-124, Filed 6/28/2012.

**PROPOSED VERDICT FORM**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form.  Your answer to each question must be unanimous. Some of the questions contain terms that are defined in detail in the Jury Instructions.  Please refer to the Jury Instructions if you are unsure about the meaning or usage of any term that appears in the questions below.

As used herein:

- "PPS Data" refers to Plaintiff, PPS Data, LLC.

- "Jack Henry" refers to Defendant, Jack Henry & Associates, Inc.

- The "'106 patent" refers to U.S. Patent No. 7,216,106

**QUESTION NO. 1:**

Did PPS Data prove by a preponderance of the evidence that JHA infringes **ANY** of the following claims of the '106 patent?  (For the jury instruction on infringement, see instruction numbers __ in part III of the instructions) [JHA Proposal: If you unanimously agree that PPS Data has proven infringement of any of the following claims by a preponderance of the evidence, check "Yes".  If not, check "No."]

**'106 Patent**

Claim 1 of the '106 Patent          Yes_____          No_____

Claim 2 of the '106 Patent          Yes_____          No_____

Claim 3 of the '106 Patent          Yes_____          No_____

Claim 4 of the '106 Patent          Yes_____          No_____

Claim 5 of the '106 Patent          Yes_____          No_____

Claim 6 of the '106 Patent          Yes_____          No_____

Claim 9 of the '106 Patent          Yes_____          No_____


**QUESTION NO. 2:**

Did JHA prove by clear and convincing evidence that any of the following claims of the '106 patent are invalid?  (For the jury instruction on validity, see instruction numbers __ in part III of the instructions.)  **If you find any claim invalid, then for each claim that you find invalid answer "YES."  Otherwise answer "NO".**

**'106 Patent**

Claim 1 of the '106 Patent          Yes_____          No_____

Claim 2 of the '106 Patent          Yes_____          No_____

Claim 3 of the '106 Patent        Yes____        No____

Claim 4 of the '106 Patent        Yes____        No____

Claim 5 of the '106 Patent        Yes____        No____

Claim 6 of the '106 Patent        Yes____        No____

Claim 9 of the '106 Patent        Yes____        No____


[*JHA's Proposed Question No. 3*]

**SECTION III—WELL-UNDERSTOOD, ROUTINE, AND CONVENTIONAL ACTIVITIES PREVIOUSLY KNOWN IN THE ART**

**QUESTION NO. 3:**

Has Jack Henry proven by clear and convincing evidence that any of the following claims of the '106 patent recite well-understood, routine, and conventional activities previously known in the art?  Answer "Yes" if you believe any of the below claims were routine and conventional as of April 28, 2000.  Answer "No" if you do not believe they were routine and conventional as of April 28, 2000.

**'106 Patent**

Claim 1 of the '106 Patent        Yes ____        No ____

Claim 2 of the '106 Patent        Yes ____        No ____

Claim 3 of the '106 Patent        Yes ____        No ____

Claim 4 of the '106 Patent        Yes ____        No ____

Claim 5 of the '106 Patent        Yes ____        No ____

Claim 6 of the '106 Patent        Yes ____        No ____

Claim 9 of the '106 Patent        Yes ____        No ____


[PPS Data objects to JHA's proposed Question No. 3 as unnecessarily confusing the issues and as mischaracterizing the law on Step Two of the Section 101 analysis.]

# IF YOU HAVE REACHED THIS POINT IN THE VERDICT FORM,

# YOU SHOULD HAVE NOW ANSWERED

# QUESTION NO. 1 AND QUESTION NO. 2.

# IF YOU HAVE NOT ANSWERED EACH OF QUESTIONS NOS. 1 AND 2

# GO BACK AND ANSWER THEM BEFORE PROCEEDING.

*PPS Data's Proposal*

If the answer to **EVERY** claim listed in Question No. 2 is **YES,** then do not answer any further questions, proceed to the last page, have your Jury Foreperson sign and date this Verdict Form, and then deliver it to the Court Security Officer.  You should not pay attention to any other instructions between this point and the signature page found at the end of this Verdict Form.

If the answer is **YES** as to **ANY** claim in Question No. 1, and the answer is **NO** to that same claim in Question No. 2, then PROCEED TO ANSWER THE FOLLOWING QUESTIONS.

*JHA's Proposal*

Review your answers for each claim listed in Question No. 1, Question No. 2, and Question No. 3.

If the answer is "**YES**" to any claim in Question No. 1 (meaning at least one claim is infringed), and the answer is "**NO**" to that same claim in Question Nos. 2 and 3, (meaning that same claim is not invalid), then **PROCEED TO SECTION III.**

**IF BOTH CONDITIONS ARE NOT MET FOR ANY CLAIM** then **PROCEED TO THE LAST PAGE**, have your Jury Foreperson sign and date this Verdict Form, and then

deliver it to the Court Security Officer.  You should not pay attention to any other instructions between this point and the signature page found at the end of this Verdict Form.

*PPS Data's Proposed Damages Question*

**QUESTION NO. 3**

What is the reasonable royalty that PPS Data is entitled to receive from JHA for JHA's infringement of the '106 Patent?  (For the jury instruction on reasonable royalty, see instruction number ___ in part III of the instructions.)

$_____

*JHA's Proposed Damage Question*

**QUESTION NO. 4**

What amount of damages has PPS Data proven by a preponderance of the evidence it is entitled to receive for Jack Henry's infringement?

$_____

*JHA's Alternate Proposed Damages Question.  JHA acknowledges the Court's pre-trial rulings on pre-suit damage.  To preserve the record, JHA requests the Court include the following damage instruction in lieu of JHA's Proposed Damage Question above.*

**SECTION IV—DAMAGES**

For the jury instruction on damages, see instruction numbers 15-18 in part III of the Jury Instructions.

**QUESTION NO. 4:**

Has PPS Data proven by a preponderance of the evidence that it provided notice to Jack Henry prior to filing the lawsuit to entitle it to pre-suit damages as explained in Instruction number 16? In answering this question, answer "**Yes**" if you believe PPS Data provided notice prior to the lawsuit or "**No**" if you do not believe PPS Data provided sufficient notice for each listed patent in the space provided.  If you answer "Yes," put down the date of notice.

The '106 Patent          Yes _____          No _____          Date of Notice _____

**QUESTION NO. 5:**

If you have found at least one claim of any Patents-in-Suit to be infringed (Section I) and not invalid (Section II), what sum of money, if paid today, has PPS Data proven by a preponderance

of the evidence would be adequate to compensate PPS Data for that infringement since the date(s) of notice?  **Answer in dollars and cents:**

$_____

## **FINAL PAGE OF JURY VERDICT FORM**

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your unanimous determinations.  After you are satisfied that your unanimous answers are correctly reflected above, your Jury Foreperson should then sign and date this Verdict Form in the space below.  Once that is done, notify the Court that you have reached a verdict.

Signed this ___ day of September 2019.


_____

JURY FOREPERSON

Dated: September 8, 2019

By: s/Anthony H. Son

Anthony H. Son
Matthew C. Ruedy (*pro hac vice*)
Kaveh Saba (*pro hac vice*)
Steven A. Maddox (*pro hac vice*)
Jeremy J. Edwards (*pro hac vice*)
MADDOX EDWARDS PLLC
1900 K Street NW, Suite 725
Washington, D.C. 20006
(202) 830-0707
ason@meiplaw.com
mruedy@meiplaw.com
ksaba@meiplaw.com
smaddox@meiplaw.com
jedwards@meiplaw.com

*Attorneys for Plaintiff*

Respectfully submitted,

By: /s/ Jay E. Heidrick

Jay E. Heidrick
Kansas Bar No. 20770
Missouri Bar No. 54699
jheidrick@polsinelli.com
POLSINELLI PC
900 W. 48th Place
Kansas City, MO 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1356

Jason A. Wietjes
Texas Bar No. 24042154
jwietjes@polsinelli.com
POLSINELLI PC
2950 N. Harwood St., Ste. 2100
Dallas, TX 75201
Telephone: (214) 661-5519
Facsimile: (214) 594-5540

Adam Daniels
California Bar No. 296466
adaniels@polsinelli.com
POLSINELLI LLC
2049 Century Park E., Ste. 2900
Los Angeles, CA 90067
Telephone: (310) 556-6754
Facsimile: (310) 556-1802

Randal S. Alexander
Illinois Bar No. 6298199
ralexander@polsinelli.com
POLSINELLI PC
150 N. Riverside Plaza, Ste. 3000
Chicago, Illinois 60606
Telephone: (312) 819-1900
Facsimile: (312) 819-1910

Jason D. Mazingo
Texas Bar No. 24055925
jason@mazingofirm.com
The Mazingo Firm, P.C.

102 N. College, Ste. 1033
Tyler, TX 75702
Telephone:  (903) 630 7123
Facsimile:  (903) 218-7849

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this response was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 8th day of September, 2019.

*/s/ Jay E. Heidrick*
Anthony H. Son